HOGAN LOVELLS US LLP
Patrick T. Michael (Bar No. 169745)
Helen Y. Trac (Bar No. 285824)
3 Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
patrick.michael@hoganlovells.com
helen.trac@hoganlovells.com

Christopher T. Pickens (*admitted pro hac vice*)
8350 Broad Street, 17th Floor
Tysons, VA 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
christopher.pickens@hoganlovells.com

Damon M. Lewis (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
damon.lewis@hoganlovells.com

Attorneys for Plaintiff
SYNOPSYS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REAL INTENT, INC., <br><br> Defendant. | Case No. 5:20-cv-02819-EJD <br><br> **SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** <br><br> **Courtroom 4, 5th Floor** <br> **Hon. Edward J. Davila** |

Case 5:20-cv-02819-EJD   Document 118   Filed 08/17/22   Page 2 of 15

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT in Courtroom 4 at the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, the Honorable Edward J. Davila presiding, Plaintiff Synopsys, Inc. ("Synopsys") will and hereby does move for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 16(b)(4).

This motion also will be based upon this Notice; the attached Memorandum of Points and Authorities; the complete files and records of these actions; and such other matters and arguments as may come before the Court, including those raised in connection with reply briefing and oral argument relating to this motion. Real Intent opposes this motion.

Dated: August 16, 2022

Respectfully submitted,

HOGAN LOVELLS US LLP

By: */s/ Patrick T. Michael*
    Patrick T. Michael
    Christopher T. Pickens
    Damon Lewis
    Helen Y. Trac

    Attorneys for Plaintiff
    SYNOPSYS, INC.

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 5 |
|  | A. Good Cause Exists to Modify the Scheduling Order to Permit Synopsys' Second Amended Complaint. | 5 |
|  | B. None of the Rule 15 Factors Weigh against the Proposed Amendment. | 6 |
|  |   1. There is No Prejudice to Real Intent, Much Less Substantial Prejudice. | 6 |
|  |   2. There is No Undue Delay. | 7 |
|  |   3. The Amendment is Sought in Good Faith. | 8 |
|  |   4. The Amendment is Not Futile. | 9 |
| V. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albers v. Yarbrough World Sols., LLC*,
 No. 5:19-CV-05896-EJD, 2020 WL 6064334 (N.D. Cal. Oct. 14, 2020) .................9

*Artemus v. Louie*,
 No. 16-cv-00626, 2017 WL 747368 (N.D. Cal. Feb. 27, 2017) .................7

*Avago Techs. Fiber IP (Singapore) PTE, Ltd. V. IPtronics, Inc.*,
 No. 5:10-cv-02863 EJD, 2012 WL 3835107 (N.D. Cal. Sept. 4, 2012) .................8

*DCD Programs, Ltd. v. Leighton*,
 833 F.2d 183 (9th Cir. 1987) .................6

*Eminence Cap., LLC v. Aspeon, Inc.*,
 316 F.3d 1048 (9th Cir. 2003) .................5

*Fry v. Aztec Doberman Pinscher Club of San Diego*,
 No. 11-CV-1329-BTM DHB, 2012 WL 3985987 (S.D. Cal. Sept. 11, 2012) .................7

*Grinder v. Experian Info. Sols., Inc.*,
 No. C 17-00343 WHA, 2017 WL 3478845 (N.D. Cal. Aug. 14, 2017) .................6

*Infectolab Americas LLC v. ArminLabs GmbH*,
 No. 20-CV-03318-VKD, 2021 WL 1561627 (N.D. Cal. Apr. 21, 2021) .................10

*In re Intuitive Surgical Sec. Litig.*,
 No. 5:13-CV-01920-EJD, 2017 WL 363269 (N.D. Cal. Jan. 25, 2017) .................6

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992) .................5

*JW Gaming Dev., LLC v. James*,
 No. 3:18-CV-02669-WHO, 2021 WL 1091520 (N.D. Cal. Jan. 14, 2021),
 *clarified on denial of reconsideration,* No. 3:18-CV-02669-WHO, 2021 WL
 1164763 (N.D. Cal. Mar. 26, 2021) .................8

*Lockheed Martin Corp. v. Network Sols., Inc.*,
 194 F.3d 980 (9th Cir. 1999) .................5

*MagTarget LLC v. Saldana*,
 No. 18-CV-03527-JST, 2019 WL 1904205 (N.D. Cal. Apr. 29, 2019) .................7

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
 No. 16-CV-01393-JST, 2017 WL 3149297 (N.D. Cal. July 25, 2017) .................. *passim.*

*Rao v. Apple Inc.*,
 No. 5:18-CV-02813-EJD, 2020 WL 3616317 (N.D. Cal. July 2, 2020) .................6

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Ross v. AT&T Mobility, LLC*,
  No. 19-CV-06669-JST, 2020 WL 9848733 (N.D. Cal. Dec. 18, 2020) .....................................7

*Woods v. Google LLC*,
  No. 11-CV-01263-EJD, 2018 WL 4030570 (N.D. Cal. Aug. 23, 2018) ...................................6

*Woodward v. Cnty. of San Diego*,
  No. 17-CV-2369 JLS (KSC), 2020 WL 1820265 (S.D. Cal. Apr. 10, 2020) ...........................8

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ...................................................................................................................4

Fed. R. Civ. P. 16(b)(4) ..................................................................................................................4

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

MTN FOR LEAVE TO AMEND FAC
CASE NO. 5:20-CV-02819-EJD

## I.  INTRODUCTION

Plaintiff Synopsys, Inc. ("Synopsys") seeks leave to amend its First Amended Complaint ("FAC") in light of documents and source code recently produced by Real Intent, Inc. ("Real Intent"). Synopsys learned from those productions that Real Intent's disregard for Synopsys' intellectual property rights extended beyond the copyright and patent infringement and license breaches alleged in the current complaint. Based on documents and source code recently produced, Synopsys learned that Real Intent also solicited licensed users of Synopsys' non-public, proprietary DesignWare simulation models to provide copies of those models to Real Intent, in violation of users' license agreements. After inducing breaches of the license agreements to obtain Synopsys' DesignWare models, Real Intent modified the models it received to create models they claimed are "equivalent" to Synopsys DesignWare Library components, removed Synopsys identifiers and notices from the code, and then marketed and distributed them as Real Intent's own intellectual property. Real Intent offered these knock-off models in an effort to, among other things, blunt the competitive advantage that Synopsys' VC Spyglass possessed from being able to ingest Synopsys' proprietary DesignWare Library components. In view of these discoveries, Synopsys seeks to add additional causes of action for (1) intentional interference with Synopsys' contractual relations; and (2) intentional interference with Synopsys' prospective economic advantage.

Good cause exists to permit the amendment. Synopsys has pursued amendment of its pleadings with diligence to warrant modification of the Court's Patent Scheduling Order under Rule 16 of the Federal Rules of Civil Procedure. Upon discovering facts suggesting Real Intent's improper acquisition and misuse of DesignWare simulation models, Synopsys promptly engaged in the investigation necessary to determine the viability of the proposed tort claims and sought to amend its complaint promptly after it was clear that viable causes of action existed. This process—which involved extensive document and source code review and was hampered by deficiencies Real Intent's productions—took just over four months in total.

Amendment also is proper under Rule 15 because Synopsys moves to amend (1) without undue prejudice to Real Intent, (2) without undue delay, (3) in a good-faith effort to address all claims between the parties in a single action, and (4) to assert a claim substantiated through

discovery.

Accordingly, Synopsys' motion for leave to amend should be granted.

## II.     BACKGROUND

Synopsys' proposed amendments to its First Amended Complaint ("FAC") are based on information and source code made available by Real Intent only recently, in April, May, and August 2022.

In February and April of 2022, Real Intent made a series of email productions for custodians and search terms agreed upon by the parties. Declaration of Attorney Helen Y. Trac ("Trac Decl.") ¶ 5. On or about March 28, 2022, Real Intent produced 264 emails to Synopsys' e-discovery platform. *Id.* ¶ 6. These emails had roughly 22,000 email attachments, which Real Intent made available on a source code review computer, purportedly because some of the attachments contained source code. *Id.* On March 29, Synopsys' technical expert attempted to review Real Intent's production. *Id.* ¶ 7. Upon accessing the source code computer, Synopsys' expert discovered that it was not equipped with a working email client or with the applications needed to view the vast majority of the files on the review computer. *Id.* Furthermore, Real Intent's production lacked basic information, including which attachments corresponded to which emails. *Id.*

Synopsys raised these issues with Real Intent, and Real Intent eventually agreed to reproduce the emails and attachments, such that non-source code files would be produced normally, and only true source code files would be made available on the source code computer. *Id.* ¶ 8. Real Intent provided the replacement production on or about April 12, 2022. *Id.* ¶ 9. The replacement production provided production numbers for each of the attachments, allowing Synopsys to correlate emails with their associated attachments. *Id.* As part of the replacement production, approximately 10,000 documents were made available only on the source code review computer, which made them harder and more time-consuming to review. *Id.*

Meanwhile, between February and May, counsel for Synopsys reviewed Real Intent's other email productions, which included over 50,000 documents. *Id.* ¶ 10. ████████████████
████████████████████████████████████████████████████████████████████████


1 ███████████████████████████████████████

2 ███████████████████████████████████████

3 ███████████████████████████████████████

4 ███████████████████████████████████████

5 ███████████████████████████████████████

6 ███████████████████████████████████████

7 ██████████████████████████████████████[1]

8 ████████████████████

9 ███████████████████████████████████████

10 ███████████████████████████████████████

in Real Intent's possession, Synopsys' technical expert reviewed Real Intent's production of source code for code related to DesignWare on May 25 and May 31. *Id.* ¶ 11. However, the expert's review could not be completed because over 200 of the source code files produced by Real Intent had been encrypted and were unreviewable. *Id.* Synopsys requested decrypted versions of these files on May 25 and reiterated its request on June 13, to no response. *Id.* ¶ 12.

Notwithstanding Real Intent's deficient production, Synopsys continued its review of the information available, *id.* at ¶ 13, and based on that information, Synopsys believed it had viable causes of action against Real Intent. On June 30, Synopsys notified Real Intent that it planned to seek leave to add claims for tortious interference with contract and tortious interference with business expectancy based on Real Intent's misconduct with respect to DesignWare simulation models. Dkt. No. 109 at 7.

On July 19, after two additional requests by Synopsys for the decrypted source code files, Real Intent notified Synopsys that, with the exception of six files, "unencrypted copies of all of the at issue files are presently available for review on the source code computer." Trac Decl. ¶ 14. With respect to the other six encrypted files, Real Intent stated that it "need[ed] to assess whether an encryption key for those still exists." *Id.*

---

[1] If future discovery reveals that Real Intent also gained access to the DesignWare Library components themselves, Synopsys reserves the right to amend and add any additional claims that may be appropriate.

Within 24 hours, Synopsys set a date for review and sent Real Intent a copy of its proposed Second Amended Complaint, noting that it planned to file shortly after that review was completed (subject to any needed revisions based on the source code review), and asked if Real Intent would consent to the filing of the Second Amended Complaint. Trac Decl. ¶ 15.

On July 27, Synopsys' expert arrived at the offices of Real Intent's counsel to review the decrypted files, but was unable to find them on the source code computer. Trac Decl. ¶ 16. On July 28, Synopsys asked Real Intent to confirm that the decrypted files had been made available on the source code computer and to identify where they were located. *Id*. After additional correspondence between the parties, it became clear that Real Intent had not added the decrypted files but had been referring to other files already on the source code computer. *Id.* Synopsys, again, requested that Real Intent to run a decryption on the files that had been loaded on the source code computer with encryption in place. *Id*.

On August 5, Real Intent notified Synopsys that it had been able to decrypt at least some of the files and would make them available for review. Trac Decl. ¶ 17. Synopsys then scheduled a review at the earliest possible date, August 15, and on August 12, Real Intent informed Synopsys that it had decrypted and made available over 200 of the encrypted files. *Id*. On August 15, Synopsys' expert reviewed the decrypted source code files, *id.* ¶ 17, and consistent with the parties' Joint Trial Setting Conference Statement (Dkt. No. 109), Synopsys now seeks leave to amend the complaint to add claims for tortious interference with contract and tortious interference with business expectancy. Real Intent opposes the motion and proposed Second Amended Complaint. Trac Decl. ¶ 18.[2]

**III.   LEGAL STANDARD**

Under the Court's Patent Scheduling Order, any amendment of pleadings sought after January 17, 2021 "must comply with Federal Rule of Civil Procedure 16." Dkt. No. 29 at 1. Rule 16, in turn, provides that a scheduling order may be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" has been interpreted to hinge on the moving

---

[2]   In addition to adding the two claims based on DesignWare simulation models, Synopsys also is removing in the Second Amended Complaint certain allegations concerning indirect copyright infringement. Real Intent stated it does not oppose the removal of these allegations.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

party's diligence, and accordingly, "the focus of [a Rule 16] inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 3149297, at *1 (N.D. Cal. July 25, 2017) (citation omitted).

If good cause exists to modify the scheduling order, Rule 15 provides that a court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The standard for amendment is intended to "to be applied with extreme liberality . . . in consideration of four factors: (1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (internal quotations and citation omitted). Of these factors, "the consideration of prejudice to the opposing party [carries] the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

## IV.   ARGUMENT

### A.   Good Cause Exists to Modify the Scheduling Order to Permit Synopsys' Second Amended Complaint.

It is well established that a court may modify a pretrial schedule to permit an amendment of pleadings if, despite diligence, the movant cannot not reasonably comply with an original scheduling order deadline. *Mammoth Recreations*, 975 F.2d at 609. In this instance, the evidence supporting Synopsys' proposed amendments was not provided until April, May, and August 2022—well after the expiration of the Court's deadline for amending pleadings, making compliance with the deadline impossible.

Moreover, Synopsys has pursued amendment of its pleadings with diligence. Synopsys' Second Amended Complaint is based on information and source code made available to Synopsys in April, May, and August 2022. From that time, Synopsys actively engaged in the investigation necessary to determine the viability of additional causes of action, and it notified Real Intent and

then sought to amend its complaint promptly when it was clear that viable causes of action existed. Permitting amendment of pleadings under such circumstances, based on information recently learned through discovery, is a "common and well established" practice. *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (plaintiffs established good cause where motion to amend complaint was filed "within weeks of the final document production and final deposition[s]); *see also Woods v. Google LLC*, No. 11-CV-01263-EJD, 2018 WL 4030570, at *8 (N.D. Cal. Aug. 23, 2018) (plaintiff acted diligently by moving for leave to amend within four months of defendant raising adequacy challenge).

### B. None of the Rule 15 Factors Weigh against the Proposed Amendment.

Leave to amend should be granted under Rule 15 because Synopsys moves to amend (1) without prejudice to Real Intent, (2) without undue delay, (3) in a good-faith effort to address all claims between the parties in a single action, and (4) to assert a claim substantiated through discovery.

#### 1. There Is No Prejudice to Real Intent, Much Less Substantial Prejudice.

Granting Synopsys leave to amend the complaint at this stage of litigation will not unduly prejudice Real Intent. "To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings, a showing of prejudice must be substantial." *Oracle*, 2017 WL 3149297, at *3. Such a showing is rarely established when, as is the case here, fact discovery is ongoing, dispositive motions have yet to be filed, trial is not imminent, and the new claim asserted diligently is based on recently discovered evidence. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (finding no unjust delay or resulting prejudice to the party opposing amendment where the "case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled"); *Grinder v. Experian Info. Sols., Inc.*, No. C 17-00343 WHA, 2017 WL 3478845, at *3 (N.D. Cal. Aug. 14, 2017) (finding no prejudice to the defendant where the plaintiff sought to add a new claim ten weeks before the discovery deadline and in advance of motions for summary judgment); *Rao v. Apple Inc.*, No. 5:18-CV-02813-EJD, 2020 WL 3616317, at *2 (N.D. Cal. July 2, 2020) (finding no prejudice where plaintiff sought to add two additional parties five months before the fact discovery deadline); *Ross v. AT&T Mobility, LLC*, No. 19-CV-06669-JST, 2020 WL

9848733, at *5 (N.D. Cal. Dec. 18, 2020) (finding that plaintiff's interest in pursuing new claims diligently uncovered in discovery outweighed any prejudice resulting from expansion of the case).

Nor are the two claims Synopsys seeks to add likely to materially change the parties' discovery burden. No depositions of Real Intent witnesses have been taken, and so no depositions would need to be re-taken. *See Fry v. Aztec Doberman Pinscher Club of San Diego*, No. 11-CV-1329-BTM DHB, 2012 WL 3985987, at *3 (S.D. Cal. Sept. 11, 2012) (finding no prejudice where the facts supporting the proposed new causes of action [could] be acquired through depositions). Moreover, a substantial volume of documents and information regarding Real Intent's improper conduct concerning DesignWare simulation models have already been produced, so any additional written discovery required by the new claims should be limited—likely to a few additional interrogatories and requests for production. *See Artemus v. Louie*, No. 16-cv-00626, 2017 WL 747368, at *4 (N.D. Cal. Feb. 27, 2017) (finding no prejudice where discovery taken to date "[would] be relevant to the new legal theories"). The mere prospect of some additional written or document discovery does not amount to undue prejudice. *MagTarget LLC v. Saldana*, No. 18-CV-03527-JST, 2019 WL 1904205, at *3 (N.D. Cal. Apr. 29, 2019) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice.").

Finally, Synopsys' new claims cannot come as a surprise to Real Intent, given that Real Intent was aware of its unlawful conduct and produced the information upon which the claims are based. *See Oracle*, 2017 WL 3149297 at *3 (plaintiff's proposed amended complaint, even if expanding the scope of discovery and of the case, did not unduly prejudice the defendant, in part because the new legal theories presented could have been anticipated).

**2.     There Is No Undue Delay.**

As explained above, Synopsys moves to amend its complaint as promptly as permitted by the circumstances. *See* Sections II, IV.A., *supra*. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This review was conducted until the middle of August—a process that was delayed for nearly three months by Real

Intent because hundreds of the files were encrypted during initial review sessions and were not made available until August 15. Nonetheless, Synopsys diligently pursued its investigation of potential claims with the information it had, notified Real Intent of its intent to amend even before that investigation was complete, and promptly filed this motion within days of Real Intent's most recent production of relevant source code. The entirety of the process took just over four months from Real Intent's first corrected document production, and Synopsys is filing the day after it was able to review the encrypted source code files it requested months earlier—these periods are equal to, or shorter than, those found reasonable for amendment of pleadings. *See Oracle*, 2017 WL 3149297, at *4 (finding no undue delay where plaintiff amended its complaint more than six months after an order to perfect a claim because it was waiting to determine whether discovery would reveal further issues requiring amendment); *Avago Techs. Fiber IP (Singapore) PTE, Ltd. v. IPtronics, Inc.*, No. 5:10-cv-02863 EJD, 2012 WL 3835107, at *4 (N.D. Cal. Sept. 4, 2012) (finding no undue delay where plaintiff moved to amend its complaint within three months of learning facts supporting new tort claims).

### 3. The Amendment Is Sought in Good Faith.

Synopsys' motion is made in a good faith effort to conform the pleadings to new evidence, and in doing so, ensure that all aspects of the parties' dispute are addressed in a single action. *See JW Gaming Dev., LLC v. James*, No. 3:18-CV-02669-WHO, 2021 WL 1091520, at *7 (N.D. Cal. Jan. 14, 2021), *clarified on denial of reconsideration,* No. 3:18-CV-02669-WHO, 2021 WL 1164763 (N.D. Cal. Mar. 26, 2021) (recognizing good-faith discovery of new evidence is a legitimate basis for an amendment); *Woodward v. Cnty. of San Diego*, No. 17-CV-2369 JLS (KSC), 2020 WL 1820265, at *5 (S.D. Cal. Apr. 10, 2020) (same). Discovery into Real Intent's misuse of Synopsys' intellectual property has revealed that, in addition to copyright infringement, patent infringement, and breach of multiple license agreements, Real Intent's disregard for Synopsys' rights and intellectual property manifested itself in yet another way: Real Intent solicited copies of DesignWare simulation models from licensed users of Synopsys' Design Compiler, in breach of their license agreements, for its improper use. It would be wildly inefficient to force Synopsys to file a new lawsuit to assert these claims for tortious interference, which have been revealed by

discovery in this case.

Real Intent cannot credibly argue the amendment is made in bad faith. Bad faith exists where a party's request for amendment evinces a dilatory motive or an interest in gamesmanship. *See Albers v. Yarbrough World Sols., LLC*, No. 5:19-CV-05896-EJD, 2020 WL 6064334, at *10 (N.D. Cal. Oct. 14, 2020) (bad faith exists where "the proposed amendment will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories" (citation and internal quotations omitted)). Here, Synopsys is not seeking amendment to delay the case; it is seeking amendment promptly after the relevant information was produced by Real Intent and in an effort to adjudicate the parties' disputes in one proceeding—in service of judicial economy, not gamesmanship.

### 4. The Amendment Is Not Futile.

Finally, Synopsys' proposed amendments to its complaint are not futile; they are factually supported and legally sound, and they should be allowed. While a court may reject an amendment containing futile claims, the standard for futility is met only if "no set of facts can be proved under the [amendment] that would constitute a valid and sufficient claim or defense." *Albers*, 2020 WL 6064334, at *10 (citation omitted). Even amendments containing curable deficiencies should be accepted. *Id.*

Here, Synopsys has plausibly alleged that Real Intent knowingly interfered with Synopsys' contracts with Design Compiler customers, causing damage to Synopsys' business, by inducing those users to provide Real Intent with DesignWare simulation models in violation of their license agreements. SAC ¶¶ 109-114. Synopsys has also plausibly alleged that Real Intent knowingly interfered Synopsys' economic relationships with, among others, Design Compiler customers, causing damage to Synopsys' business, by obtaining unlicensed access to DesignWare simulation models, removing Synopsys identifiers from their code, modifying the models to create components they claim to be "equivalent" to DesignWare Library components, and then marketing and distributing them as Real Intent's own IP to potential customers as a purported replacement for DesignWare Library components. *Id.* ¶¶ 115-120. Finally, Synopsys has plausibly alleged that

Real Intent took these actions to, among other things, divert sales from Synopsys' SpyGlass tool. *Id.* ¶¶ 112, 118. These allegations are sufficient to establish tort claims for intentional interference with contractual relations and prospective business advantage under California law. *See Infectolab Americas LLC v. ArminLabs GmbH*, No. 20-CV-03318-VKD, 2021 WL 1561627, at *4 (N.D. Cal. Apr. 21, 2021) (reciting the elements of each cause of action). So amendment is not futile.

## V.      CONCLUSION

For the foregoing reasons, Synopsys' motion for leave to amend should be granted.

Dated: August 16, 2022

Respectfully submitted,

HOGAN LOVELLS US LLP

By: */s/ Patrick T. Michael*
    Patrick T. Michael
    Christopher T. Pickens
    Damon Lewis
    Helen Y. Trac

    Attorneys for Plaintiff
    SYNOPSYS, INC.