UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>REAL INTENT, INC.,<br><br>    Defendant. | Case No.  5:20-cv-02819-EJD<br><br>**ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 118, 130 |

Plaintiff Synopsys, Inc. ("Synopsys") moves for leave to amend the First Amended Complaint.  Dkt. No. 118.  Specifically, Synopsys seeks leave to add claims for intentional interference with contractual relations and intentional interference with Synopsys' prospective economic advantage based on Synopsys' "DesignWare" product (hereinafter "DesignWare" claims").  Dkt. No. 118.[1]  The motion is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons discussed below, the motion is granted.[2]

## I.   BACKGROUND

Before suit, Synopsys and Real Intent had a "a nearly decades long, mutually beneficial relationship to develop interoperable software that customers of both companies can use to solve problems encountered while designing complex integrated circuits."  Answer, Dkt. No. 19, at 2.

---

[1] In addition to adding the two claims, Synopsys intends to remove allegations concerning indirect copyright infringement.  Mot. at 4 n.2.  Defendant Real Intent, Inc. ("Real Intent") does not oppose the removal of these allegations.  Opp'n at 2 n.2.

[2] Real Intent's motion for leave to file a sur-reply, Dkt. No. 130, is denied.  Contrary to Real Intent's assertions, Synopsys did not improperly raise new arguments in its Reply.  Rather, each of the arguments and authorities in the Reply are responses to Real Intent's Opposition.
Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

1

"As part of that relationship, both companies 'entered into a series of partnership and marketing agreements . . . to foster increased compatibility between some of the companies' software products in an effort to make it easier for customers to use each company's products for different stages of the chip design process.'" Opp'n at 3 (quoting Answer at 1). Under these agreements, Synopsys granted Real Intent a license to use certain Synopsys software products ("SLA"). *Id*.

Synopsys initiated this suit on April 23, 2020. asserting claims for breach of the SLA audit provision, breach of the implied covenant of good faith and fair dealing, copyright infringement, and infringement of U.S. Patent No. 9,721,057. Dkt. No. 1. On April 19, 2021, the Court approved the parties' stipulation to narrow the scope of the case. Dkt. No. 65. Among other things, Synopsys agreed to dismiss with prejudice its claim for breach of the audit provision. *Id*.

The parties have been engaging in discovery for the past two years, including initial disclosures, requests for production of documents, interrogatories, depositions, and third party discovery. On or about March 28, 2022, Real Intent produced 264 emails to Synopsys' e-discovery platform. Decl. of Attorney Helen Y. Trac ("Trac Decl.") ¶ 5. These emails had approximately 22,000 email attachments, which Real Intent made available on a source code review computer. *Id*. ¶ 6. On March 29, 2022, Synopsys' technical expert attempted to review Real Intent's production but was unable to do so. *Id*. ¶ 7. After meeting and conferring, Real Intent eventually agreed to reproduce the emails and attachments. *Id*. ¶ 8. On or about April 12, 2022, Real Intent provided the replacement production, which enabled Synopsys to correlate emails with their associated attachments. *Id*. ¶ 9.

Between February and May 2022, Synopsys also reviewed Real Intent's other email productions, which included over 50,000 documents. *Id*. ¶ 10. On May 25 and 31, 2022, Synopsys' technical expert attempted to review Real Intent's production of source code for code related to DesignWare, but was unable to do so because over 200 of the source code files were encrypted. *Id*. ¶ 11. Synopsys requested decrypted versions of the files on May 25, 2022, and reiterated its request on June 13, 2022, to no avail. *Id*. ¶ 12. Synopsys continued its review and on

Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

2

July 1, 2022, notified Real Intent that it planned to seek leave to add the two claims that are the subject of the instant motion. Joint Trial Setting Conference Statement, Dkt. No. 109, at 7 ("Synopsys anticipates a motion to amend its complaint to include allegations pertaining to Real Intent's improper solicitation and misuse of Synopsys' proprietary DesignWare library models.").

On July 19, 2022, Real Intent notified Synopsys that, with the exception of six files, "unencrypted copies of all of the at issue files are presently available for review on the source code computer." Trac Decl. ¶ 14. Within 24 hours, Synopsys set a date for review of the unencrypted files and sent Real Intent a copy of the proposed Second Amended Complaint. *Id*. ¶ 15. Synopsys told Real Intent that it planned to file the proposed Second Amended Complaint "shortly after that review was completed (subject to any needed revisions based on the source code review). . . ." *Id*.

On July 27, 2022, Synopsys' expert arrived at the offices of Real Intent's counsel to review the unencrypted copies, but was unable to do so. *Id*. ¶ 16. On August 5, 2022, Real Intent notified Synopsys that it had been able to decrypt at least some of the files and would make them available for review. *Id*. ¶ 17. On August 12, 2022, Real Intent informed Synopsys that it had decrypted and made available over 200 of the encrypted files. *Id*. Synopsys scheduled a review of the files at the earliest possible date, August 15, 2022. *Id*. Synopsys' expert reviewed the unencrypted files as scheduled, and on August 17, 2022, Synopsys filed the instant motion.

## II.   STANDARDS

The deadline for amending the complaint was January 17, 2021. Patent Scheduling Order, Dkt. No. 29, at 1. Therefore, the instant motion must meet the "good cause" standard of Federal Rule of Civil Procedure 16. *Id*.; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) ("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that a schedule may be modified only

Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

3

for good cause and with the judge's consent, rather than the liberal standard of Federal Rule of Civil Procedure 15(a).").

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id*. "Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Federal Rule of Civil Procedure 15." *Ammons v. Diversified Adjustment Serv., Inc.*, 2019 WL 2303831, at *2 (C.D. Cal. May 30, 2019).

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading by leave of court and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit applies this rule "with extreme liberality." *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality' "). Under this liberal standard for granting leave to amend, the Ninth Circuit instructs courts to grant leave unless the amendment: "(1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, and (4) or is futile." *Doe I v. Cisco Sys., Inc.*, 2013 WL 527293, at *1 (N.D. Cal. Sept. 18, 2013) (citing *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1153 (9th Cir. 2011)); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that "this determination should be performed with all inferences in favor of granting the motion"). These factors are not weighed evenly. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052. Of the four factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. The non-movant bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187.

### III. DISCUSSION

Real Intent opposes the motion to amend, asserting that the proposed claims are untimely,

Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

4

1 futile, and substantially prejudicial.

### A. Good Cause

Real Intent argues that Synopsys should have filed the motion to amend sooner because the emails and attached source code that supply the predicate for the DesignWare claims were produced in the February – April 2022 time frame. However, as Synopsys points out, Real Intent did not make the decrypted source code available until August of 2022. It was reasonable for Synopsys to complete its review of the source code in order to understand which Design Ware files were in Real Intent's possession before seeking leave to amend the First Amended Complaint. Synopsys' expert reviewed the source code files on August 15, 2022, and Synopsys filed the instant motion on August 17, 2022. The Court finds that Synopsys has been reasonably diligent, and therefore Rule 16 is satisfied.

### B. Futility

Real Intent next contends that the two state law claims are futile for lack of subject matter jurisdiction and because Synopsys fails to allege sufficient facts to support the claims.

#### 1. Subject Matter Jurisdiction

Title 28 United States Code §1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

The Court concludes that there is supplemental jurisdiction over the proposed claims pursuant to 28 U.S.C. section 1367 based on Synopsys' representation that the DesignWare claims parallel, and overlap with, at least the copyright claim. Reply at 5. The proposed Second Amended Complaint ("SAC") alleges that the DesignWare material is distributed to licensees of

Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

5

1    Synopsys' Design Compiler product.  The Design Compiler product is already at issue in the

2    copyright claim.  The proposed SAC alleges that Real Intent improperly acquired and misused

3    DesignWare to increase sales of its Meridian, Verix, and Ascent products.  These products are

4    already at issue in the patent and copyright claims.  The proposed SAC further alleges that Real

5    Intent engaged in the aforementioned conduct as a means to improperly compete with, at least,

6    Synopsys' SpyGlass products.  The SpyGlass products are already at issue in the copyright claim.

7    In short, the proposed DesignWare claims involve the same parties, two Synopsys products

8    already at issue, and three Real Intent products already at issue.  Synopsys' allegations are

9    sufficient to establish that the proposed state law claims arise from a common nucleus of operative

10   facts such that Synopsys' state and federal claims would normally be tried together.  *See*, *e.g.*,

11   *LiveOps, Inc. v. Teleo, Inc.*, 2006 WL 83058, at *3 (N.D. Cal. Jan. 9, 2006) (finding supplemental

12   jurisdiction over state law unfair competition claim based on copyright infringement claim

13   alleging defendants incorporated copyrighted materials into their products and services); *Cinebase*

14   *Software, Inc. v. Media Guar. Tr., Inc.*, 1998 WL 661465, at *8 (N.D. Cal. Sept. 22, 1998)

15   (finding supplemental jurisdiction over state law claims for breach of confidence, breach of

16   implied-in-fact contract, and trade secret misappropriation, based on copyright infringement claim

17   alleging defendants misused copyrighted works to develop their own product and compete for

18   customers); *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 2014 WL 1153780, at *6 (March 20, 2014)

19   (exercising jurisdiction over state law claims for unfair competition and unjust enrichment

20   challenging sales of counterfeit Angry Bird toys based on copyright and trademark claims alleging

21   infringement of Angry Birds characters).

22        The cases relied on by Real Intent do not support finding a lack of supplemental

23   jurisdiction.  Two of the cases involved state law claims against different entities.  *See Maranon v.*

24   *Santa Clara Stadium Auth.*, No. 15-CV-04709-BLF, 2017 WL 4573370, at *1 (N.D. Cal. Oct. 13,

25   2017) (finding no supplemental jurisdiction over claims against medical providers where original

26   federal and state claims for violation of access standards were asserted against "Stadium

27   Case No.: 5:20-cv-02819-EJD
28   ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

6

Defendants"); *Patent Category Corp. v. Time To Play Corp. Hong Kong*, 2008 WL 11338801, at *1 (C.D. Cal. Mar. 5, 2008) (in a patent infringement action, finding no supplemental jurisdiction over defendants' counterclaims against third-parties). In other cases, the plaintiff's state law claims were so unrelated that they did not form part of the same case or controversy as the federal claims. *See*, *e.g.*, *Eastman v. Apple Inc.*, 2018 WL 5982440, at *4 (N.D. Cal. Nov 14, 2018) (in a patent infringement suit, finding no supplemental jurisdiction over plaintiff's termination-related state law claims because their "factual issues" were "distinct" from the facts underlying the patent claim); *Slack v. Int'l Union of Operating Engineers*, 2014 WL 4090383, at *10 (N.D. Cal. Aug. 19, 2014) (in suit alleging ERISA and RICO violations, finding no supplemental jurisdiction over state law claims involving a separate fund and based on different facts); *Does 1-4 v. Arnett*, 2012 WL 3150934, at *2 (C.D. Cal. Aug. 1, 2012) (finding that state law defamation claims and copyright claims were not bound by a common nucleus of operative fact, but instead involved entirely different aspects of the plaintiffs' website content); *Coelho v. MRC II Distrib. Co., L.P.*, 2012 WL 424387, at *3 (C.D. Cal. Feb. 8, 2012) (finding no common nucleus of operative fact between the copyright validity claim and the six contract claims). Real Intent also relies on *Ariba, Inc. v. Coupa Software Inc.*, 2014 WL 1466860 (N.D. Cal. Apr. 15, 2014), but the case is distinguishable. In *Ariba*, the plaintiff brought a patent infringement claim and later sought leave to add state law claims for misappropriation of trade secrets and breach of employment contract. *Id*. at *1. The *Ariba* court concluded that there was no supplemental jurisdiction over the state law claims because they "related to various products, features, and intellectual property not at issue in the patent case and require unrelated damage and liability theories." *Id*. at *3. Unlike in *Ariba*, Synopsys' DesignWare state law claims relate to products and intellectual property already at issue in the federal claims. Further, Synopsys asserts that "the DesignWare claims and the copyright/patent claims share common issues relating to Real Intent's access to Design Compiler, and the sales and competition between Real Intent's Ascent, Meridian, and Verix products, on one hand, and Synopsys' Spyglass products on the other." Reply at 5. At the pleading stage, the

Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

7

Court concludes that there is supplemental jurisdiction over the proposed state claims.[3]

Real Intent next asserts that the Court should decline to exercise supplemental jurisdiction because the DesignWare claims "substantially predominate" over Synopsys' existing patent and copyright claims. However, it is not apparent from the pleadings that this is accurate. If later developments reveal that the DesignWare claims "substantially predominate" over the federal claims, then the Court may decline jurisdiction at that point.

### 2. Sufficiency of Factual Allegations

Real Intent argues that Synopsys' intentional interference with contractual relations claim is inadequately pleaded because Synopsys (1) does not name the third party with whom it has contracted; (2) does not quote verbatim the relevant provisions of the contract; and (3) does not adequately plead Real Intent's knowledge of those contracts. Similarly, Real Intent argues that Synopsys' proposed intentional interference with prospective economic relations claim is inadequately pleaded because (1) Synopsys does not name the third party whose relationship was interfered with; (2) does not allege "independently wrongful" conduct; and (3) does not allege how Real Intent disrupted such relationships.

"Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citing Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial at 8:422 (The Rutter Group, 2002)). Furthermore, even if there are pleading deficiencies, "leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (quoting *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789–90 (9th Cir. 1963)). Real Intent has not shown that the proposed claims are deficient, much less that they cannot be cured by amendment.

---

[3] Because there exists supplemental jurisdiction under section 1367, it is unnecessary for the Court to consider whether 28 U.S.C. section 1338 provides an alternative basis for supplemental jurisdiction.

Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

8

### C. Prejudice

Real Intent contends that allowing the DesignWare claims will cause substantial prejudice because it will be "forced to restart discovery to develop defenses" after already engaging in substantial discovery. Opp'n at 2. The Court recognizes that the parties have taken significant discovery. However, as Synopsys points out, discovery is ongoing and a discovery cutoff has not been set. Further, the Court does not anticipate that the DesignWare claims will require expansive additional discovery. Real Intent has already produced the emails and source code that form the basis of the DesignWare claims, and evidence of contractual relations and prospective economic relations is likely to be within Real Intent's and Synopsys' possession. Moreover, any delay in the case caused by the addition of the DesignWare claims is due, at least in part, to Real Intent's delay in producing unencrypted source code.

### D. Bad Faith

Real Intent contends that Synopsys' bad faith can be inferred from the delay in seeking amendment. As discussed previously, Synopsys did not unduly delay seeking leave to amend. Therefore, the Court finds no evidence of bad faith.

## IV. CONCLUSION

For the reasons stated above, Synopsys' motion for leave to amend is GRANTED. Synopsys shall file its amended complaint, attached as Exhibit 1 to the Declaration of Helen Trac, within ten days of this Order.

**IT IS SO ORDERED.**

Dated: October 25, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02819-EJD
ORDER GRANTING SYNOPSYS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT
9