KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
REID MULLEN - # 270671
rmullen@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
CODY GRAY - # 310525
cgray@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
BILAL MALIK - # 318767
bmalik@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

Attorneys for Defendant
REAL INTENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REAL INTENT, INC., <br><br> Defendant. | Case No. 5:20-cv-02819-EJD <br><br> **ANSWER TO SECOND AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge:     Hon. Edward J. Davila <br><br> Date Filed: April 23, 2020 <br><br> Trial Date: None set |

1  Defendant Real Intent, Inc. ("Real Intent") hereby responds to the Second Amended
2  Complaint filed by Plaintiff Synopsys, Inc. ("Synopsys") as follows:
3  Real Intent and Synopsys have been engaged in a nearly decades-long, mutually beneficial
4  relationship to develop interoperable software that customers of both companies can use to solve
5  problems encountered while designing complex integrated circuits, like systems on a chip (SoCs).
6  To further this relationship, Real Intent and Synopsys entered into a series of partnership and
7  marketing agreements, starting in 2012 and lasting through 2019, to foster increased compatibility
8  between some of the companies' software products in an effort to make it easier for customers to
9  use each company's products for different stages of the chip design process.  For many years,
10 Synopsys itself was a customer of Real Intent's Meridian CDC product, receiving training
11 materials and individualized support for any technological problems Synopsys encountered when
12 using Meridian CDC.
13 Yet during that entire period, Synopsys never complained about the conduct Synopsys
14 complains of now, and for good reason:  the interoperability that the parties worked on for those
15 many years requires Real Intent's tools to include certain commands that Synopsys makes
16 available for its customers.  Synopsys sat by silently while Real Intent invested substantial time
17 and resources improving its products to seamlessly interoperate with Synopsys' own products, as
18 the parties' contracts contemplated.
19 This litigation instead is about Synopsys' change of corporate strategy.  Recognizing Real
20 Intent's success in a space in which Synopsys had no viable product, Synopsys acquired Atrenta,
21 a company with a product that directly competes with Real Intent's own Meridian CDC product.
22 Only then did Synopsys take the position that it had the unilateral right to attempt to erase years
23 of Real Intent's interoperability development, all so that Synopsys could justify the price it paid
24 for Atrenta.
25 Now, two years after searching for a viable claim against Real Intent in light of
26 acknowledged weaknesses to its copyright, patent, and contract claims, Synopsys seeks to shift
27 the course of this litigation by adding two unrelated state-law tort claims based on a Synopsys
28 product called "DesignWare," which product has nothing to do with the products involved in

Synopsys' contract, patent, and copyright claims.

## NATURE OF THE ACTION

1. Real Intent admits that Synopsys is a company involved in the electronic design automation ("EDA") industry. Real Intent admits that Synopsys sells and licenses products and services that enable customers to create, model and verify complex integrated circuit designs. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and therefore denies them.

2. Real Intent admits that Synopsys has a product called Design Compiler. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. Real Intent admits that Synopsys has a set of files that it collectively refers to as its DesignWare Library. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. Real Intent admits that Synopsys has a product family called SpyGlass. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. Real Intent admits that Synopsys has integrated circuit compiler products referred to as IC Compiler and IC Compiler II. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. Real Intent admits that Synopsys has a product called PrimeTime. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. Real Intent admits that it describes itself as a leading provider of EDA software that provides tools for clock and reset domain crossing verification, advanced RTL analysis and sign-off. Real Intent denies any remaining allegations in paragraph 7.

8. Real Intent admits that it entered into various agreements with Synopsys, including agreements that granted licenses to Real Intent for certain Synopsys products and design techniques. Those documents speak for themselves. And because Synopsys failed to append the

agreements that form the basis of its allegations, Real Intent lacks information sufficient to admit or deny the remaining allegations of paragraph 8, and on that basis denies them.

## THE PARTIES

9. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. Real Intent admits that it is a corporation organized under California law with its principal place of business in Santa Clara County at 932 Hamlin Court, Sunnyvale, California 94089. Real Intent also admits that it has a subsidiary with offices in Japan. Real Intent denies the remaining allegations of paragraph 10.

## JURISDICTION AND VENUE

11. Real Intent admits that 28 U.S.C. §§ 1331 and 1338 confer jurisdiction upon this Court as to claims arising under the copyright and patent laws. Real Intent denies any remaining allegations of paragraph 11.

12. Real Intent admits that 28 U.S.C. § 1367 confers jurisdiction upon this Court as to any claims that form part of the same case or controversy and derive from a common nucleus of operative fact as any claims arising under the laws of the United States. Real Intent denies any remaining allegations of paragraph 12.

13. Real Intent admits that this Court has personal jurisdiction over it. Real Intent admits that it conducts business within the State of California and within the Northern District of California. Real Intent denies any remaining allegations of paragraph 13.

14. Real Intent admits that venue is proper in the Northern District of California. Real Intent denies any remaining allegations of paragraph 14.

## FACTUAL BACKGROUND

**Synopsys' Intellectual Property**

15. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. Real Intent admits that what appear to be copies of certificates of registration numbers TX 2-616-958, TX 8-861-313, TX 8-863-011, TX 8-863-045, TX 8-863-868, and TX 8-863-872 issued by the U.S. Copyright Office are attached to Synopsys's Second Amended Complaint as Exhibits 1–6.  Real Intent is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 25, and therefore denies them.

26. Real Intent admits that what appear to be copies of certificates of registration numbers TX 8-426-385, TX 8-426-420, TX 8-426-612, TX 8-426-814, TX 8-426-822, and TX 8-862-510 issued by the U.S. Copyright Office are attached to Synopsys's Second Amended Complaint as Exhibits 7–12.  Real Intent is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 26, and therefore denies them.

27. Real Intent admits that what appear to be copies of certificates of registration numbers TX 6-539-658, TX 6-539-659, TX 6-539-660, TX 6-539-661, TX 6-539-662, and TX 8-

861-114 issued by the U.S. Copyright Office are attached to Synopsys's Second Amended Complaint as Exhibits 13–18.  Real Intent is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 27, and therefore denies them.

28. Real Intent admits that what appear to be copies of certificates of registration numbers TX 8-957-319 and TX 8-956-844 issued by the U.S. Copyright Office are attached to Synopsys's Second Amended Complaint as Exhibits 20–21.  Real Intent is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 28, and therefore denies them.

29. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. Real Intent admits that U.S. Patent No. 9,721,057 ("the '057 Patent"), on its face, is entitled "System and Method for Netlist Clock Domain Crossing Verification" and bears an issuance date of August 1, 2017.  Real Intent further admits that what appears to be a copy of the '057 Patent is attached to Synopsys's Second Amended Complaint as Exhibit 19.  Real Intent is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 30, and therefore denies them.

31. Real Intent admits that Synopsys has a set of files that it collectively refers to as its DesignWare Library.  Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies them.

34. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

**Real Intent's Access to Synopsys' Software and Other Proprietary Information**

35. Real Intent admits that on March 26, 2015, Synopsys and Real Intent entered into in-Sync License and Cooperative Agreement No. ILC-70010729-002 ("2015 in-Sync

1  Agreement"). Under the 2015 in-Sync Agreement, Synopsys granted a license to Real Intent to use Synopsys' HDL Compiler, VHDL Compiler, Design Vision, and VCSMXi products for the stated objectives of "creat[ing] interoperable solutions between [Real Intent]'s commercially available design tools, libraries and other products, and Synopsys' design environment, and to promote customer recognition of the benefits of interoperability between the Synopsys Licensed Products and [Real Intent] Licensed Products by mutual exchange of product licenses and the parties working together cooperatively in the areas of technical and market development." Real Intent denies any remaining allegations of paragraph 35.

36. Real Intent denies the allegations of paragraph 36.

37. Real Intent admits that the 2015 in-Sync Agreement contained a provision entitled "License Restrictions," which stated that "the scope of the licenses granted hereunder do not permit in-Sync Member" to "(i) decompile, disassemble, reverse engineer or attempt to reconstruct, identify or discover any source code, underlying ideas, underlying user interface techniques, or algorithms of the Synopsys Licensed Product by any means whatever, or disclose any of the foregoing; . . . (iii) modify, incorporate into or with other software, or create a derivative work of any part of the Synopsys Licensed Product; . . . or (v) use the Synopsys Licensed Product in any manner other than for the sole purpose of developing, testing, supporting and maintaining the interoperability between the Synopsys Licensed Product and the in-Sync Member Licensed Product." Real Intent denies the remaining allegations of paragraph 37.

38. Real Intent admits that the 2015 in-Sync Agreement contained a confidentiality provision which stated that "[e]ach party will protect the other party's Confidential Information from unauthorized dissemination and use with the same degree of care that each such party uses to protect its own information, but in no event less than reasonable care. Neither party will use the other party's Confidential Information for purposes other than those necessary to directly further the purposes of this Agreement. Neither party will disclose to third parties the other party's Confidential Information without the prior written consent of the other party. Where deemed appropriate by Synopsys, additional safeguards may be required as described in Exhibit F of this agreement." Real Intent denies the remaining allegations of paragraph 38.

39. Real Intent admits the allegations of paragraph 39.

40. Real Intent admits that on March 10, 2016, Synopsys and Real Intent entered into in-Sync License and Cooperative Agreement No. ILC-70010729-003 ("2016 in-Sync Agreement"), which renewed the 2015 in-Sync Agreement.  Real Intent admits that the 2016 in-Sync Agreement listed the same "Synopsys Licensed Products" as the 2015 in-Sync Agreement, as amended, contained the same confidentiality provision(s), and contained the same provision(s) relating to the scope of the licenses.  Real Intent denies the remaining allegations of paragraph 40.

41. Real Intent admits that on April 5, 2017, Synopsys and Real Intent entered into the Synopsys Loan Agreement, No. SLNA-70010729 (the "SLA").  Real Intent also admits that under the SLA, Real Intent received a license to use Synopsys' HDL Compiler, VHDL Compiler, Design Vision, and Library Compiler products.  Real Intent further admits that a stated purpose for the license to the Synopsys products was for "developing, testing, supporting and maintaining an interface between the Licensed Products and Licensee's products."  Real Intent denies the remaining allegations of paragraph 41.

42. Real Intent admits that Schedule No. 1 to the SLA does not list Design Compiler, PrimeTime, IC Compiler, or SpyGlass as the "Licensed Products."  Real Intent is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 42, and therefore denies them.

43. Real Intent admits that the SLA contained a paragraph entitled, "License Restrictions," which stated that "Licensee acknowledges that the scope of the licenses granted hereunder do not permit Licensee (and Licensee shall not allow any third party) to: (i) decompile, disassemble, reverse engineer or attempt to reconstruct, identify or discover any source code, underlying ideas, underlying user interface techniques or algorithms of the Licensed Product by any means whatever, or disclose any of the foregoing; . . . (iii) modify, incorporate into or with other software, or create a derivative work of any part of the Licensed Product; . . . [or] (vi) use the Licensed Product to develop or enhance any product that competes with a Licensed Product . . . . "  Real Intent denies the remaining allegations of paragraph 43.

44. Real Intent admits that the SLA contained a confidentiality provision which provided that "[e]ach party will protect the other's Confidential Information from unauthorized dissemination and use with the same degree of care that each such party uses to protect its own like information, but in no event less than reasonable care. Neither party will use the other's Confidential Information for any purposes other than those necessary to directly further the Purpose(s) of this Agreement." Real Intent denies the remaining allegations of paragraph 44.

45. Real Intent admits that it has recruited Synopsys employees for potential employment at Real Intent, just as Synopsys has recruited Real Intent employees for potential employment at Synopsys. Real Intent also admits that in 2019, it hired one employee who had left Synopsys for the purpose of starting work for Real Intent. Real Intent denies the remaining allegations of paragraph 45.

**Synopsys' Allegation that Real Intent Copied from the Design Compiler and PrimeTime Command Sets**

46. Real Intent denies the allegations of paragraph 46.

47. Real Intent denies the allegations of paragraph 47.

48. Real Intent denies the allegations of paragraph 48.

49. Real Intent admits that its website states that Verix's "capability of reading/using multi-mode SDC (design constraints) of STA for running CDC in multi-mode elevates Verix CDC to a sign-off tool." Real Intent is without knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 49 and therefore denies them.

50. Real Intent denies the allegations of paragraph 50.

51. Real Intent denies the allegations of paragraph 51.

**Synopsys' Allegation that Real Intent Improperly Acquired and Used Synopsys' DesignWare Files**

52. Real Intent denies the allegations of paragraph 52.

53. Real Intent denies the allegations of paragraph 53.

54. Real Intent denies the allegations of paragraph 54.

55. Real Intent denies the allegations of paragraph 55.

1   56.     Real Intent denies the allegations of paragraph 56.

2   57.     Real Intent denies the allegations of paragraph 57.

### COUNT I: COPYRIGHT INFRINGEMENT

4   58.     Real Intent incorporates by reference its responses to the allegations of paragraphs 1 through 57[1] as its response to paragraph 58 of Synopsys's Second Amended Complaint.

6   59.     Real Intent admits that what appear to be copies of certificates of registration numbers TX 2-616-958, TX 6-539-658, TX 6-539-659, TX 6-539-660, TX 6-539-661, TX 6-539-662, TX 8-426-835, TX 8-426-420, TX 8-426-612, TX 8-426-814, TX 8-426-822, TX 8-861-114, TX 8-861-313, TX 8-862-510, TX 8-863-011, TX 8-863-045, TX 8-863-868, TX 8-863-872, TX 8-957-319, and TX 8-956-844 issued by the U.S. Copyright Office are attached to Synopsys' Second Amended Complaint as Exhibits 1–18 and 20–21.  Real Intent is without knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 59 and therefore denies them.

14  60.     Real Intent is without knowledge or information to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

16  61.     Real Intent is without knowledge or information to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

18  62.     Real Intent is without knowledge or information to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

20  63.     Real Intent is without knowledge or information to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

22  64.     Real Intent is without knowledge or information to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

24  65.     Real Intent is without knowledge or information to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

26  66.     Real Intent denies the allegations of paragraph 66.

27  67.     Real Intent denies the allegations of paragraph 67.

---

[1] Paragraph 58 of Synopsys's Second Amended Complaint incorporates Paragraphs 1–57.

1    68.    Real Intent denies the allegations of paragraph 68.

2    69.    Real Intent denies the allegations of paragraph 69.

3    70.    Real Intent denies the allegations of paragraph 70.

4    71.    Real Intent denies the allegations of paragraph 71.

## COUNT II: BREACH OF CONTRACT

72.    Real Intent incorporates by reference its responses to the allegations of paragraphs 1 through 71[2] as its response to paragraph 72 of Synopsys's Second Amended Complaint.

73.    Real Intent admits that it was a party to the 2015 in-Sync Agreement with Synopsys. The remaining allegations of paragraph 73 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Real Intent is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.

74.    Real Intent admits that it was a party to the 2016 in-Sync Agreement with Synopsys. The remaining allegations of paragraph 74 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Real Intent is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.

75.    Real Intent admits it was a party to the SLA with Synopsys. The remaining allegations of paragraph 75 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Real Intent is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.

76.    Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.    Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.    Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

---

[2] Paragraph 72 of Synopsys's Second Amended Complaint incorporates Paragraphs 1–71.

79. Real Intent denies the allegations of paragraph 79.

80. Real Intent denies the allegations of paragraph 80.

81. Real Intent admits that Section 16.6 of the 2015 in-Sync Agreement, Section 16.6 of the 2016 in-Sync Agreement, and Section 9.9 of the SLA contain a provision stating that a "prevailing party in any action to enforce the Agreement shall be entitled to recover costs and expenses including reasonable attorneys' fees." Real Intent denies the remaining allegations of paragraph 81.

## COUNT III: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

82. Real Intent incorporates by reference its responses to the allegations of paragraphs 1 through 81[3] as its response to paragraph 82 of Synopsys's Second Amended Complaint.

83. Real Intent admits that it entered into the SLA, 2015 in-Sync Agreement, and 2016 in-Sync Agreement with Synopsys. Real Intent admits that these three agreements contained confidentiality provisions that apply to both Real Intent and Synopsys.

84. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85. Real Intent admits that the SLA contained a confidentiality provision that applies to both Real Intent and Synopsys. Real Intent denies the remaining allegations of paragraph 85.

86. Real Intent admits that the SLA contained a confidentiality provision that applies to both Real Intent and Synopsys. Real Intent denies the remaining allegations of paragraph 86.

87. Real Intent admits that the SLA, 2016 in-Sync Agreement, and 2015 in-Sync Agreement contained a provision (among others) which states that Real Intent cannot "decompile, disassemble, reverse engineer or attempt to reconstruct, identify or discover any source code, underlying ideas, underlying user interface techniques or algorithms of the Licensed Product by any means whatever [sic], or disclose any of the foregoing." Real Intent denies the remaining allegations of paragraph 87.

---

[3] Paragraph 82 of Synopsys's Second Amended Complaint incorporates Paragraphs 1–82.

88. Real Intent admits that the SLA, 2016 in-Sync Agreement, and 2015 in-Sync Agreement contained a provision (among others) which states that Real Intent will not allow a third party to "decompile, disassemble, reverse engineer or attempt to reconstruct, identify or discover any source code, underlying ideas, underlying user interface techniques or algorithms of the Licensed Product by any means whatever [sic], or disclose any of the foregoing." Real Intent denies the remaining allegations of paragraph 88.

89. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90. Real Intent denies the allegations of paragraph 90.

91. Real Intent denies the allegations of paragraph 91.

92. Real Intent denies the allegations of paragraph 92.

93. Real Intent denies the allegations of paragraph 93.

94. Real Intent denies the allegations of paragraph 94.

## COUNT IV: INFRINGEMENT OF THE '057 PATENT

95. Real Intent incorporates by reference its responses to the allegations of paragraphs 1 through 94[4] as its response to paragraph 95 of Synopsys' Second Amended Complaint.

96. Real Intent denies the allegations of paragraph 96.

97. Real Intent denies the allegations of paragraph 97.

98. Real Intent admits that it had a webpage discussing Verix PCDC. Real Intent admits that it had knowledge of the '057 Patent no later than the filing of the complaint. Real Intent denies the remaining allegations of paragraph 98.

99. Real Intent admits that it had a webpage discussing Verix PCDC. Real Intent admits that it had knowledge of the '057 Patent no later than the filing of the complaint. Real Intent denies the remaining allegations of paragraph 99.

100. Real Intent denies the allegations of paragraph 100.

101. Real Intent denies the allegations of paragraph 101.

102. Real Intent denies the allegations of paragraph 102.

---

[4] Paragraph 95 of Synopsys's Second Amended Complaint incorporates Paragraphs 1–94.

**COUNT V: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

103. Real Intent incorporates by reference its responses to the allegations of paragraphs 1 through 102[5] as its response to paragraph 103 of Synopsys's Second Amended Complaint.

104. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies them.

105. Real Intent denies the allegations of paragraph 105.

106. Real Intent denies the allegations of paragraph 106.

107. Real Intent denies the allegations of paragraph 107.

108. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 and therefore denies them.

109. Real Intent denies the allegations of paragraph 109.

110. Real Intent denies the allegations of paragraph 110.

**COUNT VI: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

111. Real Intent incorporates by reference its responses to the allegations of paragraphs 1 through 110[6] as its response to paragraph 111 of Synopsys's Second Amended Complaint.

112. Real Intent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 and therefore denies them.

113. Real Intent denies the allegations of paragraph 113.

114. Real Intent denies the allegations of paragraph 114.

115. Real Intent denies the allegations of paragraph 115.

116. Real Intent denies the allegations of paragraph 116.

**RELIEF SOUGHT**

These paragraphs set forth the statement of relief requested by Synopsys to which no response is required. Real Intent denies that Synopsys is entitled to any of the requested relief.

//

---

[5] Paragraph 103 of Synopsys's Second Amended Complaint incorporates Paragraphs 1–102.
[6] Paragraph 111 of Synopsys's Second Amended Complaint incorporates Paragraphs 1–110.

## DEFENSES

Real Intent asserts the following defenses in response to Synopsys's Second Amended Complaint.  By asserting these defenses, Real Intent does not concede that it bears the burden of proof with respect to any of them.  All defenses are pled in the alternative and do not constitute an admission of liability or that Synopsys is entitled to any relief whatsoever.  Real Intent also reserves the right to assert additional defenses or counterclaims as additional facts are learned or present themselves during discovery or otherwise over the course these proceedings.

### First Defense—Failure to State a Claim for Relief

1. Synopsys's Second Amended Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Second Defense—Non-infringement of Copyrights

2. Real Intent does not infringe and has not infringed (not directly, contributorily, or vicariously) the copyrights-in-suit.

### Third Defense—Non-infringement of Patents

3. Real Intent does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the patents-in-suit as properly construed.

### Fourth Defense—Fair Use

4. Any alleged use Real Intent made of Synopsys's purportedly copyrighted material was a fair use that is not actionable.

### Fifth Defense—Laches, Acquiescence, Estoppel and/or Waiver

5. One or more of Synopsys's claims are barred by one or more of the equitable doctrines of laches, acquiescence, estoppel, and/or waiver.

### Sixth Defense—Abandonment

6. Synopsys's claims are barred in whole or in part because its course of action and inaction, over several years, constitute an abandonment of its copyright.

**Seventh Defense—Unclean Hands**

7. Synopsys's requested relief is barred, in whole or in part, by Synopsys's unclean hands.

**Eighth Defense—Copyright Misuse**

8. Synopsys's claims are barred in whole or in part because it has misused its copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is contrary to public policy to grant.

**Ninth Defense—License**

9. Synopsys's claims are barred in whole or in part because of an implied and/or express license to use the copyrights-in-suit and patent-in-suit.

**Tenth Defense—Copyright Protection Unavailable**

10. Synopsys's claims are barred in whole or in part by the "words and short phrases" doctrine and/or other limits on the scope of protection available for the works at issue. *E.g.*, 17 U.S.C. § 102(b). Among other things, the disputed commands constitute a "method of operation" not entitled to copyright protection. *Id.*

**Eleventh Defense—Merger and *Scenes a Faire***

11. Synopsys's claims are barred in whole or in part by the merger and/or *scenes a faire* doctrine.

**Twelfth Defense—*De Minimis* Copying**

12. Synopsys's claims are barred in whole or in part because any alleged copying was *de minimis*.

**Thirteenth Defense—Copyright Preemption**

13. Synopsys's claims are barred in whole or in part on copyright preemption grounds. 17 U.S.C. § 301.

**Fourteenth Defense—Copyright Exhaustion**

14. Synopsys's claims are barred in whole or in part by the doctrine of copyright exhaustion.

//

### Fifteenth Defense—Invalidity of Patent

15. Some or all of the claims of the '057 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Sixteenth Defense—Prosecution History Estoppel

16. Synopsys is estopped by reason of prosecution history estoppel from asserting infringement of the '057 patent under the doctrine of equivalents.

### Seventeenth Defense—Statute of Limitations

17. Synopsys's claims are barred in whole or in part by statutes of limitation applicable to its claims.

### Eighteenth Defense—Impossibility/Impracticability

18. Synopsys's breach of contract claim is barred in whole or in part by the doctrines of impossibility and impracticability.

### Nineteenth Defense—Equitable Relief Unavailable

19. Synopsys is barred from obtaining any equitable relief from Real Intent because any alleged injury to Synopsys is neither immediate nor irreparable, Synopsys has an adequate remedy at law, and granting equitable relief would not be in the public interest.

### Twentieth Defense—Comparative Fault

20. Synopsys's claims are barred, in whole or in part, because its alleged injuries and damages were not legally or proximately caused by any acts or omissions of Real Intent and/or were caused, if at all, by the conduct of Synopsys and/or third parties.

### Twenty-First Defense—Failure to Mitigate

21. To the extent Synopsys suffered any harm or injury, any possible award of damages must be limited or eliminated because Synopsys failed to take reasonable steps to mitigate its own alleged harm or injury.

### Twenty-Second Defense—Lack of Standing to Sue for Copyright Infringement

22. Synopsys's claims are barred, in whole or in part, due to its lack of ownership of the asserted works (or parts of them).

//

16
ANSWER TO SECOND AMENDED COMPLAINT
Case No. 5:20-cv-02819-EJD

**Twenty-Third Defense—Lack of Authority to Sue for Copyright Infringement**

23. Synopsys's claims are barred, in whole or in part, due to its failure to register the asserted works (or parts of them) and/or comply with the deposit requirement of the Copyright Act, including 17 U.S.C. §§ 407, 411.

**Twenty-Fourth Defense—Justification**

24. Synopsys's claims for tortious interference are barred, in whole or in part, because Real Intent's actions were justified.

**Twenty-Fifth Defense—Legitimate Business Purpose**

25. Synopsys's claims for tortious interference are barred, in whole or in part, because Real Intent acted with a legitimate business purpose.

**Twenty-Sixth Defense—Privilege**

26. Synopsys' claims for tortious interference are barred, in whole or in part, because Real Intent's actions were privileged, including by way of the competition privilege.

WHEREFORE, Real Intent requests that the Court enter a judgment in its favor and award it reasonable attorneys' fees and costs and such other relief as may be just.

Dated: November 8, 2022                                    KEKER, VAN NEST & PETERS LLP

                                                   By:   /s/ Ryan K. Wong
                                                         ROBERT A. VAN NEST
                                                         REID MULLEN
                                                         RYAN K. WONG
                                                         KRISTIN HUCEK
                                                         CODY GRAY
                                                         VICTOR CHIU
                                                         BILAL MALIK

                                                         Attorneys for Defendant
                                                         REAL INTENT, INC.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Real Intent, Inc. hereby demands a trial by jury on all issues so triable.

Dated: November 8, 2022                                   KEKER, VAN NEST & PETERS LLP

                                              By:   */s/ Ryan K. Wong*
                                                    ROBERT A. VAN NEST
                                                    REID MULLEN
                                                    RYAN K. WONG
                                                    KRISTIN HUCEK
                                                    CODY GRAY
                                                    VICTOR CHIU
                                                    BILAL MALIK

                                                    Attorneys for Defendant
                                                    REAL INTENT, INC.