UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>            Plaintiff, <br><br>       v. <br><br> REAL INTENT, INC., <br><br>            Defendant. | Case No.  20-cv-02819-EJD (SVK) <br><br> **TENTATIVE RULINGS ON JOINT DISCOVERY SUBMISSIONS** <br><br> Re: Dkt. Nos. 202, 203, 205 |

## I.      INTRODUCTION

Fact discovery in this action closed on June 16, 2023.  Dkt. 188.  Now before the Court is a flurry of motions that follow a steady flow of discovery disputes over the past two years.  In the joint discovery submissions at Dkt. Nos. 202 and 203, both parties suggest inappropriate actions of the other that have impacted the availability of certain documentation.  Discovery submission at Dkt. 205 addresses production of additional source code by Real Intent in response to discovery requests issued by Synopsys in 2021.  All three submissions reflect the Parties' jockeying for leverage as the case moves into expert discovery, dispositive motions and preparation for trial.  While the Parties' maneuvering is not *per se* inappropriate, the Parties have lost their respective sense of proportionality at this juncture of the litigation.

In relevant part, Rule 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Proc. 26(b)(1).

At this juncture, after three years of litigation comprising hard fought discovery battles and after the close of fact discovery, the requirement of proportionality looms large, particularly in evaluating the relative importance of this discovery in resolving issues and in weighing its benefit against the burden and expense of the various remedies sought. It is under this stricture of proportionality that the Court has considered these disputes. In setting forth its tentative rulings below, the Court has intentionally distilled each dispute down to only its essential core, setting aside distracting, unsubstantiated complaints and accusations. The Parties will be before the Court for an unrelated motion to amend invalidity contentions on July 25, 2023 at 10:00 a.m. In a discovery hearing following the motion to amend, the Court will entertain brief oral argument from the parties as to its orders below <u>provided</u> the parties have met and conferred further, either in-person or by video conference, taking into consideration the Court's tentative rulings.

## II. IN RE DISCOVERY SUBMISSION AT DKT. 203

In this Submission, Real Intent complains of Synopsys' removal of product documentation from public websites. In brief, Real Intent's issue is that the presence of the product documentation on public websites supports its defense that the disputed material was not confidential and, ergo, the removal of the materials is prejudicial to Real Intent. Real Intent acknowledges that the publication on the websites is well-documented by discovery responses and productions in this case. Synopsys urges that it has a right to protect its copyrighted material and to issue "take down" notices to infringing websites. To resolve this dispute, Real Intent had proposed a stipulation that provided, among other things, that certain Synopsys materials had been on public websites. The Parties dispute the negotiations around that resolution.

Accordingly, in light of the obligations of the Parties under Rule 26, the Protective Order and the guidance of proportionality noted above, the Court **ORDERS** as follows:

- Synopsys will execute a stipulation that provides as follows:
    - The materials identified in Real Intent's Response to Synopsys' Interrogatory No. 25, dated June 6, 2023 and Real Intent's Fourth Supplemental Response to Synopsys' Interrogatory No. 3, dated June 12, 2023 [materials to be listed in the stipulation] were available on publicly accessible websites during the period ___-

June 2023.

## III. IN RE DISCOVERY SUBMISSION AT DKT. 202

In this Submission, Synopsys complains of Real Intent's late production of documents from its PT Twiki page. More specifically, the production was of Synopsys' PrimeTime documentation. Real Intent has acknowledged the existence of the PT Twiki page and the Synopsys PrimeTime documents it contained throughout discovery but maintained that the contents had been deleted prior to this litigation. Real Intent points to a recent discovery of back-up storage from which the documents have now been produced. Real Intent also amended related discovery responses to reflect, at least in part, the production. The Parties attempted to negotiate a resolution of issues surrounding the late production and amended discovery responses without success.

The Court declines Synopsys' invitation to turn the facts leading up to this dispute into a spoliation motion and rejects Synopsys' requests for relief that are not proportional to the needs of the case at this juncture of the litigation. The Court also rejects Real Intent's proffer of carefully crafted amended RFA responses. In light of the obligations of the Parties under Rule 26, the Protective Order and the demands of proportionality noted above, the Court **ORDERS** as follows:

- o Real Intent will execute a stipulation that provides as follows:
    - o Real Intent had the following Synopsys PrimeTime documentation on Real Intent's PT Twiki page during the period ___-September 2019: [*List documents produced from PT Twiki page*].
- o Real Intent will also provide a 30(b)(6) witness to testify on the topic of the recent recovery and production of documents from the PT Twiki page in a deposition not to exceed 2.50 hours.

## IV. IN RE DISCOVERY SUBMISSION DKT. 205: PRODUCTION OF SOURCE CODE

This dispute arises from a discovery request served on Real Intent by Synopsys in 2021. Real Intent has produced some source code, which has been reviewed by Synopsys. Synopsys now seeks a more robust production. The Parties met and conferred regarding Real Intent's source

3

code production in early-mid 2022 and one year later at the close of discovery in June 2023. Synopsys contends that Real Intent's source code contains evidence of Real Intent's copying of Synopsys' Command Sets. In support of its request, Synopsys points to engineer comments in Real Intent's source code produced to date that refer to Synopsys' documentation. Synopsys also argues that an examination of source code is necessary to confirm whether accused commands are "supported" or merely "recognized" in Real Intent's products. Real Intent points to the source code files it produced from November 2021 to June 2022 and Synopsys' review and analysis of those files, complaining of the timeliness and scope of Synopsys' current request. Real Intent proposes a compromise of a more limited production, which Synopsys rejects.

The Court is concerned with the timeliness of this dispute given the long absence of efforts by either side to resolve it and the impact of that lag on proportionality. While a party may not simply ignore discovery requests, that does not appear to be the case here where Real Intent did produce source code which Synopsys examined and which is the basis, at least in part, for Synopsys now seeking relief. The Court is also concerned with the scope of the request for all source code "relating to or referencing Command Set parsing in each and every version of all Real Intent Products." That breadth and scope is not proportional to the needs of the case at this juncture of the litigation. On the other hand, the Court questions the adequacy of Real Intent's proposed compromise.

Accordingly, the Court **ORDERS** as follows:

The Parties are to meet and confer in light of the Court's guidance and concerns provided above and, if the matter is not resolved, the Court will entertain brief comments from both sides at the hearing on July 25, 2023.

**SO ORDERED.**

Dated: July 17, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge