**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
　kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
　bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
　jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
　shenrick@willkie.com
Alex Rhim (Bar No. 333508)
　arhim@willkie.com
Jacob Karim (Bar No. 340376)
　jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
　clee3@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Plaintiff
SYNOPSYS, INC.

**WILLKIE FARR & GALLAGHER LLP**
Shaimaa M. Hussein (*Pro Hac Vice*)
　shussein@willkie.com
Devon W. Edwards *(Pro Hac Vice)*
　dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

**WILLKIE FARR & GALLAGHER LLP**
Dane Sowers (*Pro Hac Vice*)
　dsowers@willkie.com
1875 K Street, N.W.
Washington, DC  20006
Tel: 202-303-1000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>REAL INTENT, INC.<br><br>　　　　　　　Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**SYNOPSYS, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF UNRELATED SYNOPSYS LITIGATION**<br><br>Date:　　9/13/24<br>Time:　　10:00 a.m.<br>Ctrm.:　　4, 5th Floor – San Jose<br>Judge:　　Edward J. Davila<br><br>Complaint Filed:  4/23/2021<br>Trial Date:　　　10/8/2024 |

**NOTICE OF MOTION AND HEARING**

PLEASE TAKE NOTICE that at the Final Pretrial Conference on September 13, 2024, at 10 a.m. in the courtroom of the Honorable Edward J. Davila, located in Courtroom 4, 5th Floor of San Jose Courthouse at 280 South First Street, San Jose, CA 95113, or as soon thereafter as counsel may be heard, Plaintiff Synopsys, Inc. ("Synopsys") will and hereby do move *in limine* under Federal Rules of Evidence 401, 402 and 403 for an order precluding Defendant Real Intent, Inc. ("Real Intent") from presenting evidence or argument regarding prior unrelated litigations involving Synopsys.

**RELIEF REQUESTED**

Synopsys respectfully requests that the Court preclude Real Intent from presenting evidence or argument regarding prior unrelated litigations involving Synopsys.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

To avoid undue prejudice, Synopsys seeks an order excluding the introduction of unrelated litigations. Prior to and during the pendency of this action, Synopsys has been involved in several lawsuits with other entities unrelated to Real Intent involving subject matter unrelated to the copyrights, contracts, and patent asserted here. Any evidence or argument regarding those other unrelated proceedings and dealings is simply not relevant, and any attempt by Real Intent to raise those facts is likely to influence the jury to draw impermissible inferences about Synopsys' motives and/or the merits of the case. Accordingly, such evidence and argument should be precluded.

**II.   ARGUMENT**

Evidence and argument regarding prior unrelated litigation involving Synopsys–that is, litigation unrelated to the claims and defenses of the parties here have no probative value with respect to any fact of consequence in this action. Even if such evidence had some minimal probative value, its introduction would prejudice Synopsys and would be likely to confuse the jury. Such evidence and argument should therefore be precluded under Federal Rules of Evidence 402 and 403.

Synopsys has been involved in several prior litigations involving different subject matter, claims, and parties than is at issue in this case, including against Mentor Graphics Corporation,

Siemens Industry Software Inc., and Magma Design Automation, Inc. Real Intent should be precluded from referring to those and other unrelated litigations because they are irrelevant and unfairly prejudicial. In general, unless the prior lawsuits involving a plaintiff "have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias." *Henderson v. Peterson*, No. 07-cv-2838-SBA, 2011 WL 2838169, at *5 (N.D. Cal. July 15, 2011) (citation omitted). In the intellectual property context, that principle has been extended to apply to cases involving IP rights that do not overlap with the present lawsuit.[1] *See, e.g.*, *Realtek Semiconductor Corp. v. LSI Corp.*, No. 12-cv-3451-RMW, 2014 WL 46997, at *7 (N.D. Cal. Jan. 6, 2014) (excluding other lawsuits because patents unrelated to the asserted patents are irrelevant); *Dig. Reg of Texas, LLC v. Adobe Sys., Inc.*, No. 12-cv-1971-CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) (allowing evidence of prior patent litigation lawsuits that provide relevant context to damages analysis but excluding all others); *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 4560071, at *15 (N.D. Cal. Aug. 22, 2016) (excluding evidence of prior litigation involving "unrelated parties, technologies, and non-patent claims"). Thus, with regard to prior Synopsys litigations that do not involve overlapping parties or intellectual property rights, any such evidence regarding actions is irrelevant and should therefore be precluded.

### III.  CONCLUSION

For the foregoing reasons, Real Intent should be precluded from introducing evidence or argument regarding prior unrelated litigations involving Synopsys.

---

[1] To the extent that prior Synopsys litigation involved intellectual property rights that overlap with those asserted in this case, this motion *in limine* does not seek to exclude evidence or argument concerning such actions.

Dated: August 23, 2024

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

By: /s/ Krista Schwartz
Krista Schwartz
Barrington Dyer
Joshua D. Anderson
Stephen Henrick
Alex Rhim
Jacob Karim
Christopher J. Lee

Shaimaa M. Hussein *(Pro Hac Vice)*
Devon W. Edwards *(Pro Hac Vice)*
Dane Sowers *(Pro Hac Vice)*

Attorneys for Plaintiff
SYNOPSYS, INC.