UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL INTENT, INC.,<br><br>　　　　　Defendant. | Case No.   20-cv-02819-EJD<br><br>**TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE***<br><br>Re: ECF Nos. 442, 452, 464, 472, 479, 485, 486, 502, 507, 561, 562, 565, 570 |

In advance of the Pretrial Conference scheduled for October 1, 2024, the Court issues the below tentative order regarding some of the pending motions *in limine* ("MIL") to guide the discussion. The parties should be prepared to discuss at the Pretrial Conference all pending motions *in limine* regardless of whether the Court addresses them below.

**I.   JOINT MOTION IN LIMINE**

The parties' joint MIL to exclude evidence and argument regarding the Deloitte audit is GRANTED. ECF No. 442.

**II.   SYNOPSYS' MOTIONS IN LIMINE**

**A.   MIL No. 2 to Exclude Evidence of Unrelated Litigations Involving Synopsys or Its Predecessors-in-Interest**

Synopsys moves to preclude Real Intent from presenting evidence or argument regarding prior unrelated litigations involving Synopsys or its predecessors-in-interest. ECF No. 561. Synopsys argues that these unrelated litigations against third parties are irrelevant and unfairly prejudicial. Real Intent agrees that any prior litigation involving Synopsys should not be

presented to the jury, including *Synopsys v. ATopTech*, No. 13-cv-029650-MMC (N.D. Cal.). ECF No. 464. Synopsys sued ATopTech, Inc. for copyright infringement in 2013. The case went to trial in 2016, and the jury returned a verdict for Synopsys for $30.4 million in damages.

The Court tentatively **DEFERS** ruling on Synopsys' MIL No. 2. To the extent Real Intent or Synopsys seek to use statements made in prior litigations to impeach witnesses, such use of and reference to prior litigations may be appropriate. The Court will therefore defer its ruling and permit the parties to re-raise evidentiary objections regarding prior litigations during trial. The Court addresses the admissibility of evidence regarding *ATopTech* below in the context of Real Intent's MIL No. 2.

### B. MIL No. 5 to Exclude Testimony, Evidence, or Argument Referring to Synopsys or Its Predecessors in Pejorative Terms

Synopsys moves to prevent Real Intent from referring to it or its predecessors in "pejorative" terms. ECF No. 562. Real Intent opposes Synopsys' motion as being unfairly one-sided and impermissibly vague as to which specific terms will be prohibited at trial. ECF No. 595. The Court tentatively **GRANTS** Synopsys' MIL No. 5. Both parties are barred from calling the other party or its personnel as "greedy," "corrupt," "evil," "dishonest," "unethical" or "thieves." If a party objects to the use of other terms during the presentation of evidence or otherwise suspects a pejorative term may be forthcoming, that party may request a sidebar. The Court will issue rulings regarding any other specific statements as they arise.

### C. MIL No. 13 to Exclude Testimony, Evidence, or Argument Referencing Real Intent's Patents

Synopsys seeks to preclude Real Intent form introducing testimony, evidence, or argument referring Real Intent's patents as unfairly prejudicial to Synopsys. ECF No. 472. Any discussion of Real Intent's patents would, according to Synopsys, shift the focus from the validity and infringement of Synopsys' patent to the validity of Real Intent's patent. *Id.* at 1. Real Intent responds that Real Intent's patents are relevant to rebut Synopsys' claims of willfulness and any argument that Real Intent is not an innovative company. ECF No. 556. The Court tentatively **DENIES** Synopsys' MIL No. 13. The Court will not grant "a blanket pretrial ruling precluding

Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
2

evidence or argument regarding [Real Intent's] patents for any and all purposes ...." *In re Biogen '755 Pat. Litig.*, No. 10-2734 (CCC)(JBC), 2018 WL 3613162, at *7 (D.N.J. July 26, 2018). Real Intent may introduce evidence regarding its own patenting activities as relevant to its first knowledge of the '057 patent and to negate accusations of willfulness. *See Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009) ("Defendants should be allowed to present evidence of independent development to rebut allegations that Defendant willfully infringed or that Defendant copied Plaintiffs' technology."). Additionally, if Synopsys argues that Real Intent is not an innovative company, Real Intent may use evidence of its patenting activities to rebut that contention. Real Intent has represented that it will not argue to the jury that any of Real Intent's patents are relevant to the jury's determination of patent infringement. *Id.* at 3. If necessary, the Court can address any potential confusion through a limiting instructing to the jury to explain that (1) the fact that Real Intent owns or licenses patents is not a defense to infringement in this case, and (2) the Court is admitting the testimony for the limited purpose of rebutting Synopsys' allegations that any infringement was willful.

Further objections may be raised and addressed during trial where appropriate.

### D. MIL No. 19 to Exclude Evidence or Argument Referencing Any Prior Rulings by the Court

Synopsys moves for an order precluding the introduction of any testimony, evidence, or argument regarding its prior motions, other than to present the Court's claim constructions or to establish Real Intent's liability for breach of contract. ECF No. 570. Real Intent argues Synopsys' request is one-sided and leaves open the opportunity for Synopsys to reference the Court's findings on summary judgment regarding the breach of contract issues. ECF No. 601. The Court tentatively **GRANTS** Synopsys' MIL No. 19 as to both parties. Neither party will be permitted to present any evidence or argument regarding the Court's prior orders without leave of Court to do so. The parties may reference the Court's claim constructions, but not the Court's reasoning in construing those claims. The Court will instruct the jury regarding contract liability.

Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
3

### E. MIL No. 22 to Exclude Evidence or Argument Concerning Real Intent's Equitable Affirmative Defenses

Synopsys seeks to preclude Real Intent from introducing evidence or argument pertaining to its six affirmative defenses in the presence of the jury. ECF No. 485. Synopsys proposes the trial be bifurcated, and Real Intent's defenses should be tried separately to the Court. Real Intent opposes the request because Synopsys has consistently taken the position that the trial should not be bifurcated, and because both failure to mitigate and comparative fault are affirmative defenses for the jury. ECF No. 577. The Court observes that Real Intent has submitted proposed jury instructions only on its mitigation of damages affirmative defense and no other affirmative defenses. Thus, it appears that, other than the failure to mitigate defense, Real Intent does not intend to present its affirmative defenses to the jury. As to failure to mitigate defense, the Court tentatively **DENIES** Synopsys' MIL No. 22. Real Intent may present that defense to the jury because there is overlap in the evidence related to this defense and the issues in Synopsys' damages case. Thus, bifurcation is not appropriate. The Court will otherwise **DEFER** ruling on this MIL until it receives clarity regarding whether Real Intent intends to present other affirmative defenses.

### F. MIL No. 24 to Exclude Testimony, Evidence, or Argument Regarding the Potential Impact of a Damages Award

Synopsys seeks to prevent Real Intent from appealing to the sympathies of jurors by arguing or presenting evidence suggesting that a damages award in this case would negatively affect its business or cause the loss of Real Intent jobs. ECF No. 486. Real Intent opposes the request because similar evidence may be used to rebut Synopsys' claim to lost profits. ECF No. 563-3. For example, Real Intent intends to reference the impact of a large damages award on Real Intent's operations to show that it could not have reasonably foreseen that it would face a lost profits liability of the size that Synopsys seeks. The Court tentatively **GRANTS** Synopsys' MIL No. 24 specifically as to argument or evidence suggesting that a damages award would cause loss of Real Intent jobs. However, the Court will permit Real Intent to present related evidence to support its argument that Synopsys has not established the requested damages award

Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
4

1  was foreseeable. The Court will issue rulings on references that touch on this issue as they arise.

## III. REAL INTENT'S MOTIONS IN LIMINE

### A. MIL No. 2 to Exclude Evidence and Argument Regarding *ATopTech* Result and Court Orders/Rulings

Real Intent seeks to preclude Synopsys from introducing any evidence or argument regarding *ATopTech*. ECF No. 464. Real Intent argues Synopsys should not be permitted to introduce evidence or argument regarding the *ATopTech* case because it is irrelevant and will unfairly prejudice Real Intent. Synopsys responds that it "has no intention to assert that Real Intent is liable because ATopTech was found liable." ECF 564. The Court tentatively **GRANTS IN PART** Real Intent's MIL No. 2. Synopsys will be precluded from introducing evidence or argument regarding the verdict *amount*. However, the Court tentatively **DENIES** MIL No. 2 to the extent Real Intent argues and presents evidence that Synopsys ignored other vendors' use of the disputed command sets. Synopsys may use the fact that it sued ATopTech and prevailed to rebut Real Intent's (expected) argument that Synopsys is aware of third-party use of the disputed command sets yet fails to pursue infringers. That said, the Court is cognizant of the potential prejudice to Real Intent surrounding evidence of the *ATopTech* case and may issue additional rulings on references to *ATopTech* as they arise.

### B. MIL No. 3 to Exclude Evidence and Argument Regarding Information Not Produced in Discovery

Real Intent seeks to exclude Synopsys from introducing evidence that Synopsys' products besides its SpyGlass tools compete with the accused Real Intent tools. No. 452. In particular, Real Intent requests the Court exclude Synopsys from offering testimony or evidence regarding the information in the Feroze Taraporevala and Shankar Krishnamoorthy declarations because they were withheld during discovery and allowing them in now would prejudice Real Intent. *Id.* The information in the declarations appears primarily relevant to issues resolved in the Court's summary judgment ruling on fair use. Thus, to the extent Real Intent's MIL No. 3 is not moot, the Court tentatively **DENIES** Real Intent's MIL No. 3 as to the Taraporevala declaration. Mr. Taraporevala, Executive Director Project/Program Management at Synopsys, submitted a

Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
5

declaration that purports to describe in more detail the history of Synopsys' PrimeTime suite of tools. The declaration relies on both Real Intent and Synopsys-produced documents and Mr. Taraporevala's personal knowledge. Although other evidence in the record exists that might undermine the conclusion Synopsys attempts to draw from the Taraporevala declaration, nothing in the declaration comments directly on competition or otherwise suggests a clear and unambiguous inconsistency between prior deposition testimony. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). Synopsys' prior statements in discovery and testimony regarding lack of competition can be challenged at trial. And Real Intent will have the opportunity to challenge Mr. Taraporevala, an expected witness, at trial.

The Court tentatively **GRANTS** Real Intent's MIL No. 3 as to the Krishnamoorthy declaration. Synopsys does not address the Krishnamoorthy declaration in opposing Real Intent's request. *See* ECF No. 566.

### C. MIL No. 7 to Exclude Evidence or Argument Regarding Theories of Contractual Breach Not Disclosed in Discovery

Real Intent seeks to preclude Synopsys from asserting theories of contractual breach that were not mentioned in discovery. ECF No. 479. In particular, Real Intent requests Synopsys be precluded from arguing that (1) Real Intent breached any provisions of the in-Sync Agreements and SLA that were not identified in response to Interrogatory No. 8, and (2) Real Intent's conduct breached any provisions of the in-Sync Agreements and SLA to the extent such alleged conduct was not disclosed in response to Interrogatory No. 8. *Id.* Synopsys responds that on September 3, 2024, it offered to narrow its breach of contract claim to those breaches already determined in the Court's summary judgment order. ECF No. 578-1. In light of that representation, the Court tentatively **DENIES AS MOOT** Real Intent's MIL No. 7.

### D. MIL No. 9 to Exclude Evidence, Opinion, and Testimony Regarding Synopsys' Patent Infringement Cause of Action

Real Intent seeks to preclude Synopsys from offering evidence and testimony regarding its patent infringement cause of action because it has not tendered any evidence of harm or injury, and because it admits there are no patent damages. ECF No. 565. In other words, Real Intent asks

Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
6

1  the Court to find that Synopsys' patent infringement case fails as a matter of law and to prevent
2  Synopsys from trying its patent infringement case to a jury. Synopsys responds that Real Intent's
3  motion is procedurally improper, as it is seeking a dispositive ruling, and legally unfounded
4  because it seeks (1) injunctive relief, and (2) in the alternative, an ongoing royalty for any future
5  sales of infringing products. ECF No. 568.

6  The Court tentatively **DENIES** Real Intent's MIL No. 9. As an initial matter, the Court
7  agrees that Real Intent's motion appears to raise issues more appropriate for resolution at summary
8  judgment. Neither party sought summary judgment on any patent-related issues, and so the
9  Court's ruling on summary judgment did not impact or change the landscape with the respect to
10 Synopsys' patent infringement case. Thus, the Court sees no reason for Real Intent's belated
11 request to exclude "all evidence" of Synopsys' patent infringement case when it could have moved
12 for summary judgment on the same grounds. *See PersonalWeb Techs. LLC v. Int'l Bus. Machines*
13 *Corp.*, No. 16-CV-01266-EJD, 2017 WL 8186294, at *3 (N.D. Cal. July 25, 2017) ("The denial of
14 a motion *in limine* is warranted where the moving party seeks to argue the merits of its case and
15 preclude the non-moving party from presenting its case").

16 Substantively, even if Synopsys' damages expert, Mr. Napper, concedes that there are no
17 patent damages because there is no evidence that the accused product was ever *sold*, the Court is
18 not convinced that Synopsys would be prevented from seeking a jury finding on infringement as to
19 Real Intent's alleged *use* so that Real Intent may seek injunctive relief. And even without a viable
20 damages theory, Synopsys may be entitled to at least nominal damages. *See IOENGINE, LLC v.*
21 *PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2022 WL 2800911, at *8 (D. Del. June 27, 2022)
22 (denying request to exclude evidence of direct infringement theory by patentee without "a
23 corresponding damages theory" because "*de minimis* infringement is still infringement, and
24 [patentee] would be entitled to nominal damages if it establishes that [defendant] infringes the
25 asserted claims by testing the accused products").

28 Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
7

### E. Real Intent's MIL No. 10 to Exclude Evidence, Opinion, and Testimony on Pre-Suit Patent Damages (Marking)

Real Intent moves to exclude any evidence, opinion, or testimony by Synopsys or Mr. Napper concerning pre-suit patent damages because Synopsys failed to plead that it complied with the marking statute, 35 U.S.C. § 287(a). ECF No. 507. The Court tentatively **DENIES** Real Intent's MIL No. 10. In Real Intent's view, despite amending its complaint twice and with notice that Synopsys sold unmarked copies of the SpyGlass products, Synopsys still failed to allege pre-suit damages. Real Intent now seeks to exclude all evidence concerning pre-suit damages as "irrelevant to the claims in this case" because Synopsys failed to sufficiently allege compliance with the marking statute. *Id.* at 8. As with Real Intent's MIL No. 9, Real Intent seeks resolution of a substantive issue that it should have raised in the context of a motion to dismiss or motion for summary judgment. Additionally, Synopsys has identified certain factual issues that impact whether Synopsys was obligated to mark SpyGlass or VC SpyGlass. The Court will tentatively permit Synopsys from presenting evidence and argument concerning pre-suit damages.

### F. Real Intent's MIL No. 11 to Exclude Evidence, Opinion, and Testimony on Synopsys' Claim for Pre-Suit Patent Willfulness

Real Intent moves to exclude evidence, opinion, and testimony on Synopsys' claim for pre-suit patent willfulness because Synopsys failed to plead a claim for pre-suit willfulness in its complaint, but Dr. Sarrafzadeh nevertheless opines as to Real Intent's willfulness. ECF No. 502. The Court tentatively **DENIES** Real Intent's MIL No. 11. Real Intent's request to exclude all evidence, opinions, and testimony regarding pre-suit willfulness seeks a dispositive ruling on claim that is inappropriate to resolve in the context of a motion *in limine*. Real Intent seeks to preclude Dr. Sarrafzadeh from testifying on willful infringement based on Synopsys' pleading failure, but Real Intent is not suggesting that evidence of willfulness is not relevant to Synopsys' claim of willfulness. Real Intent has not presented a proper basis upon which to exclude evidence or argument. *See Datacore Software Corp. v. Scale Computing, Inc.*, No. CV 22-535-GBW, 2024 WL 3823001, at *2 (D. Del. Aug. 14, 2024) (denying as "improper use of motion *in limine*" request to exclude evidence of willful infringement where complaint lacked allegations of pre-suit

Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
8

knowledge).

**IT IS SO ORDERED.**

Dated: September 30, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-02819-EJD
TENTATIVE ORDER REGARDING MOTIONS *IN LIMINE*
9