UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYNOPSYS, INC.,

    Plaintiff,

  v.

REAL INTENT, INC.,

    Defendant.

Case No. 20-cv-02819-EJD

**FURTHER ORDER REGARDING COMMAND DISPUTE**

This order addresses the parties' late-stage dispute concerning what commands remain at issue for trial. The Court issued an order on the parties' cross-motions for partial summary judgment on August 26, 2024. ECF No. 513. In that order, the Court granted summary judgment in favor of Synopsys as to its breach of contract claim for Real Intent's breach of two provisions of the relevant agreements. Relevant to the present dispute, the Court found that Synopsys had met its burden to show Real Intent breached Section 3.2 of the in-Sync Agreements and Section 2.3 of the 2017 Synopsys Loan Agreement by copying commands and attributes, with syntax, from Design Vision into its own products. *Id.* at 28. In so holding, the Court referenced Real Intent's admission that, during the term of the agreements, it incorporated six commands into its products. *Id.* at 27.

Synopsys filed a motion for reconsideration of the Court's finding as to fair use. ECF No. 552. The Court declined to reconsider its ruling. ECF No. 625. Neither party requested reconsideration or clarification as to the Court's findings regarding breach of contract. On September 13, 2024, nearly three weeks after the summary judgment order issued, the parties filed

Case No.: 20-cv-02819-EJD
FURTHER ORDER REGARDING COMMAND DISPUTE
1

1   a joint pretrial conference statement agreeing that, as to Synopsys' breach of contract claim,

2   Synopsys would only present its damages case to the jury—not liability. ECF No. 628 at 3 ("At

3   trial, Synopsys will demonstrate the extent of its harm as a result of these breaches by Real

4   Intent."). The parties confirmed the same during the pretrial conference on October 1, 2024.

5   Neither party raised any dispute over which commands (and attributes, syntax, and options) were

6   subject to the Court's summary judgment order until the pretrial conference. Indeed, the parties

7   appeared to agree regarding the scope of trial: Synopsys (1) would not argue that any Real Intent

8   copying predating the 2013 agreement constituted a breach of that contract or any subsequent one,

9   and (2) would not argue that any Real Intent copying from non-licensed products breached the

10  license agreements. ECF No. 628 at 27. During the October 1 pretrial conference however,

11  counsel for Real Intent expressed concern that there "might be a dispute about what commands are

12  actually at issue for purposes of the breach." ECF No. 651 at 205:1–3. Real Intent's counsel

13  understood that the "only theory of breach that is live" is that Real Intent "copied commands and

14  put them in [Real Intent's] products in breach of the agreement." *Id.* at 209:20–24. At that time,

15  the dispute appeared to be limited to whether commands copied prior to 2013 should be included

16  in the list of commands for the jury when considering damages.

17      Synopsys agreed to provide Real Intent with a "slimmed down" version of the commands

18  that remain at issue. Following receipt of that list, Real Intent objected that it included commands

19  beyond the six specifically identified in the Court's summary judgment order. The Court heard

20  oral argument from the parties on this issue on October 9, 2024, and later that night issued a

21  pretrial order hoping to resolve the issue. The Court explained that "[t]he parties did not frame,

22  and the Court did not understand, the dispute over breach to require a command-by-command

23  determination." ECF No. 687 at 14 (citing Synopsys' summary judgment reply brief which

24  represented "Real Intent's admission regarding the six commands 'alone is enough to establish the

25  first breach.'"). In noting that the summary judgment order did not resolve the precise scope of

26  the breach beyond the six identified commands, the Court clarified what conduct did not fall

27  within the scope of breach: (1) Real Intent's copying/incorporation of commands (and

28  Case No.: 20-cv-02819-EJD
    FURTHER ORDER REGARDING COMMAND DISPUTE
    2

corresponding options, attributes, and syntax) from products other than Design Vision, and (2) Real Intent's copying/incorporation of commands from Design Vision that occurred prior to the effective date of the first agreement in 2013. *Id.* at 14–15. The Court ordered the parties to meet and confer to prepare a joint list identifying the remaining commands at issue.

Despite the Court's guidance, the parties were unable to reach an agreement following their meet and confer efforts. So, yesterday evening, instead of filing an agreed-upon list of commands at issue to present to the jury, the parties filed two lists: one list with only six undisputed commands and a much longer list of disputed commands and attributes. ECF No. 690-2. Real Intent also filed objections to the list of disputed commands. ECF No. 691. Then, this morning, Synopsys filed a response to Real Intent's objections. ECF No. 693. Because trial is scheduled to begin just three days from now, the Court ordered additional, abbreviated briefing from the parties, ECF No. 696, and after receiving the parties' briefs, ECF Nos. 697, 698, the Court held a status conference this afternoon. ECF No. 704.

Based on discussion at the status conference, it has become clear that a damages-only trial is no longer tenable. The parties originally agreed to self-impose the restriction that trial would be limited to damages, and the Court accepted. In reaching that agreement, though, it appears that one or more of the parties overlooked the key issue here: whether the commands that the Court did not explicitly address in its summary judgment order were part of Real Intent's breach and therefore part of Synopsys' damage case. Only on the eve of trial have the parties now surfaced this question. And this question is not one that the Court may answer. The Court cannot instruct the jury that each of those unresolved commands is part of Real Intent's breach because doing so would effectively grant a directed verdict to Synopsys on the open factual issue. But neither can the Court exclude Synopsys from raising those unresolved commands because doing so would effectively grant a directed verdict to Real Intent. Therefore, the question of whether those unresolved commands are part of Real Intent's breach must go to the jury.

From the Court's view, which appears to mirror that of Synopsys, this issue is straightforward. The relevant contract provision prohibits Real Intent from "modify[ing],

Case No.: 20-cv-02819-EJD
FURTHER ORDER REGARDING COMMAND DISPUTE
3

1  incorporat[ing] into or with other software, or creat[ing] a derivative work of any part of the

2  Synopsys Licensed Product." *See, e.g.*, ECF No. 272-13.  The only relevant licensed product here

3  is Design Vision.  And the contract was executed in 2013.  Accordingly, if Synopsys is able to

4  show that the disputed commands were copied from Design Vision post-2013, that would show

5  the disputed commands fall within the scope of Real Intent's breach and may be considered as part

6  of Synopsys' damage case.  By the same token, if Real Intent is able to show that the disputed

7  commands were copied from other sources, that would show the commands are not within the

8  scope of Real Intent's breach.  As Real Intent indicated in today's filings, there seems to be

9  evidence that it can use to raise such a defense, and doing so does not appear to be onerous.

10 ECF No. 697.

11       At the status conference, though, Real Intent asserted that it had other affirmative defenses,

12 such as relying on the Court's fair use finding or its good faith belief that it was acting in

13 furtherance of the contract's purpose, that it should also be able to raise.  Considering that the

14 Court is allowing argument regarding the scope of breach, the Court permits Real Intent to offer

15 any defenses it may have consistent with the Federal Rules of Evidence and any other applicable

16 rules, laws, or orders.  Without hearing further from the parties, the Court cannot decide at this

17 moment and on such short notice whether any specific defenses are appropriately raised.

18       The final consideration the Court addresses is whether this late-breaking change

19 necessitates any changes to the schedule.  At today's status conference, Synopsys represented that

20 it is ready to present a case on scope of breach.  Real Intent represented that it too could prepare

21 for trial on the same schedule, although it somewhat hedged on the need for additional time to

22 prepare defenses related to the scope of breach that it, for some reason, had not anticipated

23 presenting.  However, neither party asked for a continuance, so trial will still begin as scheduled

24 this coming Tuesday, with one modification.  Rather than complete jury selection and proceed to

25 opening statements on Tuesday, the Court shall swear in the venire and begin voir dire in the

26 morning but will dismiss the venire before the end of the day.  The Court reserves the balance of

27 the afternoon to further discuss the matters raised today and whether any minor adjustments to the

28 Case No.: 20-cv-02819-EJD
FURTHER ORDER REGARDING COMMAND DISPUTE
4

trial schedule are necessary.  The Court will complete jury selection on Wednesday morning.

The parties shall also submit any updated preliminary jury instructions to the Court by 10:00 am on Monday, October 13, 2024.  The parties shall submit any updated witness or exhibit lists by 5:00 pm on Tuesday, October 14, 2024.

**IT IS SO ORDERED.**

Dated: October 11, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-02819-EJD
FURTHER ORDER REGARDING COMMAND DISPUTE
5