KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
REID P. MULLEN - # 270671
rmullen@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
CODY GRAY - # 310525
cgray@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
THERESA M. DAWSON - *pro hac vice*
tdawson@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
BILAL MALIK - # 318767
bmalik@keker.com
CATHERINE C. PORTO - #331168
cporto@keker.com
ELIZABETH A. HECKMANN - #347059
eheckmann@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

Attorneys for Defendant
REAL INTENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REAL INTENT, INC., <br><br> Defendant. | Case No. 5:20-cv-02819-EJD (SvK) <br><br> **REAL INTENT, INC.'S OPPOSITION TO SYNOPSYS, INC.'S SUPPLEMENTAL MOTION *IN LIMINE* RE FAIR USE AND BREACH OF CONTRACT DEFENSES** <br><br> Judge:     Hon. Edward J. Davila <br><br> Date Filed: April 23, 2020 <br><br> Trial Date: October 15, 2024 |

## I. INTRODUCTION

Synopsys' supplemental motion *in limine* broadly seeks an order barring Real Intent from introducing any evidence, argument, or testimony concerning fair use at the upcoming jury trial, and any defenses to Synopsys' breach-of-contract claim that "the Court has already rejected or which are legally irrelevant." *See* ECF 711 at 7. For the reasons stated below, the Court should **deny** Synopsys' motion as moot as to certain issues (*e.g.*, new affirmative defenses to breach of contract liability) and meritless as to others (*e.g.*, explaining to the jury why Real Intent copied from non-Design Vision sources to support customers), particularly in view of Synopsys' anticipated arguments to the jury and the exhibits it disclosed for its first trial witnesses.

## II. ARGUMENT

### A. Real Intent will not argue that "fair use," "good faith," or "interoperability" are defenses to liability for copying commands from Design Vision after 2013.

Synopsys' supplemental motion *in limine* is largely premised on an argument that Real Intent will not make at trial. As the Court's October 11 order stated, "a damages-only trial is no longer tenable" and "the question of whether . . . unresolved commands are part of Real Intent's breach must go to the jury." ECF 707 at 3. On that question of liability, the Court explained that "if Synopsys is able to show that the disputed commands were copied from Design Vision post-2013, that would show the disputed commands fall within the scope of Real Intent's breach and may be considered as part of Synopsys' damage case." *Id.* at 4. The Court then repeated its prior guidance on "what conduct did not fall within the scope of the breach: '(1) Real Intent's copying/incorporation of commands (and corresponding options, attributes, and syntax) from products other than Design Vision, and (2) Real Intent's copying/incorporation of commands from Design Vision that occurred prior to the effective date of the first agreement in 2013.'" *Id.* at 2–3 (citing ECF 687 at 14–15).

Real Intent will *not* argue to the jury that fair use, good faith, or interoperability is a defense to liability for breach of contract by copying a disputed command from Design Vision after April 2013. Indeed, Real Intent did *not* request a preliminary jury instruction seeking to add fair use, good faith, or interoperability as defenses to liability. Instead, Real Intent's liability

defense will be focused on showing that the disputed "unresolved commands" were copied from products other than Design Vision (including from other Synopsys products, like PrimeTime), or were already in Real Intent's products prior to April 2013, which is the effective date of the first agreement. This is consistent with the preliminary jury instructions that the parties submitted earlier today. *See* ECF 710 at Instruction Nos. 2 & 19.

Because the arguments targeted by Synopsys' motion are not ones that Real Intent intends to present at trial, and are not reflected in the parties' recently submitted preliminary jury instructions, the Court should deny Synopsys' motion *in limine* as to this issue as moot.

### B. Real Intent must be able to explain to the jury that it used PrimeTime to add disputed commands in Real Intent products to support its customers.

Real Intent's copying of any commands, options, or attributes from Synopsys' PrimeTime product does ***not*** breach the contracts at issue in the upcoming trial and cannot be considered as part of Synopsys' damages case. *See* ECF 707 and 2–3. Nevertheless, Synopsys' deposition designations and opening statement slides confirm that Synopsys intends to argue to the jury that Real Intent's use of PrimeTime manuals to add command-support to its products was motivated solely by competition with Synopsys' PrimeTime product and a desire to increase revenues, rather than supporting customers by providing interoperability with PrimeTime. Indeed, multiple Synopsys opening statement slides specifically discuss PrimeTime as being a "competitor" to Real Intent, and reference Real Intent's pre-2013 PrimeTime copying as a basis for Real Intent's increased revenue.

Given that liability on additional commands is now a live issue at the upcoming trial, and the evidence will show that many of the disputed, unresolved commands came from PrimeTime (not Design Vision), Real Intent must be able to explain to jurors the circumstances under which its engineers would consult PrimeTime materials to implement new commands (or options and attributes)—namely, to support customers who requested that these commands be added so their design-constraint scripts will be more interoperable with PrimeTime. If Real Intent is not permitted to explain this critical context and motivation to the jury, Real Intent will be prejudiced both by Synopsys' anticipated arguments that PrimeTime competes with Real Intent (and

2
OPPOSITION TO SUPPLEMENTAL MOTION IN LIMINE RE FAIR USE AND BREACH OF CONTRACT DEFENSES
Case No. 5:20-cv-02819-EJD (SvK)

2806838

therefore Real Intent's conduct was motivated by competition, not customer support and interoperability), and by an information vacuum that the jury will interpret can only be explained by Real Intent's improper or unlawful motives. The result of this prejudice is clear: even if Real Intent shows that the disputed, unresolved commands were copied from PrimeTime, the jury will believe that Real Intent should nonetheless be punished because copying from PrimeTime—while not a breach—was wrong and motivated by ill intentions.

For these reasons, Real Intent must be able to discuss customer support and inter-vendor interoperability for design-constraint files with the jury to explain its conduct with respect to "copying/incorporation of commands (and corresponding options, attributes, and syntax) from products other than Design Vision," including Synopsys products like PrimeTime, as this dispute will be front-and-center in the upcoming trial.

**C.     The Court should not permit Synopsys to argue, suggest, or present evidence to the jury that copying by Real Intent from sources other than Design Vision, including Synopsys PrimeTime, was improper, immoral, or unlawful.**

While Real Intent has not requested a jury instruction from the Court on fair use, Real Intent believes—as telegraphed by Synopsys' opening statement slides—that Synopsys will argue or suggest to the jury that Real Intent's copying from sources other than Design Vision, including Synopsys' PrimeTime product, should not be condoned (and, indeed, should be punished), even if it was not a breach of the parties' agreements. The Court should not allow Synopsys to pursue such a strategy.

If Synopsys, through its questioning of Real Intent witnesses, attorney argument, or the presentation of its case-in-chief, casts any doubt on the morality, legality, or propriety of Real Intent's copying from non-Design Vision sources like PrimeTime, Real Intent reserves all rights ask the Court for an instruction to the jury that copying from PrimeTime is both fair and lawful, or for leave to present that argument to the jury directly.

### III.    CONCLUSION

For the foregoing reasons, Synopsys' motion *in limine* should be denied.

3
OPPOSITION TO SUPPLEMENTAL MOTION IN LIMINE RE FAIR USE AND BREACH OF
CONTRACT DEFENSES
Case No. 5:20-cv-02819-EJD (SvK)

2806838

| | | |
|---|---|---|
| Dated: October 15, 2024 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ *Ryan K. Wong* |
| | | ROBERT A. VAN NEST |
| | | REID P. MULLEN |
| | | RYAN K. WONG |
| | | CODY GRAY |
| | | KRISTIN HUCEK |
| | | THERESA M. DAWSON |
| | | VICTOR CHIU |
| | | BILAL MALIK |
| | | CATHERINE C. PORTO |
| | | ELIZABETH A. HECKMANN |
| | | |
| | | Attorneys for Defendant |
| | | REAL INTENT, INC. |

4

OPPOSITION TO SUPPLEMENTAL MOTION IN LIMINE RE FAIR USE AND BREACH OF CONTRACT DEFENSES
Case No. 5:20-cv-02819-EJD (SvK)

2806838