UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>REAL INTENT, INC.,<br><br>   Defendant. | Case No. 5:20-cv-02819-EJD<br><br>**SECOND PRETRIAL ORDER**<br><br>Re: ECF Nos. 709, 711, 715, 719 |

The Court held a hearing on outstanding pretrial matters that emerged since the final pretrial conference, ECF No. 721, and addresses those matters in this Order.

## I. SUPPLEMENTAL MOTIONS *IN LIMINE*

Following the Court's initial pretrial order, the parties filed additional motions *in limine*. ECF Nos. 709, 711. Having received the parties' briefing and having heard argument at hearing earlier today, ECF Nos. 714, 716, 721, the Court rules as follows:

### A. Real Intent's Supplemental Motion

Real Intent asks the Court to exclude several pieces of testimony and exhibits that Real Intent claims are pertinent only to the issue of liability for the DesignWare-related breach that the Court found in summary judgment. ECF No. 709 at 6. Real Intent argues that, because there is no dispute over liability for that breach (unlike for the command-set-focused breach), any such evidence about liability is inadmissible as irrelevant under Federal Rule of Evidence 402 and as more prejudicial than probative under Federal Rule of Evidence 403. *Id.* at 5–6.

Synopsys responds that, even if liability evidence is irrelevant, the evidence that it seeks to

introduce pertains not only to liability, but also to damages.[1]  Synopsys' theory of damages for the DesignWare-related breach is that Real Intent owes damages for research and development costs it avoided as a result of Real Intent's accessing of the DesignWare library.  At hearing, Synopsys explained that Real Intent's defense is that it would have only cost $5,000 to independently develop the material from DesignWare.  Synopsys asserted that it intends to rebut Real Intent's case theory by using evidence of Real Intent trying to hide its accessing of DesignWare.  That is, Synopsys plans to argue that it would be absurd for Real Intent to go to such lengths to hide its use if Real Intent could have easily done the work itself for $5,000.

The Court cannot rule, as a general matter, whether all such evidence should be permitted or excluded.  Synopsys' absurdity argument clears the low bar for relevance.  *See Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) ("The relevancy bar is low, demanding only that the evidence logically advances a material aspect of the proposing party's case.") (internal citations and quotations omitted).  So only Rule 403 can serve as a basis for exclusion.  And while the Court has significant concerns about the potential for prejudice, both probative value and prejudice may vary from exhibit to exhibit.  There is no one-size-fits-all decision possible here.  As such, to the extent that the issues here do not overlap with Real Intent's objections to certain of Synopsys' slides for opening argument (which reference specific exhibits), the Court DEFERS ruling on this MIL pending its exhibit-by-exhibit review.  The Court addresses Real Intent's objections to the opening statement slides below, and its rulings on those objections carry over to the underlying exhibit unless otherwise stated.

Because Real Intent attached the entire deposition of Henry Verheyen to its MIL, the Court is unable to discern which portions of the deposition Real Intent seeks to exclude, or if Real Intent seeks to exclude the entire deposition.  By **10:00 a.m. on October 16, 2024**, Real Intent shall file

---

[1] Synopsys also argues that Real Intent's MIL is untimely because the issues that it raises were apparent earlier in the pretrial process.  While Real Intent's MIL does arrive closer to the beginning of trial than is ideal, the Court nonetheless addresses it now because Real Intent could make the same evidentiary objections at trial rather than in the form of a MIL, and it would be more efficient to resolve these issues now.

Case No.:  5:20-cv-02819-EJD
SECOND PRETRIAL ORDER
2

excerpts of Mr. Verheyen's deposition with the portions that it seeks to exclude highlighted, or if Real Intent seeks to exclude the entire deposition, it shall file a statement so indicating.

### B. Synopsys' Supplemental Motion

Because the Court held in its Further Order Regarding Command Dispute, ECF No. 707, that the parties could present liability arguments on the command-set-focused dispute, Synopsys asks the Court to bar Real Intent from raising fair use or any contract defenses that the Court already rejected on summary judgment. ECF No. 711. In response, Real Intent represented in its opposition and at hearing that it did not intend to reference fair use at all, and that it would not raise interoperability as a defense to breach. Instead, Real Intent would discuss interoperability issues solely to provide context explaining why its engineers copied from Synopsys.

Based on Real Intent's representations, the Court DENIES AS MOOT Synopsys' motion. It is relevant and helpful context for the jury to understand what Real Intent was doing with its copying. Indeed, Real Intent's purposes for copying—to respond to customer requests—seems to overlap considerably with Synopsys' lost profits argument that such copying allowed Real Intent to secure customer contracts that would have otherwise gone to Synopsys.

To be clear, though, Real Intent may only discuss its reasons for copying to provide context. There must be clear guard rails to ensure that such argument does not stray into prejudicial territory. Real Intent may not, as it represented it would not, argue that interoperability or good faith is a defense to or an excuse for breach. Nor may Real Intent, as it represented it would not, argue that it believed its copying was acceptable since it was doing so to further interoperability. Finally, Real Intent may not reference the copyright doctrine of fair use in any way, even as context.

## II. OBJECTIONS TO OPENING STATEMENT DEMONSTRATIVES

### A. Real Intent's Objections to Synopsys' Opening Statement Demonstratives (ECF No. 719)

Real Intent objects to slides 17–18, 33, and 35–41 of Synopsys' opening statement demonstratives. The Court rules on Real Intent's objections as follows:

Case No.: 5:20-cv-02819-EJD
SECOND PRETRIAL ORDER

3

1      Slides 17 and 18: Real Intent's objection to slides 17 and 18 is OVERRULED. The Court

2 initially considered whether it would be appropriate to modify the slides to redact references to

3 PrimeTime because both parties agree that commands, options, and attributes with syntax that

4 were copied from any source other than Design Vision, including PrimeTime, cannot form the

5 basis of any damages award for Synopsys' breach of contract claim. But with the benefit of

6 additional context from counsel for Synopsys, the Court finds that no redactions would be

7 appropriate. Slides 17 and 18 are relevant for Synopsys to explain its theory of why Real Intent

8 "shifted" from copying PrimeTime to copying Design Vision. Counsel for Synopsys confirmed

9 that it would not argue Real Intent was copying from PrimeTime, and the jury will be instructed

10 that any copying from sources other than Design Vision cannot form the basis of any damages

11 award. The probative value of slides 17 and 18 outweighs any prejudice.

12     Slide 33. Counsel for Real Intent stated that it would withdraw its objection to slide 33.

13     Slide 35. Real Intent's objection to slide 35 is OVERRULED. This evidence rebuts Real

14 Intent's argument that access to DesignWare saved only $5,000 in research and development costs

15 because it illustrates part of the risk-reward analysis that Real Intent conducted. Specifically, the

16 evidence may be used to show that the risk was relatively high, and to argue that if Real Intent

17 were to proceed with accessing the DesignWare library despite the risk, the reward must be even

18 higher. Slide 35, unlike some of the other slides subject to Real Intent's objections, does not

19 outright discuss any efforts to hide.

20     Slides 36–37. Real Intent's objection to slides 36 is and 37 is SUSTAINED. These slides

21 reference Synopsys' claims to copyright. No copyright issues remain in this case. Any probative

22 value of the slides in opening statements or otherwise is outweighed by the risk of confusing the

23 jury.

24     Slides 38–41. Real Intent's objection to slides 38–41 is SUSTAINED IN PART. The

25 Court finds that any relevance of these slides in Synopsys' opening statement is outweighed by the

26 prejudice to Real Intent. While the slides may be somewhat relevant to rebut Real Intent's

27 argument that access to DesignWare saved only $5,000, that relevance is outweighed by the risk

Case No.: 5:20-cv-02819-EJD
SECOND PRETRIAL ORDER

that the jury negatively views Real Intent for what it sought to hide.  However, while the Court will not permit Synopsys to use these slides in its opening statement, this ruling does not preclude the admissibility of the emails in the slides for all evidentiary purposes during trial.  It is possible the emails may be used for impeachment purposes or if Real Intent otherwise opens the door.  The Court will therefore address further objections to use of these emails during trial.

**B.  Synopsys' Objections to Real Intent's Opening Statement Demonstratives (ECF No. 715)**

Synopsys objects to slides 42, 43–45, and 47–50 of Real Intent's opening statement demonstratives.  The Court rules on Synopsys' objections as follows:

Slides 42, 47–50.  Counsel for Real Intent stated that it would withdraw slides 42 and 48–50 from its opening statement.  The Court understood counsel intended to state that it also withdrew slide 47 from its opening statement because neither party presented argument regarding slide 47, and slide 47 of the slide deck provided to the Court reflects a slide titled "Key Points of Evidence" that is not subject to Synopsys' objections.

Slides 43–45.  Synopsys' objection to slides 43–45 is OVERRULED.  The Court's pretrial order (ECF No. 687) on Synopsys' MIL to exclude evidence of third-party copying stated that Real Intent would be permitted to rebut any argument that Synopsys' command sets broadly are "unique," and that Synopsys protects them.  But that ruling was based on the understanding that Real Intent intended to present argument of third-party copying of commands *not at issue* in this case.  The commands identified in slide 43 are identified in either the disputed list of commands or the undisputed list of commands.  Slides 43–45 are therefore relevant to rebut Synopsys' argument that the commands are product differentiators and Synopsys' argument that Real Intent's copying of the commands allowed Real Intent to win sales.  Evidence of third parties copying the commands at issue is also relevant to Real Intent's defense that the lost profits Synopsys seeks was not foreseeable because Real Intent understood that the commands were widely used.

Synopsys also raised a concern that the slides are misleading because certain of the commands—without their options—are not at issue.  Synopsys is free to make this argument to

Case No.: 5:20-cv-02819-EJD
SECOND PRETRIAL ORDER

the jury.

## III. UNJUST ENRICHMENT

It remains an open question whether damages under an unjust enrichment theory can go to the jury or whether the Court must decide the issue in a bench trial. If the Court were to proceed as if unjust enrichment were a non-jury question now, not instruct the jury on the issue, and not ask the jury for a verdict on the matter, there would be little recourse other than to hold a new trial on unjust enrichment if the Court ultimately concludes that unjust enrichment should have gone to the jury. Moreover, there are many witnesses that overlap between the lost profits and unjust enrichment issues, and it would be inefficient to try separating their lost profits and unjust enrichment testimony from each other. Therefore, the Court will proceed to trial as if unjust enrichment were a jury question because doing so is the least prejudicial. Should the Court ultimately find that unjust enrichment is a jury question, the parties will have the jury's verdict on that question. And should the Court find that unjust enrichment is a non-jury question, it can then make its own decision in post-trial proceedings notwithstanding the jury verdict.

The Court cannot decide the unjust enrichment issue now because there are complicating questions that the case law does not appear to have addressed. Although some California courts (both federal and state) have submitted unjust enrichment to the jury, none of the available case law appears to explicitly address whether unjust enrichment is a jury question or not. Given the absence of specific discussion, the Court is hesitant to infer too much from those prior cases—perhaps the parties in those cases agreed that unjust enrichment should go to the jury or did not raise that issue with the court. Therefore, to assist the Court's decision on this unjust enrichment issue, the Court ORDERS the parties to file simultaneous briefs of no more than fifteen (15) pages by **9:00 p.m. on October 18, 2024**. The briefs should address the following questions:

1. Whether unjust enrichment is a jury question under California law.
2. Whether unjust enrichment is an equitable remedy for purposes of Seventh Amendment law such that jury trial is unavailable.
3. If unjust enrichment is committed to the jury by California law but is committed to

Case No.: 5:20-cv-02819-EJD
SECOND PRETRIAL ORDER

the Court under the Seventh Amendment, does California law or the Seventh Amendment prevail under the circumstances in this case?

4. Related to Question 3, the parties should also address possible *Erie* or other issues that the Court should be cognizant of related to the question of unjust enrichment.

**IT IS SO ORDERED.**

Dated:  October 15, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02819-EJD
SECOND PRETRIAL ORDER

7