**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
  kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
  bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
  jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
  shenrick@willkie.com
Alex Rhim (Bar No. 333508)
  arhim@willkie.com
Jacob Karim (Bar No. 340376)
  jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
  clee3@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

**WILLKIE FARR & GALLAGHER LLP**
Shaimaa M. Hussein (*Pro Hac Vice*)
  shussein@willkie.com
Devon W. Edwards (*Pro Hac Vice*)
  dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

**WILLKIE FARR & GALLAGHER LLP**
Dane Sowers (*Pro Hac Vice*)
  dsowers@willkie.com
1875 K Street, N.W.
Washington, DC  20006
Tel: 202-303-1000

Attorneys for Plaintiff
SYNOPSYS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.<br><br>            Plaintiff,<br><br>    v.<br><br>REAL INTENT, INC.<br><br>            Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**PLAINTIFF SYNOPSYS INC.'S SUBMISSION REGARDING OUTSTANDING DEPOSITION DISPUTES**<br><br>Complaint Filed: 4/23/2021<br>Trial Date:        10/15/2024 |

Pursuant to the parties' stipulated trial procedures (ECF No. 628-3), paragraph 18, Plaintiff Synopsys Inc. ("Synopsys") submits on behalf of itself and Defendant Real Intent Inc. ("Real Intent") a cover letter identifying outstanding objections to deposition testimony of Oren Katzir, Lisa Piper, David Boucher, Daryl Kowalski, and Henry Verheyen that Synopsys intends to play at trial on Thursday, October 17. The pending objections are organized by witness below.

**Threshold Issue of Order of Testimony**

The parties dispute whether deposition testimony must be played and entered into the record in the order in which it appears in the original transcript.

Synopsys's Position: Synopsys proposes the parties are free to play deposition testimony in whatever order leads to the greatest efficiency.

Real Intent's Position:[1] Real Intent proposes all designations must be entered in chronological order unless the parties agree to playing portions out-of-order as playing testimony out of order can be misleading and lead to jury confusion.

**Oren Katzir (Exhibit B)** (Synopsys Objections to Real Intent Counter Designations, Lines 254:6-11, 255:6-7, 255:12-19, and 256:2-257:08)

Synopsys's Position: Real Intent should not be allowed to play this testimony because it is a counter designation for a portion of Mr. Katzir's deposition that the Court excluded at Real Intent's request. The Court sustained Real Intent's objections to Synopsys's designations of lines 307:13-16, 307:20-22, 309:02-18, and 309:22-24 of Mr. Katzir's deposition. ECF 731 at 2. Real Intent had previously designated lines 254:6-11, 255:6-7, 255:12-19, 256:2-257:8 as counter designations to the portion, and only the portion, of Mr. Katzir's deposition testimony that the Court has now excluded. Real Intent cannot now add

---

[1] Real Intent has endeavored to keep its objections within the bounds of the parties' stipulated pretrial procedures. ECF 628-3 at ¶ 18(c)(ii). If the Court would like additional information on any of Real Intent's objections before ruling, however, Real Intent is willing to provide that in the manner that would be most helpful to the Court.

these lines back in as "amended" counter designations given that it got exactly what it asked for in having the original designation testimony excluded. Real Intent plainly would not permit Synopsys to "amend" its designations at this juncture, nor has Synopsys done so. It is improper for Synopsys to recast its mooted counter designations as a *de facto* "amendment."

Real Intent's Position: Real Intent's counter designations remain relevant to Synopsys' remaining designations and is testimony is necessary to explain, for example, Mr. Katzir's use of DesignWare and the different ways in which programmers can solve the problems; accepting Synopsys's position would result in gross inefficiencies, as it would encourage the parties to list all counter designations for all portions of each deposition to prepare for a scenario in which a particular section of testimony is either dropped by the opposing party or struck by the Court.

**Lisa Piper (Exhibit C)** (Synopsys Objections to Real Intent Counter Designations, Lines 21:06-09, 22:06-07, and 22:09, 23)

Synopsys's Position: Synopsys objects that the testimony is irrelevant, lacks foundation, calls for an improper opinion, and is impermissible under Rule 403, because Ms. Piper's opinion that Cadence is a "competitor" of Synopsys will only serve to confuse the as it is not tethered to the static verification market at issue in this case. Ms. Piper's thoughts on whether the parties compete more generally for the sale of EDA tools is not relevant and unduly prejudicial.

Real Intent's Position: The testimony objected to by Synopsys is relevant to the competitive landscape of the industry, both generally and within the context of the static verification market and is also necessary to contextualize testimony designated by Synopsys about whether Ms. Piper considered Synopsys to be a competitor of Real Intent. *See* Piper Tr. 22:16-22:19.

**David Boucher (Exhibit A)**

(1) Real Intent Objection to Synopsys Designation, Lines 191:6-11 and 227:2-20

Real Intent's Position: Real Intent objects to Synopsys's designations at lines 191:6-11 and 227:2-20 as irrelevant on the basis that the all_fanin and all_fanout commands are

1  undisputed for purposes of breach, and Synopsys makes clear that the only relevance of this
2  testimony is to impermissibly suggest to the jury that if Real Intent copied these commands,
3  it must have copied unspecified others.

4      Synopsys's Position: Synopsys responds that evidence regarding the all_fanin
5  command is relevant as circumstantial evidence regarding the copying of the disputed
6  commands, the harm that resulted from the copying of the undisputed commands, and the
7  overall context of Real Intent's method of copying from Design Vision. Specifically, it rebuts
8  the claim that Real Intent copied the disputed commands, options, and attributes with syntax
9  from PrimeTime. Immediately preceding this testimony, Mr. Boucher was asked generally
10 about Real Intent's use of Design Vision to confirm the behavior of "what you called basic
11 SDC as well as nonbasic constraints[.] (Boucher Dep. Tr. 189:3–17). Mr. Boucher used
12 commands "like all_fanin, and all_fanout" as examples of this conduct, but the testimony and
13 its relevance is not so limited. The "all_fanin" command was just "one example" of
14 "confirming that [his] results would match up to the results [he] got from Design Vision."
15 (Boucher Dep. Tr. 189:19-24, 190:1, 191:6-11).

16     (2) Real Intent Objections to Synopsys Designation, Lines 121:11-13, 121:19-20, and
17         121:23-24

18     Real Intent's Position: Real Intent objects to lines 121:11-13, 121:19-20, and 121:23-
19 24 on relevance and Rule 403 grounds on the basis that where Mr. Boucher reviewed Real
20 Intent's agreements with Synopsys or know what conduct was prohibited under those
21 agreements and any testimony about this knowledge of "how Real Intent was permitted to use
22 Design Vision" under the agreements is not relevant to the command-copying damages issues
23 presented by this case and the timeline issue related to the Verheyen DesignWare issue
24 identified by Synopsys below is not applicable to the command-copying damages theory.

25     Synopsys's Position: The Court's order overruling Real Intent's objections to the
26 deposition of Henry Verheyen already ruled that questions regarding Real Intent's
27 employees' awareness of Synopsys's agreements relate to timeline and are not unduly
28 prejudicial. Dkt. 731 at 2 (citing 2.165–173).

(3) <u>Synopsys Objections to Real Intent's Designations, Lines 89:8-9, 89:11-22, 90:6-9, 90:11-13, 129:5-12, 129:14-15, 133:4-7, 133:9-14, 133:16-19, 133:21, 135:21-22, 135:24-136:7, and 136:10-18</u>

<u>Synopsys's Position:</u>  Synopsys objects to Real Intent's designations (styled as both counter designations to every line of Synopsys designation as well as affirmative designations) because lines contain testimony questions about exhibits that Real Intent has not introduced into evidence and Real Intent has objected to introducing TX419, which is the document that corresponds to lines 129:5-12, 129:14-15, 133:4-7, 133:9-14, 133:16-19, 133:21, 135:21-22, 135:24-136:7, and 136:10-18.  Playing questions about documents without displaying them or admitting them, and indeed while seeking to exclude the very document at issue, will confuse the jury.

<u>Real Intent's Position:</u>  Real Intent responds that it does not believe the documents are necessary to understand that portions of testimony being offered and if the Court sustains its objections to TX419 coming in through Mr. Kowalski, then it will withdraw these counter-designations; if, however, the document comes in through Mr. Kowalski, then Synopsys's objections to these counter-designations become moot.

**Daryl Kowalski (Exhibit D)**

(1) <u>Real Intent Objections to Synopsys Designations (lines 74:23-25, 75:6-8, 83:9-13, 83:16)</u>

<u>Real Intent's Position:</u>  Real Intent objects to lines 74:23-25, 75:06-75:08, 83:09-83:13, 83:16 as they relate to a command (sizeof_collection) that is on neither the Disputed nor Undisputed Commands List.

<u>Synopsys's Position:</u>  This testimony pertains to a command that is paired in the deposition with "query_objects," which is on the Disputed command list.  This testimony provides contexts for the testimony discussing the "query_objects" command.

(2) <u>Real Intent Objections to Synopsys Designations (lines 76:10-12, 76:16-18, 82:23-83:1, 83:3, 98:06-98:12, 98:15-17, 98:19, and 113:3-15)</u>

1    Real Intent's Position: Real Intent objects because these lines refer to a command that
2 is part of a disputed command-option pair, but the testimony refers only to the command and
3 not the associated option and the Court made clear in its Preliminary Jury Instructions that
4 only the command/option pair plus syntax is to be considered.
5    Synopsys's Position:  Synopsys' position is that the copying of a portion of a disputed
6 command-option pair is highly probative of whether the command-option pair was copied
7 from Design Vision after April 2013.  (*See* 10/16/24 Trial Tr. 305:8-24.)   Because the
8 command-option pairs are *paired*, it would make no sense to suggest the option was copied
9 for the command before the command itself was copied from PrimeTime.
10    (3) Real Intent Objections to Synopsys Designations (lines 39:5-14, 39:16-24, 40:1-3)
11    Real Intent's Position: Real Intent objects to lines 39:5-14, 39:16-24, 40:1-3 because
12 that testimony refers to Meridian Constraints, a product that is not subject to Synopsys'
13 damages claim in this case.
14    Synopsys's Position: Real Intent's objections are untimely (as first raised during the
15 parties' meet and confer) and meritless: Mr. Kowalski explained that the Meridian Constraints
16 product included certain commands that were then incorporated into all Meridian products,
17 (Kowalski Dep. Tr. at 67:12-68:4). The certain commands referred to by Mr. Kowalski are
18 those that were needed to read Synopsys constraint files, and testimony that Mr. Kowalski
19 incorporated commands from Design Vision into Meridian Constraints in order to make use
20 of scripts written for Synopsys tools, i.e., Synopsys constraint files, is directly relevant to
21 damages.
22    (4) Real Intent Objections to Synopsys Designations (lines 70:2-11 and 70:15-71:5)
23    Real Intent's Position: Real Intent objects to lines 70:2-11 and 70:15-71:5 as lacking
24 relevance because they relate to undisputed commands (i.e., all_fanin and all_fanout) and also
25 relate to a product (Meridian Constraints).
26    Synopsys's Position:   Synopsys's position is that, as explained above, evidence
27 regarding undisputed commands is circumstantial evidence that the disputed commands were
28

copied from Design Vision (*See* 10/16/24 Trial Tr. 305:8-24.) and evidence regarding Meridian Constraints is directly relevant to Synopsys's damages case.

   (5) <u>Real Intent Objections to Synopsys Designations (lines 113:03-113:15, 113:18-114:02, 114:05-114:11, 114:13-114:14, 114:20, 115:01, 115:04-115:09, 115:11, 120:11-120:20, 121:08-121:10, 121:12)</u>

  <u>Real Intent's Position</u>: Real Intent objects to these lines of testimony on relevance and 403 grounds as they relate to a document, TX419, that solely relates to commands in a product (Meridian Constraints) that is not subject to Synopsys' damages claim in this case and does not discuss any of the disputed command option pairings.

  <u>Synopsys's Position</u>: Synopsys has explained above how and why testimony relating to Mr. Kowalski's copying from Meridian Constraints is relevant. Synopsys further notes Real Intent has designated portions of Mr. Boucher's testimony dealing with this exact same document (*see* 129:5-12, 129:14-15, 133:4-7, 133:9-14, 133:16-19, 133:21, 135:21-22, 135:24-136:7, and 136:10-18, and the parties' objections above).

**Henry Verheyen**

  <u>Real Intent's Position</u>: Synopsys objects to Real Intent's affirmative designations and counter-designations for Henry Verheyen as untimely and beyond the scope but these objections should be overruled because: (1) Synopsys abandoned the entirety of Mr. Verheyen's initial depositions and the timelines in the trial stipulation cannot govern the extraordinary circumstances of Mr. Verheyen's supplemental deposition, and (2) Mr. Verheyen is listed on Real Intent's witness list and Real Intent is therefore entitled to play affirmative testimony from his deposition, including testimony that goes beyond the scope of Synopsys' examination, and (3) the Court and the parties agree that witnesses are to be called only once, so Real Intent's affirmative testimony should be played directly after Synopsys's designations (doing otherwise would be confusing to the jury and prejudicial to Real Intent). Real Intent does not believe evidence that goes to liability for the DesignWare breach is relevant, and to the extent the Court concludes that any designation would "open the door" to liability evidence, Real Intent would withdraw any such designation.

Synopsys's Position: Synopsys' objections to Real Intent's untimely affirmative and counter-designations for Mr. Verheyen are laid out in Synopsys' separate filing, which Synopsys incorporates by reference herein. (Dkt. No 733.)  Contrary to Real Intent's assertion, Synopsys did not "abandon" Mr. Verheyen's initial deposition, because it never intended to play that testimony: lieu of Mr. Verheyen's unanticipated travel, Synopsys took a second, Court-ordered deposition, and timely provided its designations to Real Intent the day after receiving the transcript of that deposition.  Real Intent cannot contend that there were "extraordinary circumstances" that made timely affirmative and counter-designations impossible which somehow applied only to Real Intent.  Real Intent also fundamentally misunderstands Synopsys' scope objection: it relates to the questions asked of Mr. Verheyen at deposition by Real Intent's counsel, Cody Gray, which resembled a trial direct examination and had nothing to do with the questions he was asked by Synopsys.  Tellingly, Real Intent designated *none* of its own questioning in which Mr. Gray asked Mr. Verheyen about the documents introduced by Synopsys. (*See* Dkt. No 733-2.)  The Court did not re-open discovery to allow Real Intent to put on its own case-in-chief in the middle of Synopsys', but that is effectively what Real Intent's affirmative designations provide.  For the reasons set forth in Synopsys' separate statement, Real Intent should not be permitted to play either its affirmative or counter-designations of Mr. Verheyen.

Dated:  October 17, 2024                              Respectfully Submitted,

                                                      WILLKIE FARR & GALLAGHER LLP

                                                      By:   */s/ Krista Schwartz*

                                                            Krista S. Schwartz
                                                            Barrington Dyer
                                                            Joshua D. Anderson
                                                            Stephen Henrick
                                                            Alex Rhim
                                                            Jacob Karim
                                                            Christopher J. Lee
                                                            Shaimaa M. Hussein *(Pro Hac Vice)*
                                                            Devon W. Edwards *(Pro Hac Vice)*
                                                            Dane Sowers *(Pro Hac Vice)*

                                                            Attorneys for Plaintiff
                                                            SYNOPSYS, INC.