**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
  kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
  bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
  jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
  shenrick@willkie.com
Alex Rhim (Bar No. 333508)
  arhim@willkie.com
Jacob Karim (Bar No. 340376)
  jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
  clee3@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Plaintiff
SYNOPSYS, INC.

**WILLKIE FARR & GALLAGHER LLP**
Shaimaa M. Hussein (*Pro Hac Vice*)
  shussein@willkie.com
Devon W. Edwards *(Pro Hac Vice)*
  dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

**WILLKIE FARR & GALLAGHER LLP**
Dane Sowers (*Pro Hac Vice*)
  dsowers@willkie.com
1875 K Street, N.W.
Washington, DC 20006
Tel: 202-303-1000

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>REAL INTENT, INC.<br><br>　　　　　　　Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**SYNOPSYS INC.'S RESPONSE TO REAL INTENT'S OBJECTIONS TO THE DEMONSTRATIVES OF DR. STEPHEN EDWARDS**<br><br>Complaint Filed: 4/23/2021<br>Trial Date:　　 10/15/2024 |

1  Plaintiff Synopsys, Inc. ("Synopsys") respectfully submits the following response to Defendant Real Intent, Inc.'s ("Real Intent") objections to the demonstratives for Dr. Stephen Edwards.

As an initial matter, and as a show of compromise, Synopsys has withdrawn the following slides objected to by Real Intent: PDX7-041, PDX7-043, PDX7-044, PDX7-045, PDX7-054, PDX7-055, PDX7-056, PDX7-057, PDX7-058, PDX7-061, PDX7-062, PDX7-063, PDX7-064, PDX7-065, PDX7-070, PDX7-071, PDX7-072, PDX7-073, PDX7-074, PDX7-077, PDX7-078, PDX7-079, PDX7-080, PDX7-081, PDX7-082, PDX7-083, PDX7-084, PDX7-086, PDX7-087, PDX7-088, PDX7-090, PDX7-091, PDX7-092, PDX7-093, PDX7-106, PDX7-108, PDX7-109, PDX7-112, PDX7-114, PDX7-119, PDX7-121, PDX7-122, PDX7-123, PDX7-125, PDX7-126, PDX7-127, PDX7-128, PDX7-133, PDX7-135, PDX7-136, PDX7-140, PDX7-142, PDX7-145.

As to the slides that remain, Real Intent's objections are misplaced and based on three flawed arguments that should be overruled.

First, and foremost, the documents Dr. Edwards relies on are technical documents. They include "JIRA" and "Bugzilla" tickets, which track product enhancement and bug fixes, as well as emails containing specialized information that require training to understand and interpret – training that Dr. Edwards poses and a lay person does not. The slides at issue with respect to Real Intent's objections here reflect technical information and technical circumstances that are "beyond the parameters of a layperson's knowledge." *See, e.g., Bordelon v. Airgas USA, LLC*, 603 F. Supp. 3d 946, 955 (D. Or. 2022); *Marino v. Maytag Corp.*, No. CIV.A. 02-2085, 2005 WL 2403638, at *4 (W.D. Pa. Sept. 29, 2005) (finding that without an expert's explanation of technical documents, the jury "would lack the necessary knowledge and experience to render a just and proper decision."); *see also* Fed. R. Evid. 702.

**PDX7-075**, **PDX7-089**: Bug tracking ticket requiring technical understanding

**PDX7-124**: Technical terminology requiring expertise to understand.

**PDX7-129**: Email containing technical information and context to understand

Real Intent's objections as to these slides should be overruled. Jurors simply cannot be expected to weigh evidence they do not understand.

Second, Real Intent misunderstands the nature of Dr. Edwards analysis respecting copying.  For breach of contract, Dr. Edward's looked to *the source* of the copying to determine whether Real Intent copied from Design Vision in connection with the disputed commands/options and attributes.  Central to Synopsys's theory of liability for the disputed command/options and attributes is that Real Intent transitioned in 2013 from copying from PrimeTime manuals – which neither Synopsys nor Dr. Edwards contend is a basis for harm or breach – to Design Vision.  In addition, Edwards also considers evidence showing the *likelihood* that Real Intent engineers copied from a usable tool like DesignVision as a usable product, instead of some other, non-interactive source, such as user manuals, as well as considered the nature of the products at issue, and the technical challenges the Real Intent's engineers were attempting to solve.

Moreover, Real Intent's defenses to liability is that it did not copy the undisputed commands from Design Vision in breach of the contract, but rather, it copied from PrimeTime. Eliciting testimony regarding the timeline of the PrimeTime copying is squarely relevant and within Dr. Edwards' area of expertise. Real Intent cannot both claim it continued copying from PrimeTime post-2013 and preclude Dr. Edwards from opining otherwise.

The slides Real Intent objects to on this issue all relate to evidence Dr. Edwards considered showing Real Intent's transition from copying from PrimeTime (which may not be considered as a breach or harm), to copying from DesignVision.  They therefore rebut Real Intent's defense and should be included.

**PDX7-052**, **PDX7-076**: Evidence of switching to DesignVision.

**PDX7-066**: Evidence of copying from DesignVision.

Further, Real Intent conflates the act of copying with state of mind.  To be clear, Dr. Edwards is **not** offering **any** opinions as to anyone's state of mind, intent or motivation.  Dr. Edward is *only* offering opinions about *the source* of the copying.  As the preliminary instructions already establish, the **source** of the copying is properly at issue. *See* 10.16 Trial

1  Tr. at p. 302-315 ("copy" or derivative thereof mentioned thirteen times in preliminary
2  instructions).  To this end, Rule 703 allows an expert to form opinions on "facts or data in the
3  case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Dr.
4  Edwards relied on his own technical analysis of the products at issue, and Real Intent's
5  internal documents to come to his conclusions that Real Intent copied commands/options and
6  attributes that are of particular importance to the parties' mutual customers.

7      Third, Dr. Edward's slides concerning DesignWare go to the substantiality of copying
8  and the time Real Intent saved in research and development, further refuting Real Intent's
9  position that it created "stub models" with minimal copying that could have easily developed
10 from scratch and amount to at most $5,000 in damages.

11     In light of the withdrawn "DesignWare" slides, the only ones that remain at issue are
12 PDX7-098, PDX7-100, PDX7-101, PDX7-129.  Consistent with the Court's direction, these
13 slides go directly to "how much of their RTL source code remained and about the importance
14 of this issue to Real Intent."  10/17 Trial Tr. at 607:9-13. Further, as the Court has already
15 stated on this issue, Synopsys "do[es] not need to wait for the door to be opened on either of
16 those types of evidence." *Id.*

17     **PDX7-098**: Goes to breadth of Real Intent's improper access and use. Simply put, the
18     more DesignWare files Real Intent copied, the more Real Intent saved.
19     **PDX7-100**: Underlying exhibit already in evidence and properly considered by Dr.
20     Edwards
21     **PDX7-101**: Shows how much RTL source code remains.
22     **PDX7-107**, **PDX7-124**, **PDX7-129**: Proper rebuttal to Real Intent defense that it
23     created "stub models" that reused little RTL code saving little time and expense.
24     **PDX7-110**: Explaining what "protected" code means.  10/17 Trial Tr. at 608:1-4 ("So
25     moving forward, the parties may introduce evidence regarding encryption, but you
26     cannot argue that the purpose or evidence that the purpose of the encryption was
27     whether to hide or not to hide.")
28

Consistent with the Court's ruling, the extent to which Real Intent copied the original Synopsys DesignWare files is highly probative in demonstrating how much Real Intent saved in research and development costs. There is a direct correlation between Real Intent's copying and its unjust enrichment. Synopsys must also be able to show the value of what was copied. Further, the slides have been carefully prepared to avoid prejudice to Real Intent.

For the foregoing reasons, Real Intent's objection to Dr. Edwards' few remaining slides should be denied.

Dated: October 18, 2024                             Respectfully Submitted,

                                                                           WILLKIE FARR & GALLAGHER LLP

                                                                           By:   */s/ Krista Schwartz*

                                                                                 Krista S. Schwartz
Barrington Dyer
Joshua D. Anderson
Stephen Henrick
Alex Rhim
Jacob Karim
Christopher J. Lee
Shaimaa M. Hussein *(Pro Hac Vice)*
Devon W. Edwards *(Pro Hac Vice)*
Dane Sowers *(Pro Hac Vice)*

Attorneys for Plaintiff
SYNOPSYS, INC.