KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
REID P. MULLEN - # 270671
rmullen@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
CODY GRAY - # 310525
cgray@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
THERESA M. DAWSON - *pro hac vice*
tdawson@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
BILAL MALIK - # 318767
bmalik@keker.com
CATHERINE C. PORTO - #331168
cporto@keker.com
ELIZABETH A. HECKMANN - #347059
eheckmann@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

Attorneys for Defendant
REAL INTENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REAL INTENT, INC., <br><br> Defendant. | Case No. 5:20-cv-02819-EJD (SvK) <br><br> **REAL INTENT, INC.'S OBJECTIONS TO THE DEMONSTRATIVES OF SYNOPSYS, INC.'S DAMAGES EXPERT MR. BRIAN NAPPER** <br><br> Judge:     Hon. Edward J. Davila <br><br> Date Filed: April 23, 2020 <br><br> Trial Date: October 15, 2024 |

Pursuant to the parties' stipulated trial procedures (ECF 628-3) and the Court's orders, Defendant Real Intent, Inc. ("Real Intent") raises the following objections to the demonstratives proposed by Plaintiff Synopsys, Inc.'s ("Synopsys") damages expert, Mr. Brian Napper (relevant excerpts of which will be emailed to the Court contemporaneously with this filing).

### 1. Slides 9, 14, 16, and 24

Real Intent objects to slides 9, 14, and 16 for the reasons stated in its October 17, 2024 motion *in limine* regarding Synopsys' lost profits claim. *See* Dkt. 737. These slides advance an improper and undisclosed damages theory that the Spyglass product is not at issue for Synopsys' lost profits claim in this case. Slide 16 is also misleading because the red shading doesn't cover the year 2017 on the timeline, suggesting incorrectly that Synopsys isn't seeking damages for that time period (before VC Spyglass was publicly available for sale).

Real Intent also objects to slide 24. Slide 24 is confusing and appears to contradict Synopsys' newly disclosed argument that it is seeking damages for only "VC Spyglass" products, as the slide concerns competition with "Spyglass" products during the 2014-2016 time frame. Slide 24 is also improper because an expert witness cannot simply read and interpret testimony from a fact witness who has testified (as here)—that is within the province of the jury.

### 2. Slides 10, 11, and 18

Real Intent objects to slides 10, 11, and 18 because they depict excerpts of expert reports that are hearsay (and hearsay-within-hearsay), are confusing, and violate the Court's ruling excluding opinions on Real Intent's state of mind. *See* ECF 513 at 11–12. Slide 10, for example, contains an excerpt of Dr. Napper's own report opining that Real Intent "opted to" do something (copy commands), and then further quotes the hearsay report of Synopsys' technical expert, Dr. Edwards, opining that Real Intent "recognized" something (that it had a competitive disadvantage)—none of which is permissible. Slide 11 similarly excerpts a portion of the report of Synopsys' technical expert, Dr. Edwards, opining that Real Intent "sought out to and did" something (copy)—again opining impermissibly on Real Intent's state of mind. Slide 18 contains excerpts of expert reports that are hearsay and should not be shown on Mr. Napper's slides.

//

**3.  Slides 17 and 37**

Real Intent objects to slides 17 and 37 because they depict hearsay testimony taken from the deposition of a Synopsys employee, Namit Gupta, who will in fact be testifying at trial.  Mr. Gupta's hearsay from his deposition should not be included on Mr. Napper's slides.

**4.  Slides 19, 25, and 29**

Real Intent objects to slides 19, 25, and 29 because they depict documents (TX 731, 757, and 705) that have not been admitted into evidence.  Unless and until those documents are admitted into evidence, Real Intent submits they should be included on slides that are shown to the jury.

Dated:  October 18, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Cody Gray*
ROBERT A. VAN NEST
REID P. MULLEN
RYAN K. WONG
CODY GRAY
KRISTIN HUCEK
THERESA M. DAWSON
VICTOR CHIU
BILAL MALIK
CATHERINE C. PORTO
ELIZABETH A. HECKMANN

Attorneys for Defendant
REAL INTENT, INC.