KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
REID P. MULLEN - # 270671
rmullen@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
CODY GRAY - # 310525
cgray@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
THERESA M. DAWSON - *pro hac vice*
tdawson@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
BILAL MALIK - # 318767
bmalik@keker.com
CATHERINE C. PORTO - #331168
cporto@keker.com
ELIZABETH A. HECKMANN - #347059
eheckmann@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

Attorneys for Defendant
REAL INTENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL INTENT, INC.,<br><br>　　　　　Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**REAL INTENT, INC.'S BRIEF REGARDING SUPPLEMENTAL AUTHORITY IDENTIFIED BY THE COURT REGARDING LACK OF JURY TRIAL RIGHT FOR SYNOPSYS, INC.'S REQUEST FOR UNJUST ENRICHMENT**<br><br>Judge:　　Hon. Edward J. Davila<br><br>Date Filed: April 23, 2020<br><br>Trial Date: October 15, 2024 |

1

REAL INTENT, INC.'S BRIEF RE SUPPLEMENTAL AUTHORITY IDENTIFED BY THE COURT RE
LACK OF RIGHT TO JURY TRIAL FOR SYNOPSYS' REQUEST FOR UNJUST ENRICHMENT
Case No. 5:20-cv-02819-EJD (SvK)

2814388

I.   **INTRODUCTION**

Before the start of evidence on Monday, October 21, 2024, the Court directed the parties to *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16 (1963). The Court ordered the parties to submit supplemental briefing regarding how, if at all, *Fitzgerald* impacts whether Synopsy has a right to a jury trial on its equitable unjust enrichment remedy (it does not). *Fitzgerald*, a case concerning admiralty law and the statutory right to a jury trial found in the Jones Act, in no way grants Synopsys a right to a jury trial on the equitable remedy of unjust enrichment. *Fitzgerald* reflected the Court's concerns with having two different factfinders decide "what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments," where "all the claims . . . grow out of a single transaction or accident." *Id.* at 18, 21. Animating the Court's decision were concerns that a contrary course would raise difficulties applying the doctrines of res judicata and collateral estoppel, and could raise problems with overlapping remedies. *Id.* at 19. This case raises none of those concerns and, for the reasons forth in Real Intent's prior briefing, grants Synopsys no Seventh Amendment right to a jury trial on Synopsys's claimed remedy of unjust enrichment, for which there is no issue of liability left to be decided.

In short, *Fitzgerald* does not change the fact that Synopsys does not have a right to a jury trial on the equitable remedy of unjust enrichment. *Fitzgerald* reflected the Supreme Court's concerns with having two different factfinders deciding on one set of facts, which could give rise to problems with res judicata and overlapping remedies. Simply put, the case now before this Court has none of the concerns addressed by the Supreme Court and, as set forth in Real Intent's prior briefing, the answer is plain: there is no Seventh Amendment right to a jury trial on Synopsys's claimed remedy of unjust enrichment, for which there is no issue of liability.

II.   **ARGUMENT**

*Fitzgerald* concerned an accident at sea. A seaman had hurt his back and sued the shipping company. He alleged negligence under the Jones Act, a federal statute that "explicitly provides that a seaman can have a jury trial as of right." *Id.* at 17. He also sued for various "traditional admiralty remedies"—including "maintenance and cure"—that courts historically

2

REAL INTENT, INC.'S BRIEF RE SUPPLEMENTAL AUTHORITY IDENTIFIED BY THE COURT RE LACK OF RIGHT TO JURY TRIAL FOR SYNOPSYS' REQUEST FOR UNJUST ENRICHMENT
Case No. 5:20-cv-02819-EJD (SvK)

2814388

decided. *Id.* at 18, 20. When confronted with cases involving such claims, some lower courts tried the statutory claims to a jury and decided the admiralty claims themselves, while others sent all of the claims to the jury. *Id.* at 17–18. There, the Supreme Court found that, in the interest of judicial efficiency, only one factfinder should decide the case because it was based on one "unitary set of circumstances." *Id.* at 18. The Court nowhere held, or even suggested, that in all cases involving two claims (or remedies) where one claim (or remedy) carries with it the statutory right to a jury while the other does not, that both claims or remedies must be tried to a jury. Indeed, courts analyzing *Fitzgerald* have placed it squarely in the unique context of admiralty and maritime law. *See, e.g., Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1056 (9th Cir. 1997) ("The Supreme Court premised [*Fitzgerald*] on a finding that it had the power and responsibility to fashion rules of admiralty."); *Miles v. M/V Hansa Caledonia*, 245 F. Supp. 2d 1261, 1267 (S.D. Ga. 2002) ("*Fitzgerald* relied on a specific *statutory* grant of a jury trial right. . . to justify the judicial efficiency of sending legal and equitable claims to a jury.") (emphasis in original).

In resolving these issues, the Supreme Court held that, when a plaintiff pleads a Jones Act claim and a maintenance and cure claim, both claims must be given to the jury "**when both arise out of the same set of facts.**" *Id.* at 22. The Supreme Court noted that, when two claims have remedies "based one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery," it is not judicially efficient to try one claim before a judge and another before a jury. *Id.* at 18, 21; *see also id.* at 21 ("Where, as here, a particular mode of trial . . . is so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts, we should not and do not hesitate to take action to correct the situation. **Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim** split conceptually into separate parts because of historical developments.").

*Fitzgerald* has no bearing on Synopsys's claimed right to have a jury decide what numerous courts have called an equitable remedy. *Fitzgerald* involved two claims arising out of

the same set of facts, concerning the same accident, with overlapping remedies. The case now before this Court is different on nearly every point on which the Supreme Court based its holding: this case involves two claims based on ***different sets of facts***, concerning ***different breaches***, with ***different remedies***. And, unlike in *Fitzgerald* where both liability and remedy had to be determined, the only live issue remaining with respect to DesignWare is the equitable remedy of unjust enrichment—liability on Synopsys's DesignWare claim has been decided. There is no overlap—legal or factual—between this claimed remedy, and Synopsys' claim for lost profits. Nothing would be gained in the way of efficiency, saving time, or avoiding confusion by allowing a jury to decide the equitable remedy of disgorgement under these circumstances where there is no overlap between the factual issues that remain to be decided.

     Nor does *Fitzgerald* alter the facts that (1) the right to a jury trial in federal courts is governed by federal law, *see Simler v. Conner*, 372 U.S. 221, 222 (1963), and (2) there is no Seventh Amendment right to a jury trial on the amount of money to be disgorged, *see Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 39 (9th Cir. 2022) ("[D]isgorgement of profits is an equitable issue ordinarily left to the court."); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074–76 (9th Cir. 2015); *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003) ("We emphasize that unjust enrichment is an equitable remedy").To assuage any doubt as to this issue, the Ninth Circuit has a jury instruction on "Disgorgement," the remedy at issue in this case, in the context of Trademark Damages. *See* Ninth Circuit Model Jury Instruction 15.29. The comment to that instruction notes that "***The Ninth Circuit has held that the Seventh Amendment does not provide a right to a jury trial on the amount of profits to be disgorged*** . . . That is, 'disgorgement of profits is an equitable issue ordinarily left to the court.' . . . Therefore, this instruction is being provided if the trial judge wants to impanel an advisory jury on this question." *Id.* Because there is no right to a jury trial on the unjust enrichment remedy, **and** Real Intent objects to having the issues decided by the jury, the claimed remedy should be decided by the Court. *See* Fed. R. Civ. P. 39(a)(2) (Jury trial necessary where demand is made, unless, "the court, on motion or on its

4

REAL INTENT, INC.'S BRIEF RE SUPPLEMENTAL AUTHORITY IDENTIFIED BY THE COURT RE LACK OF RIGHT TO JURY TRIAL FOR SYNOPSYS' REQUEST FOR UNJUST ENRICHMENT
Case No. 5:20-cv-02819-EJD (SvK)

2814388

own, finds that on some or all of those issues there is no federal right to a jury trial.").

As noted in Real Intent's earlier brief on this topic, an advisory jury is not necessary and would not solve the issues of judicial efficiency, time-consuming evidence, and would instead confuse the issues. Indeed, as the Court is aware, Synopsys' claimed remedy regarding unjust enrichment on DesignWare seeks a total of $1.8 million. The presence of this issue in the case is for tactical, rather than economic, reasons for Synopsys. In short, putting the unjust enrichment question to the jury creates (not solves) issues of prejudice and confusion.

To the extent *Fitzgerald* suggests any change to the Court's calculus, it would be to emphasize the practical advantages of giving the DesignVision claim and remedy to the jury while retaining the DesignWare remedy for the Court. Far from being "completely unnecessary, cumbersome, and time-consuming," *Fitzgerald*, 374 U.S. at 21, permitting the jury to hear evidence on and decide the legal remedy of lost profits for Synopsys's DesignVision claim, and entrusting the decision on Synopsys's equitable remedy to the Court would eliminate numerous and unnecessary objections, obstacles, and time-consuming briefing, argument, and side bars regarding the DesignWare evidence. As the Court is aware, the only remaining live issue regarding Synopsys's DesignWare claim is the issue of remedy. There is nothing for any factfinder to decide regarding liability for DesignWare and unjust enrichment. If the Court retains the equitable issues of unjust enrichment/disgorgement for itself, then the jury's job would be significantly simpler, the trial would proceed more efficiently, and Synopsys would still have the opportunity to fully present its evidence on alleged saved R&D costs to the Court (if any further evidence is needed) without risking further confusion to the jury or prejudice to Real Intent.

### III.  CONCLUSION

For these reasons, the Court is not required to permit both the legal remedy of lost profits and the equitable remedy of unjust enrichment to be decided by the jury. Nor should the Court do so, as separating these issues, facts, and remedies would serve to promote efficiency, save time, and help clarify for the jury what their task is.

5

REAL INTENT, INC.'S BRIEF RE SUPPLEMENTAL AUTHORITY IDENTIFIED BY THE COURT RE
LACK OF RIGHT TO JURY TRIAL FOR SYNOPSYS' REQUEST FOR UNJUST ENRICHMENT
Case No. 5:20-cv-02819-EJD (SvK)

2814388

| | |
|---|---|
| Dated: October 21, 2024 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ Reid P. Mullen* |
| | ROBERT A. VAN NEST |
| | REID P. MULLEN |
| | RYAN K. WONG |
| | CODY GRAY |
| | KRISTIN HUCEK |
| | THERESA M. DAWSON |
| | VICTOR CHIU |
| | BILAL MALIK |
| | CATHERINE C. PORTO |
| | ELIZABETH A. HECKMANN |
| | |
| | Attorneys for Defendant |
| | REAL INTENT, INC. |

6

REAL INTENT, INC.'S BRIEF RE SUPPLEMENTAL AUTHORITY IDENTIFED BY THE COURT RE
LACK OF RIGHT TO JURY TRIAL FOR SYNOPSYS' REQUEST FOR UNJUST ENRICHMENT
Case No. 5:20-cv-02819-EJD (SvK)

2814388