1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYNOPSYS, INC.,

                Plaintiff,

      v.

REAL INTENT, INC.,

                Defendant.

Case No.   5:20-cv-02819-EJD

**ORDER RE TRIABILITY OF UNJUST ENRICHMENT DAMAGES BY JURY**

Following summary judgment and the parties' agreed-upon resolution of the patent claim,

three issues remain for trial in this case.  The first two issues arise from a breach of contract

related to Plaintiff Synopsys, Inc.'s Design Vision product.  Specifically, the parties are

proceeding to trial to determine whether the copying of certain disputed software commands,

options, and attributes was part of Defendant Real Intent, Inc.'s breach of contract, and how much,

if any, Real Intent owes in damages, as measured by Synopsys' lost profits.  The third trial issue

arises from a separate breach of contract related to Synopsys' DesignWare library.  The issue here

is how much, if any, Real Intent owes in restitution, as measured by R&D costs that Real Intent

avoided.  The parties dispute whether this third issue must be tried to the jury or if it should go to

the Court.  For the reasons below, the Court presents the question of avoided R&D costs to the

jury for a binding verdict.[1]

                                *       *       *

In federal court, "the right to a jury trial . . . is to be determined as a matter of federal law."

---

[1] Because the Court sends this question to the jury, it does not address the parties' alternative arguments regarding the propriety of an advisory jury.

Case No.: 5:20-cv-02819-EJD
ORDER RE TRIABILITY OF UNJUST ENRICHMENT DAMAGES BY JURY

1

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Simler v. Conner*, 372 U.S. 221, 222 (1963).[2]  Here, that federal law is the Seventh Amendment,

2    which provides in relevant part that, "[i]n Suits at common law, . . . the right of trial by jury shall

3    be preserved."  U.S. Const. amend. VII.  "[T]he thrust of the Amendment [is] to preserve the right

4    to jury trial as it existed in 1791," meaning that the Amendment preserves the right to jury trial for

5    issues historically recognized as legal rather than equitable in nature.  *Granfinanciera, S.A. v.*

6    *Nordberg*, 492 U.S. 33, 41–42 (1989) (quoting *Curtis v. Loether*, 415 U.S. 189, 193 (1974)).  So,

7    when federal courts "characteriz[e] . . . state-created claim[s] as legal or equitable for purposes of

8    whether a right to jury trial is indicated," those federal courts must do so "by recourse to" history,

9    as required by the Seventh Amendment.  *Simler*, 372 U.S. at 611.

10   Because the parties dispute only whether Synopsys' theory of avoided R&D costs must be

11   presented to the jury, the Court focuses its analysis on whether that remedy is historically legal or

12   equitable in nature.  *See Granfinanciera*, 492 U.S. at 42 (looking to the equitable or legal nature of

13   the remedy sought to determine whether a right to trial by jury exists under the Seventh

14   Amendment).

15   The Court begins by identifying the category of traditional remedies that Synopsys'

16   requested relief best fits into.  The parties variously label the theory of avoided R&D costs as

17   unjust enrichment, disgorgement, and restitution.  *See* ECF Nos. 741, 744.  This is perhaps the

18   result of courts using those terms imprecisely and to describe similar concepts.  *See, e.g.*, *Meister*

19   *v. Mensinger*, 230 Cal. App. 4th 381, 398 (2014); *Beaver v. Omni Hotels Mgmt. Corp.*, No. 20-cv-

20   00191-AJB-DEB, 2023 WL 6120685, at *19–21 (S.D. Cal. Sept. 18, 2023).  But labels aside, the

21   Court understands Synopsys' requested remedy to sound in restitution in the broad sense that

22   Synopsys seeks compensation measured by the improper benefit to the defendant (Real Intent)

23   rather than by the loss to the plaintiff (Synopsys).  *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th

24   440, 455 (2005); *see also* Restatement (Third) of Restitution & Unjust Enrichment § 1 cmt. a

25

26   [2] Choice of law may become more complicated if state law is more protective of jury trial than
     federal law.  *In re Cnty. of Orange*, 784 F.3d 520, 530–32 (9th Cir. 2015).  However, the Court
27   finds that federal law establishes a right to jury trial on Synopsys' R&D costs remedy, so it need
     not address this potentially complicating circumstance.

28   Case No.: 5:20-cv-02819-EJD
     ORDER RE TRIABILITY OF UNJUST ENRICHMENT DAMAGES BY JURY
     2

1   (2011) ("Liability in restitution derives *from the receipt of a benefit* whose retention without

2   payment would result in the unjust enrichment of the defendant at the expense of the claimant.")

3   (emphasis added).

4          Categorizing Synopsys' requested relief as restitution does not fully answer the historical

5   question, though.  Although courts frequently refer to restitution as a type of equitable relief, the

6   Supreme Court has long since rejected the notion that all restitution is equitable.  *Great-West Life*

7   *& Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002); *see also Reich v. Cont'l Cas. Co.*, 33

8   F.3d 754, 756 (7th Cir. 1994) (Posner, J.) ("Restitution is [] not an *exclusively* equitable remedy

9   like an injunction."); Restatement (Third) of Restitution & Unjust Enrichment § 4(1) ("Liabilities

10  and remedies within the law of restitution and unjust enrichment may have originated in law, in

11  equity, or in a combination of the two.").  Rather, "[i]n the days of the divided bench, restitution

12  was available in certain cases at law, and in certain others in equity."  *Great-West*, 534 U.S. at

13  212; *see also* Restatement (Third) of Restitution & Unjust Enrichment § 4 cmt. b ("The law of

14  restitution is not easily characterized as legal or equitable, because it acquired its modern contours

15  as the result of an explicit amalgamation of rights and remedies drawn from both systems.").

16  Whether restitution is legal or equitable turns on "the basis for the plaintiff's claim and the nature

17  of the underlying remedies sought."  *Great-West*, 534 U.S. at 213 (cleaned up).

18         Fortunately, the Court need not undertake an exhaustive historical examination into

19  restitution's legal and equitable roots.  The Supreme Court has already distilled the relevant

20  history into a straightforward test for distinguishing between the equitable and legal nature of an

21  underlying restitution remedy.  Restitution is an equitable remedy when it seeks "money or

22  property . . . [that] could clearly be *traced to particular* funds or property in the defendant's

23  possession."  *Id.* (emphasis added).  Put differently, restitution is equitable when it seeks to

24  recover particular property—meaning "specifically identified funds" or other property that might

25  have been traceable to such funds—that the plaintiff has a rightful interest in.  *Fossen v. Caring*

26  *For Montanans, Inc.*, 993 F. Supp. 2d 1254, 1268 (D. Mont. 2014) (citing *Sereboff v. Mid Atl.*

27  *Med. Servs., Inc.*, 547 U.S. 356, 364 (2006)), *aff'd*, 617 F. App'x 737 (9th Cir. 2015); *see also*

28  Case No.: 5:20-cv-02819-EJD
    ORDER RE TRIABILITY OF UNJUST ENRICHMENT DAMAGES BY JURY
    3

United States District Court
Northern District of California

1    *Schuman v. Microchip Tech. Inc.*, 372 F. Supp. 3d 1054, 1059 (N.D. Cal. 2019) (quoting

2    *Montanile v. Bd. of Trs. of Nat. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 658 (2016));

3    *Sivolella v. AXA Equitable Funds Mgmt., LLC*, No. CIV.A. 11-4194 PGS, 2013 WL 4096239, at

4    *5 (D.N.J. July 3, 2013), *report and recommendation adopted*, 2013 WL 4402331 (D.N.J. Aug.

5    15, 2013). By contrast, restitution is a legal remedy in situations where the plaintiff "[can] *not*

6    assert title or right to possession of particular property, but in which nevertheless he might be able

7    to show just grounds for recovering money to pay for some benefit the defendant had received

8    from him." *Great-West*, 534 U.S. at 213 (citation omitted). Such remedy is legal in nature

9    because it is "derived from the common-law writ of assumpsit" and imposes "merely personal

10   liability upon the defendant to pay a sum of money" rather than attempt "to restore to the plaintiff

11   particular funds or property in the defendant's possession." *Id.* at 213–14 (citation omitted).

12          The facts in *Great-West* provide a helpful illustration of how to apply this distinction

13   between legal and equitable restitution. There, the plaintiff was an insurance company who sought

14   to recover some of the medical expenses it had paid for a car accident that one of the defendants

15   was injured in. *Id.* at 207. Specifically, the plaintiff sought a portion of the settlement that the

16   defendants had received in a separate tort action related to the car accident at issue. *Id.* at 207–08.

17   However, the settlement checks went to a Special Needs Trust for the injured defendant and to the

18   attorney who represented the defendants in the tort action, not to defendants themselves. *Id.* at

19   214. Thus, in seeking reimbursement from the defendants, the plaintiff insurance company could

20   not have been seeking the specific settlement funds because those funds were never in defendants'

21   possession. *Id.* Instead, the plaintiff was seeking "*some* funds," not *particular* funds, that would

22   come from defendants' general assets and therefore represent personal liability. *Id.* That is to say,

23   the plaintiff's requested restitution was legal. *Id.*

24          Applying *Great-West*'s basis-of-claim/nature-of-remedy test to the question in this case,

25   the Court concludes that Synopsys' request for avoided R&D costs is legal. First, Synopsys'

26   claim is for breach of contract, which is clearly legal. *See Dairy Queen, Inc. v. Wood*, 369 U.S.

27   469, 477 (1962) ("As an action on a debt allegedly due under a contract, it would be difficult to

28   Case No.: 5:20-cv-02819-EJD
     ORDER RE TRIABILITY OF UNJUST ENRICHMENT DAMAGES BY JURY

United States District Court
Northern District of California

1    conceive of an action of a more traditionally legal character."). Second, the type of restitution that

2    Synopsys claims is legal in character. The costs that Real Intent allegedly avoided come from

3    Real Intent's own assets over which Synopsys does not have any colorable claim of ownership.

4    *See Great-West*, 534 U.S. at 213. Synopsys attempts to recover those avoided costs only "to pay

5    for some benefit [Real Intent] had received"; namely, saved R&D efforts. *Id.* Moreover,

6    Synopsys seeks only costs *avoided*, not any profits, royalties, or fees that Real Intent wrongly

7    *received*. Those avoided costs are not traceable to any specific portion of Real Intent's assets.

8    While one could trace and thus identify particular funds received from royalties or fees, *e.g.*,

9    *Sivolella*, 2013 WL 4096239, at *5, it is difficult if not impossible to say where monies that a

10   defendant did not spend came from.

11           Since both Synopsys' claim and requested remedy are legal in nature, the Court finds that

12   Synopsys has a right to a jury trial on its theory of avoided R&D costs. *Accord Select Comfort*

13   *Corp. v. Baxter*, No. CV 12-2899 (DWF/TNL), 2023 WL 111894, at *3 (D. Minn. Jan. 5, 2023)

14   (holding that a remedy measured by "saved advertising costs" is legal in nature, making jury trial

15   appropriate).

16           Even if saved R&D costs are an equitable remedy, that would only mean that Synopsys

17   does not have a right to a jury trial. But it does not necessarily follow that a bench trial is

18   required. Finding that there is no right to a jury trial on a particular issue is not equivalent to

19   finding that jury trial is forbidden on that issue.

20           Although courts often hold bench trials when there is no right to a jury trial, it is not clear

21   that doing so is required. For one, "neither [the Seventh] Amendment nor any other provision of

22   the Constitution forbids [jury trials]" when there is no right to a jury trial. *Fitzgerald v. U.S. Lines*

23   *Co.*, 374 U.S. 16, 20 (1963); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)

24   (holding that, although there is a constitutional right to a jury trial, there is "no similar requirement

25   [that] protects trials by the court"). Moreover, the Court is unaware of, and the parties have not

26   pointed to, any federal rule or law that prohibits jury trials or requires bench trials in

27   circumstances analogous to those here. Federal Rule of Civil Procedure 39 probably comes the

28   Case No.: 5:20-cv-02819-EJD
     ORDER RE TRIABILITY OF UNJUST ENRICHMENT DAMAGES BY JURY

United States District Court
Northern District of California

1   closest.  But Rule 39(a) describes when jury trials are required—it does not stand for the opposite

2   proposition that bench trials are required when jury trials are not.  Rule 39(b) only applies when

3   no jury demand is made, which is not the case here.  And Rule 39(c) identifies when jury trials can

4   be held by consent.  It provides no guidance on what courts must do when there is no jury right

5   and the parties do not agree whether a bench trial or jury trial is appropriate.

6         In the absence of further guidance on the issue, the Court finds two Supreme Court cases to

7   be instructive.  First, *Simler* establishes that "[t]he federal policy favoring jury trials is of historic

8   and continuing strength."  372 U.S. at 222.  In turn, that suggests that federal courts should err on

9   the side of jury trials when in doubt.  See 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. &

10   Proc. Civ. § 2302.1 (4th ed.) ("And, at a minimum, *Beacon Theatres* and *Dairy Queen* lend

11   impetus toward finding a jury trial right in cases in which classification is doubtful.").  Second,

12   *Fitzgerald* suggests that issues can be sent to the jury even when there is no right to a jury trial and

13   that courts should do so when both jury and non-jury issues "arise out of one set of facts."  374

14   U.S. at 21.  That is so here, where Synopsys' claims for lost profits and avoided R&D costs rely

15   on substantially overlapping witnesses and evidence.  Moreover, the question of avoided R&D

16   costs is an archetypical fact question of the kind that courts often send to the jury—courts have no

17   special expertise, and there are unlikely to be deeply complicated problems beyond the jury's

18   purview as might arise in the context of some injunctions.  So, the Court would still send

19   Synopsys' theory of avoided R&D costs to the jury even if Synopsys did not have a formal right to

20   jury trial on that issue.  *Accord Kiarie v. Dumbstruck, Inc.*, No. 19-CV-00827 (ALC), 2023 WL

21   6785803, at *2 (S.D.N.Y. Oct. 13, 2023).

22         Accordingly, the Court will present the question of R&D costs to the jury.

23         **IT IS SO ORDERED.**

24   Dated: October 22, 2024

25

26                               EDWARD J. DAVILA
                            United States District Judge

27

28   Case No.: 5:20-cv-02819-EJD
ORDER RE TRIABILITY OF UNJUST ENRICHMENT DAMAGES BY JURY

*United States District Court*
*Northern District of California*