**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
shenrick@willkie.com
Alex Rhim (Bar No. 333508)
arhim@willkie.com
Jacob Karim (Bar No. 340376)
jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
clee3@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

**WILLKIE FARR & GALLAGHER LLP**
Shaimaa M. Hussein (*Pro Hac Vice*)
shussein@willkie.com
Devon W. Edwards *(Pro Hac Vice)*
dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

**WILLKIE FARR & GALLAGHER LLP**
Dane Sowers (*Pro Hac Vice*)
dsowers@willkie.com
1875 K Street, N.W.
Washington, DC 20006
Tel: 202-303-1000

Attorneys for Plaintiff
SYNOPSYS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SYNOPSYS, INC.

Plaintiff,

vs.

REAL INTENT, INC.

Defendant.

Case No. 5:20-cv-02819-EJD (SvK)

**SYNOPSYS' PROPOSED VERDICT FORM**

Complaint Filed: 4/23/2020

Trial Date: 10/15/2024

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

**YOUR ANSWERS MUST BE UNANIMOUS**

## I. BREACH OF CONTRACT: COMMANDS/OPTIONS AND ATTRIBUTES WITH SYNTAX

1. What amount of money do you find should be awarded to Synopsys for Real Intent's breach of Section 3.2 of the in-Sync Agreements and Section 2.3 of the 2017 Synopsys Loan Agreement for copying commands and attributes, with syntax from Design Vision into Real Intent products?

$___________________________________

## II. REAL INTENT'S MITIGATION OF DAMAGES DEFENSE

2. Has Real Intent proven by a preponderance of the evidence that Synopsys could have, but did not, mitigated (reduced) its harm from Real Intent's breach of Section 3.2 of the in-Sync Agreements and Section 2.3 of the 2017 Synopsys Loan Agreement with reasonable efforts or expenditures?

| Yes (For Real Intent) | No (For Synopsys) |
| --- | --- |
| _______________ | _______________ |

3. If your answer to Question 2 is "Yes," what amount of money should be subtracted from your response to Question 1?

$___________________________________

## III. BREACH OF CONTRACT: DESIGNWARE

4. What amount of money do you find should be awarded to Synopsys for Real Intent's breach Section 5.1 of the in-Sync Agreements and the 2017 Synopsys Loan Agreement for using and accessing DesignWare?

$___________________________________

**PLEASE DATE AND SIGN THIS VERDICT**

Dated: _________________ Foreperson: ________________________

Dated: October 23, 2024

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

By: */s/ Krista Schwartz*
Krista Schwartz
Barrington Dyer
Joshua D. Anderson
Stephen Henrick
Alex Rhim
Jacob Karim
Christopher J. Lee

Shaimaa M. Hussein *(Pro Hac Vice)*
Devon W. Edwards *(Pro Hac Vice)*
Dane Sowers *(Pro Hac Vice)*

Attorneys for Plaintiff
SYNOPSYS, INC.