KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
REID P. MULLEN - # 270671
rmullen@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
CODY GRAY - # 310525
cgray@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
THERESA M. DAWSON - *pro hac vice*
tdawson@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
BILAL MALIK - # 318767
bmalik@keker.com
CATHERINE C. PORTO - #331168
cporto@keker.com
ELIZABETH A. HECKMANN - #347059
eheckmann@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

Attorneys for Defendant
REAL INTENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REAL INTENT, INC., <br><br> Defendant. | Case No. 5:20-cv-02819-EJD (SvK) <br><br> **BRIEF REGARDING SYNOPSYS, INC.'S PROPOSED REBUTTAL WITNESS PETER GILLEN** <br><br> Judge:         Hon. Edward J. Davila <br><br> Date Filed: April 23, 2020 <br><br> Trial Date: October 15, 2024 |

## I. INTRODUCTION

After months of refusing to accept a trial subpoena for Peter Gillen to appear live at this trial, Synopsys informed Real Intent for the first time last night that it intends to call Mr. Gillen live as a "rebuttal" witness. This is pure gamesmanship and is not proper "rebuttal" in any event.

Mr. Gillen's relevance to this case has long been known to Synopsys. Synopsys designated him as a Rule 30(b)(6) witness during discovery and he was deposed more than a year ago. Three months ago, Real Intent asked Synopsys to accept a trial subpoena for Mr. Gillen so that Real Intent could call him as a live witness in its case-in-chief. Synopsys refused. Real Intent then designated deposition testimony from Mr. Gillen, which Synopsys countered. The parties further revised that deposition testimony earlier this week, engaged in extensive meet and confer efforts to resolve their dispute about the scope of those designations, and ultimately briefed the issue to the Court, and the Court issued a written order yesterday afternoon. Not once throughout this entire process did Synopsys ever indicate that it would call Mr. Gillen as a live witness, despite Real Intent repeatedly asking Synopsys before the trial started whether it had any intention of calling him as a live witness at any point in its case, including its "rebuttal" case.

Synopsys' last-minute attempt to call Mr. Gillen as a live witness comes far too late, is unfair and prejudicial to Real Intent, and is not proper rebuttal. Synopsys has no excuse for not calling Mr. Gillen in its case-in-chief, refusing to make him available for Real Intent's case-in-chief, forcing the parties and the Court to go through rounds of deposition designations, counters, and objections, only to execute an about-face near the end of the trial and bring him live in "rebuttal."  This is particularly true given that Synopsys' primary trial argument—which it has already presented through numerous witnesses and documents, including deposition testimony and documents from Mr. Gillen himself—is that Mr. Gillen is somehow not part of Synopsys.

Rebuttal evidence is for responding to ***unanticipated*** information presented at trial. Given the extensive history on this issue, there is nothing unanticipated about Mr. Gillen's relevance to this case and nothing for Synopsys to properly rebut. Synopsys made a choice long ago to keep Mr. Gillen away from trial. It must stand by that choice.

## II. BACKGROUND

Real Intent deposed Mr. Gillen in March 2023. Synopsys designated him *as its corporate representative* under Rule 30(b)(6) regarding Synopsys' use of Real Intent's tools. Mr. Gillen testified that neither he nor his team ever complained about Meridian CDC's support of any commands. As Synopsys has known for years, this issue has been a core part of Real Intent's arguments in this case.

With the trial approaching, Real Intent asked Synopsys whether it would accept a trial subpoena for Mr. Gillen on July 24, 2024. Ex. A at 9. Synopsys refused to do so. As a result, Real Intent served designations for Mr. Gillen's Rule 30(b)(6) testimony on August 23, 2024.

A month later, Synopsys informed Real Intent that Mr. Gillen may serve as a rebuttal witness. On September 23, 2024, Real Intent wrote: "Since Synopsys declined to accept a trial subpoena for Mr. Gillen, our understanding is that Mr. Gillen will not appear live to testify in Synopsys' rebuttal case. Please confirm if our understanding is correct." Ex. B at 4. In response, counsel for Synopsys stated: "We do not yet know if we will call Mr. Gillen on rebuttal." *Id.* at 3.

On September 25, 2024, Real Intent asked whether "Synopsys is reserving the right to present [Mr. Gillen] live in rebuttal." Ex. B at 2. Counsel for Real Intent added, "Synopsys declined to accept a trial subpoena for Mr. Gillen, so our understanding is that he will not appear live to testify live in Synopsys' rebuttal case." Ex. B at 2. Synopsys did not respond. Days later, counsel for Real Intent asked again: "We've also repeatedly requested clarification on whether Synopsys is reserving the right to present Mr. Gillen live in rebuttal. Please let us know promptly." Ex. C at 2. Synopsys refused to respond, and never indicated it might call Mr. Gillen live.

Despite claiming that Mr. Gillen is part of Synopsys *International Ltd.* and not Synopsys, *Inc.* (the plaintiff in this case), Synopsys disclosed last night that it intends to call him as a rebuttal witness. *See generally* ECF 469 (Synopsys' Motion *in Limine* No. 12) (arguing that Synopsys International ltd. and Synopsys, Inc. are different companies). Given the demonstrative that it sent for Mr. Gillen's testimony, Synopsys apparently intends to argue that Mr. Gillen was part of Synopsys' "IP Group," which is purportedly different than the "Tool Product Group" that

3

develops tools such as Design Compiler. This same testimony has already been designated in Mr. Gillen's deposition designations and elicited from numerous other trial witnesses.

### III. ARGUMENT

"The general rule has long been that whether material evidence (which could have been received as part of the case in chief) should be admitted in rebuttal, lies solely within the sound judicial discretion of the trial court." *Rodella v. United States*, 286 F.2d 306, 309 (9th Cir. 1960). "Under the Federal Rules of Evidence 611, the court is empowered with discretion to limit rebuttal to insure that the evidence unfolds coherently, without unfair surprise and needless consumption of time." *In re Trans World Airlines*, 1996 WL 756962, at *4 (D. Del. Dec. 31, 1996). Synopsys should not be allowed to present Mr. Gillen as a rebuttal witness for two key reasons. *See* Fed. R. Evid. 611(a).

***First***, Synopsys could have—but chose not to—call Mr. Gillen in its case-in-chief. That alone precludes Synopsys from presenting Mr. Gillen as a "rebuttal" witness. Rebuttal evidence "is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief." *Holen v. Jozic*, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018) (quoting *Daly v. Far E. Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003). Synopsys knew long ago that Mr. Gillen was highly relevant to the issues in this case.

- ***Synopsys*** designated him as a Rule 30(b)(6) witness. Real Intent deposed Mr. Gillen in March 2023 and elicited testimony about Mr. Gillen and his team's use of Meridian.

- Real Intent provided designations for Mr. Gillen's deposition testimony in August 2024, which Synopsys countered.

- Synopsys filed a motion *in limine* that sought to preclude any references to Mr. Gillen and his team's use of Real Intent products because they are nominally part of "Synopsys International Ltd.," as opposed to Synopsys, Inc. ECF 469. The Court denied that motion.

- The parties have spent a significant amount of time in the last week designating, objecting to, and counter designating deposition testimony from Mr. Gillen. The Court ruled on those designations yesterday, and Mr. Gillen's designations are ready to be played to the jury.

In short, Synopsys cannot legitimately claim that "unforeseen" events at trial warrant calling Mr. Gillen on rebuttal. Certainly, nothing warranted Synopsys' stonewalling on this issue for months.

If Synopsys wished to call Mr. Gillen as a live witness, it should have done so in its case-in-chief and given Real Intent advance warning. Or it could have accepted a trial subpoena for him and allowed Real Intent to call him as a live witness in its case, and Synopsys could have elicited testimony from him then. Instead, Synopsys (1) refused to accept a trial subpoena on Mr. Gillen's behalf in July 2024; (2) told Real Intent in September 2024 that it did "not yet know if [it] will call Mr. Gillen on rebuttal" and (3) refused to confirm whether Mr. Gillen would appear live to testify in Synopsys' rebuttal case despite repeated questions from Real Intent. Ex. B at 3. As a result of Synopsys' litigation tactics, Real Intent designated Mr. Gillen's Rule 30(b)(6) testimony; met and conferred with Synopsys over the scope of corporate testimony to be played; and briefed the scope of Mr. Gillen's testimony, resulting in an order issued just last night. *See* ECF 771. Nothing justifies Synopsys' game of cat and mouse with Mr. Gillen's live attendance at trial.

Because Synopsys knew that "a contested matter [was] in the case" but "fail[ed] to address it in a timely fashion, [it] scarcely can be heard to complain that the trial court refused to give [it] a second nibble at the cherry." *Daly*, 238 F. Supp. 2d at 1238.

**Second**, Synopsys' decision to call Mr. Gillen will only result in a "needless consumption of time." *In re Trans World Airlines*, 1996 WL 756962, at *4. The Court has already permitted Synopsys to counter-designate testimony from Mr. Gillen on the relationship between the "Tool Product Group" and the "IP Group" at Synopsys. *See* ECF 771. And Synopsys has asked **multiple** other witnesses about this "distinction." *E.g.*, Trial Tr. (Oct. 17, 2024) at 411:3-19 (Ron Duncan testifying on the "EDA division that develops all of [Synopsys'] software" and "another division that operates fairly separately that actually does IP design"); Trial Tr. (Oct. 22, 2024) at 1141:18-22) (Jay Littlefield) (Q: "At least in 2011 you understood that the DesignWare group was separate than the group that was developing EDA tools? A: According to the bullet below, that is what Peter Gillen described."); *Id.* at 1208:6-10 (Ramesh Krishnan) (Q: "So here Mr. Littlefield is responding and he writes, 'These are Peter Gillen's Lint/CDC/Verdi keys. Not part of our partnership plan, but the Synopsys DW group out of Ireland.' Do you see that?" A: Yes, company."); *see also* TX291 (Real Intent email mentioning "Synopsys DW group out of

Ireland").

Synopsys apparently intends to rehash the *same* information through Mr. Gillen's live testimony. Adding Mr. Gillen as a live rebuttal witness will only protract this trial, yield duplicative testimony already captured by prior testimony from both Real Intent and Synopsys witnesses, and result in juror confusion when Mr. Gillen's deposition video will be played.[1] Mr. Gillen should not be allowed to testify as a rebuttal witness.

## IV.  CONCLUSION

For all these reasons, Real Intent respectfully requests that the Court deny Synopsys' request for a rebuttal case. *See* Fed. R. Evid. 611.

Dated:  October 23, 2024

KEKER, VAN NEST & PETERS LLP

By: /s/ Reid P. Mullen
ROBERT A. VAN NEST
REID P. MULLEN
RYAN K. WONG
CODY GRAY
KRISTIN HUCEK
THERESA M. DAWSON
VICTOR CHIU
BILAL MALIK
CATHERINE C. PORTO
ELIZABETH A. HECKMANN

Attorneys for Defendant
REAL INTENT, INC.

---

[1] Moreover, Synopsys has fewer than four hours of trial time remaining. Permitting Synopsys to put on a rebuttal case will likely result in Synopsys exceeding its allotted trial time, derailing the trial schedule, and prejudicing Real Intent.