UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL INTENT, INC.,<br><br>    Defendant. | Case No.   20-cv-02819-EJD<br><br>**ORDER REGARDING JOINT SUBMISSION ON SYNOPSYS' OBJECTIONS TO REAL INTENT'S DEPOSITION DESIGNATIONS**<br><br>Re: ECF No. 756 |

Before the Court are Synopsys' objections to Real Intent's deposition designations and Real Intent's responses to those objections. ECF No. 756. After reviewing the submitted deposition designations and the parties' statements regarding the designations, the Court rules as follows:

**I.    MANOJ GANDHI**

Synopsys objects to the highlighted portions of Mr. Gandhi's deposition at lines 70:3–70:5, 71:24–72:2, 72:18–72:19, 72:22–73:05, 221:3–221:8, 221:25–222:4, 222:6–222:9, and 224:22–225:20. ECF No. 755-4 at 1. Synopsys contends that these lines of Mr. Gandhi's deposition refer repeatedly to "interoperability" in a way that runs afoul of prior orders regarding interoperability. The Court OVERRULES IN PART Synopsys' objections. The designated testimony is background which is permissible according to and consistent with the Court's prior orders regarding interoperability. However, the Court SUSTAINS Synopsys' objection to 224:22–225:20 because that testimony is cumulative of Mr. Ghandi's prior designations. All designations except for 224:22–225:20 may be played.

Case No.: 20-cv-02819-EJD
ORDER REGARDING OBJECTIONS TO REAL INTENT'S DEPOSITION DESIGNATIONS
1

## II. RANDY TINSLEY

Synopsys objects to the highlighted portions of Mr. Tinsley's deposition at lines 25:23–24, 32:4–32:17, 33:2–8, 39:13–15, 42:20, 45:4–11, 46:1–2, 46:6–7, and 46:24–47:03 because they contradict the Court's ruling on Synopsys's MIL No. 31 and would be unduly prejudicial to Synopsys under Rule 403. Synopsys also separately objects to 44:06–44:11 because it plays into the "David vs. Goliath" theme and runs afoul of the Court's ruling on MIL No. 8. The Court rules as follows:

| Designation | Ruling | Reason |
|---|---|---|
| 25:23–24<br>32:4–32:17 | SUSTAINED | Testimony refers to a "code name" for Real Intent. The presence of a code name strongly suggests merger and acquisition activity. *See* MIL No. 31. |
| 33:2–8 | SUSTAINED | Not relevant to show Real Intent's innovation or Synopsys' praise of Real Intent's products. *See* MIL No. 31. |
| 39:13–15 | SUSTAINED | Without the underlying, excluded exhibit, the related testimony is irrelevant and confusing to the jury. |
| 42:20 | SUSTAINED | Testimony refers to a "code name" for Real Intent. The presence of a code name strongly suggests merger and acquisition activity. *See* MIL No. 31. |
| 44:06–44:11 | SUSTAINED | *See* MIL #8. |
| 45:4–11 | OVERRULED | Prejudice and risk of confusion do not outweigh relevance. Relevant to show praise for Real Intent without prejudicially suggesting merger and acquisition activity. *See* MIL No. 31. |
| 46:1–2<br>46:6–7 | OVERRULED | Prejudice and risk of confusion do not outweigh relevance. Relevant to show praise for Real Intent without prejudicially suggesting merger and acquisition activity. *See* MIL No. 31. |
| 46:24–47:03 | OVERRULED | Prejudice and risk of confusion do not outweigh relevance. Relevant to show praise for Real Intent without prejudicially suggesting merger and acquisition activity. *See* MIL No. 31. |

### III. JEFF MORRISON

Synopsys objects to the highlighted portions of Mr. Morrison's deposition testimony at lines 10:09–13, 11:22–12:09, 77:01–77:03, 79:11–80:02, 116:19–21, and 116:24.

| Designation | Ruling | Reason |
|---|---|---|
| 10:09–13, 11:22–12:09, 77:01–77:03, 79:11–80:02 | OVERRULED. | Mr. Morrison explicitly testified that he was designated to respond to topic number 72: "For each aspect of DesignWare that you allege was unlawfully accessed by Real Intent, your investment of money and time in all research, development, drafting, or composition of activities that led to the creation of such aspect of DesignWare." These designations relate to that topic and are relevant to Synopsys' damages claim of avoided R&D costs. |
| 116:19–21 116:24. | SUSTAINED. | Mr. Morrison was asked generally about harm in these designations, but Real Intent has not established that Mr. Morrison was designated on the issue of harm, generally. Beyond the scope of 30(b)(6) topics. |

**IT IS SO ORDERED.**

Dated: October 23, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-02819-EJD
ORDER REGARDING OBJECTIONS TO REAL INTENT'S DEPOSITION DESIGNATIONS
3