**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
  kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
  bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
  jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
  shenrick@willkie.com
Alex Rhim (Bar No. 333508)
  arhim@willkie.com
Jacob Karim (Bar No. 340376)
  jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
  clee3@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

**WILLKIE FARR & GALLAGHER LLP**
Shaimaa M. Hussein (*Pro Hac Vice*)
  shussein@willkie.com
Devon W. Edwards (*Pro Hac Vice*)
  dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

**WILLKIE FARR & GALLAGHER LLP**
Dane Sowers (*Pro Hac Vice*)
  dsowers@willkie.com
1875 K Street, N.W.
Washington, DC  20006
Tel: 202-303-1000

Attorneys for Plaintiff
SYNOPSYS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYNOPSYS, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>REAL INTENT, INC.<br><br>  Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**SYNOPSYS' RESPONSE TO REAL INTENT'S OBJECTION TO SYNOPSYS' PROPOSED REBUTTAL WITNESS**<br><br>Complaint Filed:  4/30/2021<br>Trial Date:        10/15/2024 |

I.  **INTRODUCTION**

Real Intent's attempt to preclude Synopsys from putting on a rebuttal case (Dkt. No. 781, "Obj.") is without merit.  The applicable rule here is straightforward:  a witness who is called to testify "solely for impeachment or rebuttal" need not be identified on the Joint Witness List, and need not be disclosed ahead of time.  Standing Order for Civil Cases at 5.  There can be no dispute that Mr. Gillen is such a rebuttal witness:  Synopsys intends to call him solely to defend against Real Intent's affirmative defense of mitigation.  Synopsys will elicit testimony from Mr. Gillen explaining why his use of Real Intent's tools did not, and could not, have given rise to notice of Real Intent's breach of contract and cannot have created a duty to mitigate.  Real Intent's conclusory assertion that this is somehow "not proper rebuttal" (Obj. at 1) is wholly unfounded, and its protests that Synopsys' disclosure of Mr. Gillen's testimony "is unfair and prejudicial" (*id*.) ignore this Court's procedures.  It is Real Intent that has put Mr. Gillen at play from the start of trial—Real Intent's opening statement mentioned him by name.  Synopsys is well within its rights to call him on rebuttal.

In its objection, Real Intent concocts a new rule about the scope of rebuttal, and impugns Synopsys for not following it. The only authority it cites is not binding on this Court.  Simply put, whether Mr. Gillen may be called as a rebuttal witness does not depend on whether Synopsys accepted a subpoena for him (Obj. at 2); whether Synopsys could have called him in its case-in-chief (*id.* at 4); or whether other witnesses have testified about similar issues (*id.* at 5–6.).  Real Intent has placed **Mr. Gillen** squarely in the cross-hairs of this litigation.  It is Mr. Gillen's knowledge and testimony that matters.

Nor will Mr. Gillen's testimony "protract this trial."  (Obj. at 5.)  Synopsys is well aware of its remaining time allotment and will not exceed it, regardless of whether Mr. Gillen is called in rebuttal.  If Mr. Gillen is not called, Synopsys will use all of its time cross-examining Real Intent's remaining witnesses.  If Real Intent seeks to avoid lengthening trial, it is welcome to forgo a cross-examination.  But it cannot unilaterally decide how Synopsys can try this case.

The Court should overrule Real Intent's Objection.

## II. ARGUMENT

Real Intent claims it has wanted to question Mr. Gillen live at trial. (*See* Dkt. No. 781-1 at 9.) Now it objects to doing exactly that. It accuses Synopsys of gamesmanship despite Synopsys going above and beyond its disclosure obligations regarding rebuttal witnesses. Real Intent should not be permitted to put Mr. Gillen at the center of its case, then bar Mr. Gillen from testifying himself as a rebuttal witness.

First, as Real Intent's brief admits, it has been on notice for months that Synopsys might call Peter Gillen in its rebuttal case.[1] (*See* Obj. at 3.) This is notice above and beyond what is required. Not only does the Court's Standing Order make clear that rebuttal witnesses need not be identified to the opposing party, but all three filings of the parties' witness lists expressly carve out witnesses who will be called "solely for impeachment or rebuttal." (*See* Dkt. Nos. 628-11, 643, and 695.) Likewise, the parties' stipulated pretrial order places no requirement as to disclosure of rebuttal witnesses. (*See generally* Dkt. No. 628.) Simply put, Real Intent cannot claim unfair prejudice or surprise now that Mr. Gillen has been identified as a rebuttal witness, just as it could not claim prejudice had Synopsys called **any other witness** to testify on rebuttal. Indeed, Real Intent's argument that Synopsys "could have" called Mr. Gillen in its case-in-chief (Obj. at 4-5) would allow an imagined exception to swallow the rule: by definition, *any* rebuttal witness "could" be called earlier. That is no reason to preclude testimony at trial. Indeed, such a rule makes even less sense here, as Mr. Gillen is exclusively relevant to Real Intent's "affirmative defense" of mitigation on which Real Intent alone bears the burden of proof. *Maldonado v. Apple, Inc.*, No. 3:16-cv-04067-WHO, 2021 WL 1947512, at *24 (N.D. Cal. May 14, 2021) (citing *Erler v. Five Points Motors*, 249 Cal. App. 2d 560, 561 (1967)). Synopsys was under no obligation to

---

[1] As Real Intent's filing shows, Synopsys disclosed that it *may* call Mr. Gillen as a rebuttal witness on September 23, 2024. (Obj. at 4.) Synopsys once again confirmed that it did know whether it would call Mr. Gillen in its rebuttal case the very next day. (*Id.*)

preemptively rebut any one of the 26 affirmative defenses Real Intent has asserted in this action (*see* Dkt. 151) during its case-in-chief. *Santillan v. Verizon Connect, Inc.*, No. 3:21-cv-1257-H-KSC, 2022 WL 4596574, at *11 (S.D. Cal. June 13, 2022) (affirmative defense was "not the plaintiff's burden to disprove . . . as part of his case-in-chief, rather, it is an affirmative defense" that the defendant "carries the burden to plead and prove"). Just as Real Intent had the opportunity to rebut the matters on which Synopsys bore the burden of proof, Synopsys is entitled to an opportunity to address those matters for which Real Intent carries the burden.

Second, because mitigation is an affirmative defense, it is Real Intent—not Synopsys—that has put Mr. Gillen front and center in this trial. Real Intent's opening statement identified Mr. Gillen by name, noting that he was "one of the first customers" of Real Intent. (Trial Tr. at 352:4-8.) Real Intent called a fact witness, Ramesh Krishnan, largely to testify about his relationship with Mr. Gillen. (*See generally* Trial Tr. at 1179-1199.) And still other Real Intent witnesses, including Prakash Narain and Graham Bell, have testified about Mr. Gillen by name. (Trial Tr. 1272-73; 1398-99.) By contrast, not a single Synopsys witness has testified about him or his use of Real Intent products. Nor is Mr. Gillen relevant to any issue on which Synopsys bears the burden of proof: as Real Intent is well aware, he was employed by a different corporate entity than Synopsys, Inc. (TX080), and his work was "independent of the rest of Synopsys tool development (TX898). Mr. Gillen also did not have any involvement in the development of DesignWare building blocks which Real Intent unlawfully accessed and used; as Dr. Alexandre Tenca testified, engineers engaged on that project are based in Oregon and China, not Ireland. (*See* Trial Tr. 596:14-597:8.)

Given these circumstances, Mr. Gillen's testimony is classic rebuttal, and it is entirely proper for Synopsys to call him to rebut Real Intent's presentation of evidence. *Beckway v. DeShong*, No. C07-5072 TEH, 2012 WL 1355744, at *6 (N.D. Cal. Apr. 18, 2012); *see also Robinson v. Open Top Sightseeing San Francisco, LLC*, No. 14-cv-00852-PJH, 2018 WL 895572, at *2 (N.D. Cal. Feb. 14, 2018) (court taking no issue with the defense stating it would "possibly [call] rebuttal witnesses."). Nothing in Real Intent's cited authority suggests

otherwise. One of Real Intent's cases involves a belated disclosures of expert witnesses during discovery, *Holen v. Jozic*, No. C17-1147 JLR, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018) ("in order to qualify **as a rebuttal expert**, the expert must provide evidence that contradicts or rebuts another party's expert…"); in the other, the proffered testimony would have contravened the pretrial order, been "more prejudicial than probative," and exceeded the plaintiff's allotted time. *Daly v. Far E. Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1238-39 (W.D. Wash. 2003). None of those circumstances are present here.

Real Intent is left with its cries of "gamesmanship," but these too ring hollow. Mr. Gillen lives in Ireland, he works for a different company (Synopsys International, Limited), and Synopsys has consistently maintained that he is irrelevant to this litigation—notwithstanding Real Intent's assertions to the contrary. In fact, until the eve of trial, Synopsys **sought to exclude all testimony any evidence about Mr. Gillen**. Synopsys moved *in limine* to bar evidence relating to its subsidiaries—including Synopsys International and its use of Real Intent tools. That motion was not denied until six days before jury selection began. (*See* Dkt. No. 687 at 5.) Following that ruling, and despite knowing for a month that Synopsys might call Mr. Gillen live, Real Intent never followed up with Synopsys about Mr. Gillen's appearance. There is no gamesmanship here; only an effort to prevent Synopsys from rebutting the evidence Real Intent provided in support of its affirmative defense.

While Synopsys was under no obligation to disclose rebuttal witnesses, Real Intent has had an entire month to prepare for the possibility of Mr. Gillen's testimony. Real Intent is free to cross examine him at trial. It may not, however, use manufactured rules to prevent Synopsys from rebutting matters on which Real Intent bore the burden of proof in *its own* case-in-chief.

### III. CONCLUSION

For the reasons set forth above, Real Intent's Objection should be overruled, and Mr. Gillen should be permitted to testify as a rebuttal witness following the close of Real Intent's presentation.

| | |
|---|---|
| Dated: October 23, 2024 | Respectfully Submitted, |
| | WILLKIE FARR & GALLAGHER LLP |
| | By: <u>*Krista S. Schwartz*</u> |
| | Krista S. Schwartz |
| | Barrington Dyer |
| | Joshua D. Anderson |
| | Stephen Henrick |
| | Alex Rhim |
| | Jacob Karim |
| | Christopher J. Lee |
| | Shaimaa M. Hussein *(Pro Hac Vice)* |
| | Devon W. Edwards *(Pro Hac Vice)* |
| | Dane Sowers *(Pro Hac Vice)* |
| | Attorneys for Plaintiff |
| | SYNOPSYS, INC. |