1

**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
  kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
  bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
  jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
  shenrick@willkie.com
Alex Rhim (Bar No. 333508)
  arhim@willkie.com
Jacob Karim (Bar No. 340376)
  jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
  clee3@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Plaintiff
SYNOPSYS, INC.

**WILLKIE FARR & GALLAGHER LLP**
Shaimaa M. Hussein (*Pro Hac Vice*)
  shussein@willkie.com
Devon W. Edwards *(Pro Hac Vice)*
  dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

**WILLKIE FARR & GALLAGHER LLP**
Dane Sowers (*Pro Hac Vice*)
  dsowers@willkie.com
1875 K Street, N.W.
Washington, DC  20006
Tel: 202-303-1000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.<br><br>                              Plaintiff,<br><br>        vs.<br><br>REAL INTENT, INC.<br><br>                              Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**DECLARATION OF JUSTIN BOYCE IN SUPPORT OF REAL INTENT, INC.'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:        Hon. Edward J. Davila<br><br>Complaint Filed: 4/23/2021<br>Trial Date:        10/15/2024 |

I, Justin Boyce, hereby declare as follows:

1.      I am a Senior Director, Litigation, with Synopsys, Inc. ("Synopsys"), plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2.      Pursuant to Local Rule 7-11 and 79-5 and this Court's Standard Order on Administrative Motions to Seal, I submit this declaration in support of Real Intent's Motions to Consider Whether Another Party's Material Should Be Sealed. Specifically, I submit this declaration in support of sealing certain Synopsys confidential information contained in portions of Real Intent's supplemental motion *in limine* regarding SpyGlass lost profits (ECF No. 737), Real Intent's objections to the counter-designations to Peter Gillen's deposition testimony (ECF No. 747), Real Intent's response to Synopsys' objections regarding Dr. Marc Levitt (ECF No. 763), Real Intent's response to Synopsys' evidentiary objections (ECF No. 770), and/or the supporting exhibits thereto.

3.      I understand that because Real Intent's filings relate to non-dispositive matters, the information requested to be filed under seal is not subject to a strong presumption of public access. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the party that requests sealing need only make a showing of "good cause" to justify sealing the material. *Real Action Paintball, Inc. v. Advanced Tactical Ordinance Sys., LLC*, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)). "Under the 'good cause' standard, the party seeking protection bears the burden of showing specific prejudice or harm will result" if the information it seeks to file under seal is publicly disclosed. *Id.*

4.      I have reviewed Real Intent's supplemental motion *in limine* regarding SpyGlass lost profits, and the supporting exhibits thereto. Portions of Real Intent's supplemental motion and the exhibits reflect and discuss competitively sensitive Synopsys business and technical information, and should be filed under seal. Specifically, the supplemental motion discusses Synopsys's contractual relations with specific entities, and include commercially sensitive information concerning market demand and the relative positioning of Synopsys's products and Real Intent's products. Furthermore, the motion identifies certain of Synopsys' actual and prospective customers,

which would reveal Synopsys' competitive standing and relationships with particular customers. The motion also refers to commercially sensitive financial information based on Synopsys' revenue and sales, as well as its internal accounting measures. Exhibits A and C discuss the same and similar information, and were both designated by Synopsys as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Accordingly, the confidential portions of Real Intent's motion, along with the entirety of Exhibits A and C, should remain sealed.[1]

5.      I have reviewed Real Intent's objections to the counter-designations to Peter Gillen's deposition testimony, and the supporting exhibit thereto. Exhibit A to Real Intent's objections is the entirety of Mr. Gillen's deposition transcript. During that deposition, Mr. Gillen and counsel discussed numerous topics that Synopsys treats as commercially sensitive and confidential, including: (1) confidential information regarding Synopsys' product features, including Synopsys command set elements, which Synopsys maintains as confidential and proprietary; (2) the research and development related to Synopsys products, including DesignWare; (3) commercially sensitive information concerning market demand and the relative positioning of Synopsys' products and Real Intent's products; (4) the terms of Synopsys' contractual agreements; and (5) commercially sensitive information regarding Synopsys' operations, including the division of responsibilities between different Synopsys corporate entities and groups within those entities. The sensitive portions of Mr. Gillen's deposition transcript were also designated by Synopsys as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Accordingly, the confidential portions of Exhibit A should remain under seal.[2]

6.      I have reviewed Real Intent's response to Synopsys' objections regarding Dr. Marc Levitt, and the supporting exhibit thereto. Exhibit A to Real Intent's response is an excerpt of Dr. Levitt's expert report. Portions of that report reflect and discuss competitively sensitive Synopsys

---

[1] I understand that, contemporaneously with this Declaration, Synopsys will be submitting a proposed redacted version of the supplemental motion that unseals the non-confidential portions of that motion.

[2] I understand that, contemporaneously with this Declaration, Synopsys will be submitting a proposed redacted version of Mr. Gillen's deposition transcript that unseals the non-confidential portions of that transcript.

business and technical information, and should be filed under seal. For example, the excerpted portions reflect commercially sensitive information concerning market demand and the relative positioning of Synopsys' products and Real Intent's products, as well as the terms of Synopsys' contractual agreements. The report also discusses confidential information regarding Synopsys' product features, including Synopsys command set elements, which Synopsys maintains as confidential and proprietary. Furthermore, the report discusses the terms of Synopsys' contractual agreements, which Synopsys routinely treats as sensitive and confidential. The confidential portions of Exhibit A should therefore remain under seal.[3]

7.     I have reviewed Real Intent's response to Synopsys' evidentiary objections and the supporting exhibit thereto. The highlighted portions of Real Intent's response refer to sensitive business information with regard to potential business transactions, the disclosure of which could harm Synopsys' competitive standing in the EDA market. Exhibit A to the response likewise discusses the same information, and was designated by Synopsys as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY. Accordingly, the highlighted portions of Real Intent's responses, and the entirety of Exhibit A thereto, should remain under seal.

8.     Allowing a competitor to have access to, or possession or knowledge of, the information described above would cause competitive harm to Synopsys. Maintaining the confidentiality of this information is essential for Synopsys to maintain its competitive advantage. A full, public disclosure of this information would provide Synopsys' competitors unrestricted access to and knowledge of Synopsys' proprietary, commercially sensitive, and confidential information, as well as insight into the perceived strength of Synopsys' business, as well as the identity of actual or prospective customers. Moreover, public disclosure of this information would provide Synopsys' competitors with information about its business strategies, financial information, and the terms of its contractual relations—all of which are consistently treated as confidential by

---

[3] I understand that, contemporaneously with this Declaration, Synopsys will be submitting a proposed redacted version of Dr. Levitt's report that unseals the non-confidential portions of that report.

1   Synopsys. Such unrestricted access or knowledge would allow Synopsys' competitors to wrongly

2   gain significant advantages in using this information in their own products and business strategies.

3           9.      With respect to Synopsys's command set elements, Synopsys maintains these

4   elements as proprietary and confidential, and does not make them public. Rather, Synopsys

5   distributes them only to licensees of its products, subject to restrictions on further dissemination and

6   use. Disclosure of those commands would risk unauthorized copying of Synopsys's copyrighted

7   works.

8           10.     Synopsys engages in significant efforts to preserve the confidentiality of its

9   proprietary and commercially sensitive information, including but not its strategies concerning

10  business developments and intellectual property. Synopsys does not disseminate indiscriminately

11  its proprietary, commercially sensitive, and confidential information. Synopsys maintains such

12  information, including contracts, on a "need-to-know" basis within Synopsys, and does not

13  disseminate it outside of the company. This is consistent with Synopsys's other measures to

14  maintain the confidentiality of its competitively sensitive business information, including placing

15  confidentiality notices on documents containing its proprietary, commercially sensitive, and

16  confidential information and requires third parties to whom disclosure of such information is

17  necessary, such as its customers, to sign strict non-disclosure agreements before any access is

18  granted to the proprietary, commercially sensitive, and confidential information, including

19  Synopsys' information reflected in the above-described documents.

20

21          I declare under penalty of perjury under the laws of the United States and the State of

22  California that the foregoing is true and correct.

23          Executed this 24th Day of October, 2024 in San Jose, California.

24

25

26          Justin Boyce

27

28

- 4 -
BOYCE DECLARATION ISO MOTION TO SEAL
Case No. 5:20-cv-02819-EJD (SvK)