**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
  kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
  bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
  jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
  shenrick@willkie.com
Alex Rhim (Bar No. 333508)
  arhim@willkie.com
Jacob Karim (Bar No. 340376)
  jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
  clee3@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

**WILLKIE FARR & GALLAGHER LLP**
Shaimaa M. Hussein (*Pro Hac Vice*)
  shussein@willkie.com
Devon W. Edwards *(Pro Hac Vice)*
  dedwards@willkie.com
787 Seventh Ave.
New York, NY 10019
Telephone: (212) 728-8000

**WILLKIE FARR & GALLAGHER LLP**
Dane Sowers (*Pro Hac Vice*)
  dsowers@willkie.com
1875 K Street, N.W.
Washington, DC 20006
Tel: 202-303-1000

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.<br><br>                Plaintiff,<br><br>vs.<br><br>REAL INTENT, INC.<br><br>                Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**PLAINTIFF SYNOPSYS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Complaint Filed: 4/23/2021<br>Trial Date:       10/15/2024 |

## I. INTRODUCTION

During the course of trial in this case, the jury has heard testimony from numerous witnesses and seen hundreds of documents that have been admitted into evidence. There are two issues, however, for which the jury has not been provided with a legally sufficient basis to find in Real Intent's favor. First, Real Intent failed to present sufficient evidence that Synopsys failed to mitigate any damages associated with Real Intent's breach of contract related to commands/options and attributes with syntax. Second, Real Intent failed to present sufficient evidence that any amount should be subtracted from the value Real Intent unjustly obtained due to its breach of contract related to DesignWare. Synopsys respectfully moves under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law as to those two issues.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the court may … resolve the issue against the party." Rule 50(a) "allows a court to remove 'issue[s]'—claims, defenses, or entire cases—from the jury when there is no 'legally sufficient evidentiary basis' to support a particular outcome." *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007). In other words, "[w]hen the jury is the trier of fact, judgment as a matter of law is appropriate only if no reasonable jury could find in favor of the non-moving party." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2019 WL 7584727, at *1 (N.D. Cal. Nov. 26, 2019) (citation omitted).

## III. ARGUMENT

Judgment as a matter of law should be granted to Synopsys on two issues: (1) Real Intent's failure-to-mitigate defense, and (2) whether any subtractions should be made from the amount by which Real Intent was unjustly enriched.

### A. Failure to Mitigate

On its defense of failure to mitigate damages, Real Intent relies heavily on the fact that a small team in Ireland that was part of the Synopsys Solutions Group, led by Peter Gillen, used Real Intent's Meridian and Ascent tools from approximately 2012 to 2015. Real Intent uses that fact to

1    draw two weak inferences: first, that by having access to Real Intent's products and manuals, Mr.
2    Gillen and his team reasonably should have known that Real Intent's products used Synopsys'
3    proprietary command sets; and second, that Mr. Gillen and his team reasonably should have notified
4    someone in Synopsys' EDA Group or legal department that those proprietary commands were being
5    used in Real Intent's products without authorization. The trial record provides no support for either
6    of those inferences.

7    As applied to a breach of contract claim, the defense of failure to mitigate damages requires
8    a showing by the breaching party that "losses could have been avoided by reasonable effort and
9    expense." *Brandon & Tibbs v. George Kevorkian Acct. Corp.*, 226 Cal. App. 3d 442, 460 (1990).
10   That is, the breaching party bears the burden of showing that the non-breaching party did not "use
11   reasonable care to prevent an unwarranted piling up of damages." *MAG Aerospace Indus., LLC v.*
12   *Precise Aerospace Mfg., Inc.*, No. 5:18-cv-01096, 2022 WL 18278630, at *3 (C.D. Cal. Apr. 11,
13   2022) (quoting *Guerrieri v. Severini*, 51 Cal. 2d 12, 23 (1958)). No such showing has been made in
14   this case.

15   Although Mr. Gillen's small team had access to Real Intent's products and documentation,
16   the record overwhelmingly shows that Mr. Gillen's team would have had to exercise effort and
17   expense well beyond what is "reasonable" in order to mitigate damages. *See id.* First, Mr. Gillen
18   and his team were part of the Synopsys Solutions Group, which was completely separate from the
19   Synopsys EDA Group. Trial Tr. 1652:10-15, 1656:3-12; *see also id.* at 411:3-19 (testimony of Ron
20   Duncan); TX898 ("They are independent of the rest of Synopsys tool development."). Only Mr.
21   Gillen's 20-member team within the Solutions Group would have had access to the Real Intent
22   products, not anyone within the EDA Group. *Id.* at 1656:13-21. Second, Mr. Gillen explained at
23   trial that he had no reason to believe that Real Intent was using Synopsys' proprietary commands.
24   Trial Tr. at 1661:23-1662:16. Indeed, during his deposition (which was played at trial), Mr. Gillen
25   expressed that he did not consult Real Intent's reference manuals and was not sure of the specific
26   commands supported by Real Intent. (ECF No. 747-1 at 40:18-24, 229:23-230:1, 231:2-6). Third,
27   Mr. Gillen testified that in order to learn whether a particular command was proprietary to Synopsys,
28

he would have needed to consult with someone in the EDA Group at Synopsys. Trial Tr. 1662:18-25.

Real Intent presented no evidence to rebut any of the above testimony. In view of the trial record, Real Intent essentially asks the jury to find that it would have been reasonable for Mr. Gillen and the Solutions Group to (1) spot certain commands in the Real Intent manuals and surmise that they might be proprietary to Synopsys, (2) infer that Real Intent might not be authorized to use those commands in its products, (3) inquire about the nature of the commands with someone from a completely separate division of Synopsys, and then (4) report the unauthorized use to Synopsys' legal department. The jury was not presented with a legally sufficient basis—or any basis, for that matter—to find that such efforts would have been the sort of "reasonable care to prevent an unwarranted piling up of damages" that is required to support the failure-to-mitigate defense, particularly in light of the totality of evidence and testimony presented at trial regarding the Solutions Group's activities. *See MAG Aerospace*, 2022 WL 18278630, at *3.

Accordingly, the Court should enter judgment as a matter of law in favor of Synopsys on Real Intent's failure-to-mitigate defense.

## B. Deductions from Unjust Enrichment Damages

On the issue of unjust enrichment damages relating to access and use of DesignWare, Real Intent bears the burden of proving, by a preponderance of the evidence, that any portion of the value it obtained from its breach is not attributable to Synopsys' DesignWare Library. As the parties' proposed jury instructions indicate, the jury must determine the amount of benefit that Real Intent obtained due to the breach of contract, and then "subtract from that amount the value of any benefit Real Intent has proven by a preponderance of the evidence is not attributable to Synopsys'[] DesignWare Library." ECF No. 757 at 19; *see also Bladeroom Grp. v. Emerson Elec. Co.*, No. 15-cv-1370, ECF. No. 827-1 at 43 (N.D. Cal. May 7, 2018); ECF No. 759 at 19.

Real Intent has presented no evidence of any value that should be subtracted from the benefit that it obtained by accessing and using Synopsys' DesignWare models. Curiously, Real Intent's damages expert (Ms. Bennis) criticized Synopsys' damages expert (Mr. Napper) for not considering any such items in his calculation of proposed damages. Trial Tr. 1587:13-24. However, neither she

nor any other Real Intent witness actually presented any examples of items that should be subtracted from Mr. Napper's calculation of damages.

For that reason, Synopsys asks the Court to conclude that Real Intent has failed to meet its burden with respect to "any benefit" that "is not attributable to Synopsys'[] DesignWare Library." *See* ECF No. 757 at 19. Synopsys further requests that any proposed jury instructions to that effect be omitted from the final instructions given to the jury.

## IV.   CONCLUSION

For the reasons set forth above, Synopsys respectfully requests that judgment as a matter of law be granted under Rule 50(a) on (1) Real Intent's failure-to-mitigate defense and (2) any subtractions from the amount by which Real Intent was enriched due to its breach of contract related to DesignWare.

Dated: October 24, 2024

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

By:  /s/ *Krista Schwartz*
Krista Schwartz
Barrington Dyer
Joshua D. Anderson
Stephen Henrick
Alex Rhim
Jacob Karim
Christopher J. Lee
Shaimaa M. Hussein *(Pro Hac Vice)*
Devon W. Edwards *(Pro Hac Vice)*
Dane Sowers *(Pro Hac Vice)*
Attorneys for Plaintiff
SYNOPSYS, INC.