UNITED STATES DISTRICT

NORTHEN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYNOPSYS, INC.,

              Plaintiff,

    v.

REAL INTENT, INC.,

              Defendant.

Case No. 5:20-cv-02819-EJD

**FINAL JURY INSTRUCTIONS**

DATED:  October 25, 2024

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

**INSTRUCTION NO. 1**

**DUTIES OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Copies of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**<u>INSTRUCTION NO. 2</u>**

**<u>WHAT IS EVIDENCE</u>**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

2

### INSTRUCTION NO. 3

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

## INSTRUCTION NO. 4

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

1.  The opportunity and ability of the witness to see or hear or know the things testified to;

2.  The witness's memory;

3.  The witness's manner while testifying;

4.  The witness's interest in the outcome of the case, if any;

5.  The witness's bias or prejudice, if any;

6.  Whether other evidence contradicted the witness's testimony;

7.  The reasonableness of the witness's testimony in light of all the evidence; and

8.  Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

**INSTRUCTION NO. 6**

2

**EXPERT OPINION**

3        You have heard testimony from witnesses who testified about their opinions and the

4   reasons for those opinions. This opinion testimony is allowed, because of the specialized

5   knowledge, skill, experience, training, or education of these witnesses.

6        Such opinion testimony should be judged like any other testimony. You may accept it or

7   reject it and give it as much weight as you think it deserves, considering the witnesses' specialized

8   knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the

9   other evidence in the case.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 7**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

# INSTRUCTION NO. 8

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### **INSTRUCTION NO. 9**

### **USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 10**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 11

## SUMMARY OF ISSUES

This is a case involving breach of contract. Synopsys and Real Intent entered into the following contracts:

- in-Sync License and Cooperative Agreement (effective April 10, 2013)
- in-Sync License and Cooperative Agreement (effective April 4, 2014)
- in-Sync License and Cooperative Agreement (effective March 26, 2015)
- in-Sync License and Cooperative Agreement (effective March 10, 2016)
- Synopsys Loan Agreement (effective April 5, 2017)

Synopsys claims that Real Intent's breach of these contracts caused harm to Synopsys for which Real Intent should pay money damages. Real Intent denies that any breach of these contracts caused harm to Synopsys. Real Intent also claims that Synopsys failed to mitigate the harm allegedly caused by Real Intent's breach of these contracts.

Synopsys asserts that it has been harmed by Real Intent's copying of certain computer commands/options and attributes, with syntax. There is no dispute that after the first contract was signed in April 2013, Real Intent copied six commands and associated options with syntax from a Synopsys product called "Design Vision" that was provided under the contracts.

The parties dispute, however, whether any other commands/options and attributes, with syntax, were copied from Design Vision after April 2013. Synopsys has the burden of proving by a preponderance of the evidence that Real Intent copied these other commands/options, or attributes, with syntax, from Design Vision after April 2013.

Any copying prior to April 2013 (regardless of the source), and any copying from any source other than Design Vision, including from other Synopsys products (regardless of the time), does not breach the parties' contracts and cannot be considered as a basis for Synopsys' alleged harm. Synopsys also has the burden of proving by a preponderance of the evidence that it has been harmed by any breach of contract. Real Intent denies that it copied any additional commands/options and attributes, with syntax, from Design Vision after April 2013, and denies that Synopsys has been harmed by any breach of contract.

Real Intent further asserts as an affirmative defense that Synopsys' claims are barred because Synopsys failed to mitigate damages. Real Intent has the burden of proving by a preponderance of the evidence the affirmative defense of mitigation.

Synopsys also asserts that it has been harmed by Real Intent's use and access of certain Synopsys software called DesignWare. There is no dispute that Real Intent used and accessed DesignWare. Synopsys has the burden of proving by a preponderance of the evidence damages from Real Intent's use and access of DesignWare. Real Intent denies that there are any damages.

**INSTRUCTION NO. 12**

**BREACH OF CONTRACT—DAMAGES FOR COPYING COMMAND/OPTIONS, AND**

**ATTRIBUTES, WITH SYNTAX FROM DESIGN VISION**

Synopsys claims that it was harmed because Real Intent breached Section 3.2 of the in-Sync Agreements and Section 2.3 of the Synopsys Loan Agreement by copying commands/options, and attributes, with syntax, from Design Vision into its own products after April 2013.

If you find that this breach caused harm to Synopsys, you must decide how much money will reasonably compensate Synopsys for the harm caused by the breach of contract. This compensation is called "damages." The purpose of damages is to put Synopsys in as good a position as it would have been if Real Intent had performed as promised.

Synopsys also must prove Real Intent's breach was a substantial factor in bringing about the claimed damages. To recover damages for any harm, Synopsys must prove that when the in-Sync Agreements or the Synopsys Loan Agreement was signed, Real Intent knew or could reasonably have foreseen that the claimed harm was likely to occur in the ordinary course of events as a result of the breach of the contracts. Synopsys must also prove that it is reasonably certain that Synopsys would have earned profits but for Real Intent's breach of the contract.

To decide the amount of damages, if any, for lost profits, you must determine the gross, or total, amount Synopsys would have received if the contract had been performed and then subtract from that amount the costs Synopsys would have had if the contract had been performed. Synopsys does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## INSTRUCTION NO. 13

## BREACH OF CONTRACT—COPYING

The contract terms at issue relate only to Design Vision.  Your determination of the harm resulting from Real Intent's breach should be limited to commands/options, and attributes, with syntax, copied from Design Vision after April 2013.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 14**

**BREACH OF CONTRACT—COMMAND SETS NOT IN DISPUTE**

In determining whether Synopsys was harmed by any breach of contract caused by the copying of commands/options and attributes, with syntax from Synopsys, you may only consider commands/options and attributes, with syntax that were copied from Design Vision after April 10, 2013, and that are identified in two lists that you will be given.

The first list is the "Undisputed Commands/Options," which lists six commands and associated options, with syntax. As to this list, there is no dispute that Real Intent copied the commands/options from the Design Vision product after the first in-Sync Agreement was signed in April 2013. The second list is the "Disputed Commands/Options and Attributes." These are commands/options and attributes, with syntax, for which the parties dispute whether Real Intent copied them from Design Vision after April 2013.

In determining whether Synopsys was harmed by any breach of contract, you may not consider any commands/options and attributes, with syntax, outside of these two lists. You may not consider commands/options and attributes, with syntax that were copied or incorporated from sources other than Design Vision (regardless of the time); or copied or incorporated before April 2013 (regardless of the source). Real Intent's copying or incorporation of commands/options and attributes, with syntax from sources other than Design Vision, including from other Synopsys tools (regardless of the time), or before April 2013 (regardless of the source), is not prohibited by the provisions of the in-Sync Agreements and Synopsys Loan Agreement at issue in this case and cannot be considered as a basis of Synopsys' alleged harm in this case.

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 15**

**BREACH OF CONTRACT—USE OF DESIGN VISION NOT IN DISPUTE**

Real Intent's use of Design Vision for purposes other than copying commands/options and attributes, with syntax, is not prohibited by the provisions of the in-Sync Agreements and the Synopsys Loan Agreement at issue and is not a basis, standing alone, to find harm.

**INSTRUCTION NO. 16**

**DAMAGES—USE OF DESIGNWARE**

Synopsys also claims damages because Real Intent breached Section 5.1 of the in-Sync Agreements and the Synopsys Loan Agreement by using and accessing the DesignWare Library.

Synopsys seeks to recover from Real Intent an amount of money representative of Real Intent's research-and-development costs allegedly saved as a result of Real Intent's use of and access to DesignWare models. Synopsys has the burden of proving by a preponderance of the evidence the amount that Real Intent saved by using and accessing the DesignWare models.

To decide the amount of any unjust enrichment, first determine the value of Real Intent's benefit that would not have been obtained except for its access and use of DesignWare models. Then subtract from that the reasonable expenses, including the value of Real Intent's labor or materials, or the value of any benefit Real Intent has proven by a preponderance of the evidence is not attributable to Synopsys' DesignWare Library.

In calculating the amount of any unjust enrichment, do not include in your calculation any amount you took into account in determining Synopsys' claim for lost profits.

## INSTRUCTION NO. 17

## BREACH OF CONTRACT—NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find that Synopsys has failed to prove lost profits with reasonable certainty as explained in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### INSTRUCTION NO. 18

### BREACH OF CONTRACT—MITIGATION OF DAMAGES

Real Intent has the burden of proving the affirmative defense of mitigation by a preponderance of the evidence. Synopsys is not entitled to recover damages for harm that Real Intent proves Synopsys could have avoided with reasonable efforts or expenditures.  You should consider the reasonableness of Synopsys' efforts in light of the circumstances facing it at the time, including Synopsys' ability to make the efforts or expenditures without undue risk or hardship.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 19</u>

## <u>BREACH OF CONTRACT—ANY DAMAGES MUST BE REASONABLE</u>

If you decide that a breach of contract by Real Intent caused harm to Synopsys, any amount of damages you award to Synopsys must be reasonable. A damages award cannot be grossly oppressive to Real Intent or disproportionate to the harm any breach caused Synopsys.

**INSTRUCTION NO. 20**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 21**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy

22

of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

## INSTRUCTION NO. 22

## COMMUNICATIONS WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 23**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your presiding juror or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

United States District Court
Northern District of California

## INSTRUCTION NO. 24

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

United States District Court
Northern District of California