KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
REID P. MULLEN - # 270671
rmullen@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
CODY GRAY - # 310525
cgray@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
THERESA M. DAWSON - *pro hac vice*
tdawson@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
BILAL MALIK - # 318767
bmalik@keker.com
CATHERINE C. PORTO - #331168
cporto@keker.com
ELIZABETH A. HECKMANN - #347059
eheckmann@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

Attorneys for Defendant
REAL INTENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>REAL INTENT, INC.,<br><br>　　　　　　Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**REAL INTENT, INC.'S RESPONSE TO SYNOPSYS, INC.'S STATEMENT REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF 804]**<br><br>Judge:　　Hon. Edward J. Davila<br><br>Date Filed:　April 23, 2020<br><br>Trial Date:　October 15, 2024 |

1  Pursuant to Local Rule 79-5(f)(4), Defendant Real Intent, Inc. respectfully submits this
2  response to Plaintiff Synopsys, Inc.'s Statement Regarding Administrative Motion to Consider
3  Whether Another Party's Material Should Be Sealed ("Statement"). *See* ECF 804.

4  Synopsys' Statement seeks to seal the specific amount of its lost-profits request, which is
5  referenced in Real Intent's Motion for Judgment as a Matter of Law. *See* ECF 804-1 (proposing
6  redactions). The amount of Synopsys' damages request, which Synopsys stated numerous times
7  in open court, is not Synopsys' confidential information in the first place, and even if it were
8  "confidential," Synopsys cannot overcome the "strong presumption" of public access and show
9  that "compelling reasons" justify sealing this information from public view after a two-week jury
10 trial that was open to the public. *Kamakana v. City & Cty of Honolulu*, 447 F.3d 1172, 1178-79
11 (9th Cir. 2006); *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2017 WL 840379, at *1 (N.D. Cal. Mar.
12 3, 2017) (the "compelling reasons" standard applies when "a party seek[s] to seal evidence at
13 trial"). Synopsys' request to seal the amount of its lost-profits demand—which the jury roundly
14 rejected—should be denied.[1]

15 There is nothing confidential or sensitive about Synopsys' lost-profits demand, which
16 Synopsys' counsel and damages expert repeated in open court and which was the central focus of
17 this two-week jury trial. To begin with, Synopsys' attorney stated the amount of Synopsys' lost-
18 profits request during opening and closing statements. Trial Tr. (Oct. 16, 2024) at 342:9-10; *id.* at
19 1711:16-17. Synopsys counsel and its damage expert Brian Napper referenced the amount of
20 Synopsys' lost-profits demand on numerous occasions during his examination. *See id.* Trial Tr.
21 (Oct. 22, 2024) at 1061:24-25 (Mr. Napper testifying about the alleged amount of lost profits); *id.*
22 at 1079:11-13 (Synopsys' attorney asking Mr. Napper about the specific amount of alleged lost
23 profits); *id.* at 1081:13-14 (Mr. Napper repeating the amount of alleged lost profits); *id.* at
24 1112:16 (same); *id.* at 1122:15-16 (Synopsys' attorney stating the amount of alleged lost profits).
25 Indeed, Synopsys' lost-profits demand was the core issue that Synopsys itself put in dispute in

---

[1] Real Intent's response only addresses Synopsys' request to seal the amount of its lost-profits demand in Real Intent's Motion for Judgment as a Matter of Law.

this public trial and which went "to the heart" of its case. *DIRECTV*, 2017 WL 840379, at *3 (denying request to seal because the documents at issue "go to the heart of the contested liability and restitution issues to be resolved by the Court"). Accordingly, the public has a strong interest in knowing the amount of Synopsys' demand, so its request to seal should be denied.[2] *See Kamakana*, 447 F.3d at 1179 ("[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." (internal quotation marks omitted)).

The declaration that Synopsys submitted in support of its sealing request only confirms that Synopsys does not and cannot meet the "compelling reasons" standard. *See* ECF 803. The declaration states in generic terms that Real Intent's motion "refers to commercially sensitive financial information based on Synopsys' revenue and sales." *Id.* at 2. But Synopsys' made-for-litigation damages demand is not "based on Synopsys' revenues and sales," nor does the demand reveal anything commercially sensitive about those revenues and sales. As Synopsys stated at trial, its lost-profits demand was based on "a number of sales by **Real Intent**" and was "**not** based on sales that [Synopsys] made." Trial Tr. (Oct. 17, 2024) at 618:12, 16 (emphases added). Thus, the disclosure of Synopsys' lost-profits demand reveals nothing about Synopsys' sales or its profit margins. In any event, as discussed above, the purported commercial sensitivity of Synopsys' lost-profits demand is belied by the fact that Synopsys repeated it in open court in front of the jury.

In sum, Synopsys has failed to explain "how a competitor would use" its rejected lost-profits demand "to obtain an unfair advantage," which is fatal to its request to seal its lost-profits request. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 12976921, at *2

---

[2] By contrast, the "balancing test" for information provided by "non-litigants" may warrant sealing, "especially if the non-litigants are not involved in the litigation and their sensitive and confidential information has been involuntarily provided pursuant to subpoena." *Saint Alphonsus Med. Ctr—Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2014 WL 3101716, at *1 (D. Idaho July 3, 2014), *on reconsideration in part*, 2015 WL 632311 (D. Idaho Feb. 13, 2015).

(N.D. Cal. Mar. 31, 2015) (internal quotation marks omitted); *see also Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (party failed to show "compelling reasons to seal . . . the alleged damages base"). For all these reasons, Real Intent respectfully requests that the Court deny Synopsys' request to seal the following portions of Real Intent's Motion for Judgment as a Matter of Law, all of which reference the amount of Synopsys' lost-profits demand:

- Page 1, line 5-6;
- Page 2, lines 8 & 17;
- Page 3, lines 8, 16, 19, & 26;
- Page 5, lines 3 & 7-8;
- Page 6, line 7;
- Page 7, lines 3-4 & 13;
- Page 8, lines 8, 14, & 28;
- Page 10, lines 4, 7, 21, & 28; and
- Page 15, line 7.

Dated: November 4, 2024

KEKER, VAN NEST & PETERS LLP

By: */s/ Victor Chiu*
ROBERT A. VAN NEST
REID P. MULLEN
RYAN K. WONG
CODY GRAY
KRISTIN HUCEK
THERESA M. DAWSON
VICTOR CHIU
BILAL MALIK
CATHERINE C. PORTO
ELIZABETH A. HECKMANN

Attorneys for Defendant
REAL INTENT, INC.