**WILLKIE FARR & GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
  kschwartz@willkie.com
Barrington Dyer (Bar No. 264762)
  bdyer@willkie.com
Joshua D. Anderson (Bar No. 312836)
  jdanderson@willkie.com
Stephen Henrick (Bar No. 310539)
  shenrick@willkie.com
Alex Rhim (Bar No. 333508)
  arhim@willkie.com
Jacob Karim (Bar No. 340376)
  jkarim@willkie.com
Christopher J. Lee (Bar No. 342055)
  clee3@willkie.com
Shaimaa M. Hussein (*Pro Hac Vice*)
  shussein@willkie.com
Devon W. Edwards *(Pro Hac Vice)*
  dedwards@willkie.com
Dane Sowers (*Pro Hac Vice*)
  dsowers@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Plaintiff
SYNOPSYS, INC.

**KEKER, VAN NEST & PETERS LLP**
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
REID P. MULLEN - # 270671
rmullen@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
CODY GRAY - # 310525
cgray@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
THERESA M. DAWSON - *pro hac vice*
tdawson@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
BILAL MALIK - # 318767
bmalik@keker.com
CATHERINE C. PORTO - #331168
cporto@keker.com
ELIZABETH A. HECKMANN - #347059
eheckmann@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
REAL INTENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>REAL INTENT, INC.<br><br>　　　　　　　Defendant. | Case No. 5:20-cv-02819-EJD (SvK)<br><br>**JOINT POST-TRIAL CONFERENCE STATEMENT**<br><br>Date:　　　11/7/2024<br>Time:　　　9:00 a.m.<br>Ctrm.:　　　4, 5th Floor – San Jose<br>Judge:　　　Edward J. Davila<br><br>Complaint Filed: 4/23/2020<br>Trial Date:　　　10/15/2024 |

Plaintiff Synopsys, Inc. ("Synopsys") and Defendant Real Intent, Inc. ("Real Intent") respectfully submit this joint status conference statement in advance of the November 7, 2024 status conference.

**I.     PROPOSED BRIEFING SCHEDULE FOR POST-TRIAL MOTIONS**

On October 29, 2024, following dismissal of the jury, counsel for Synopsys and Real Intent previewed for the Court the post-trial motions that each party intends to file. As of the filing of this joint statement, Synopsys intends to file: (1) a motion for permanent injunction; (2) a motion for attorney's fees (per contract); (3) a Rule 50(b)/59 motion; and (4) a bill of costs. Real Intent intends to file: (1) proposed findings of fact and conclusions of law for its equitable estoppel defense pursuant to Rule 52; (2) a Rule 50(b) motion for renewed judgment as a matter of law; and (3) a motion for attorney's fees under the Copyright Act. The parties reserve all rights with respect to additional relief that may be sought under the Federal Rules of Civil Procedure and the Civil Local Rules of the Northern District of California.

As outlined below, the subject of the parties' disagreement is the post-trial briefing schedule. In an attempt to resolve this dispute in good faith, the parties have met and conferred and exchanged email correspondences in the days following entry of the jury verdict. In advance of the November 7, 2024 status conference, the parties hereby submit the following statements in support of their positions with respect to scheduling:

**Synopsys' Position**

In the interest of promoting judicial efficiency and fully preserving Synopsys' rights to pursue relief for Real Intent's harm, Synopsys seeks a streamlined briefing schedule that permits the concurrent briefing of all parties' motions that must be resolved prior to entry of judgment. This would result in an expeditious resolution to the litigation and prevent the waste of judicial resources while ensuring the trial record remains fresh in the minds of the Court and the parties. Real Intent's proposal should be rejected because it would result in needless delay of Synopsys' permanent injunction and attorney's fees motions, causing ongoing harm to Synopsys. It would also inexplicably deny Synopsys the opportunity to file a responsive opposition to Real Intent's findings

of fact and conclusions of law for its equitable estoppel defense. Accordingly, Synopsys proposes the following schedule for the parties' post-trial briefing:

| Post-Trial Briefing | Deadline |
| --- | --- |
| Opening briefs due for:<br>(1) Synopsys' permanent injunction motion;<br>(2) Real Intent's Rule 52 motion; and<br>(3) Synopsys' attorney's fees motion | November 22, 2024 |
| Opposition briefs due | December 13, 2024 |
| Reply briefs due | December 23, 2024 |
| Hearing date | To be held at the Court's earliest convenience in January 2025 |
| Bills of costs due | 14 days following entry of judgment of the Court on permanent injunction and Rule 52 motions, pursuant to Civil Local Rule 54-1(a) |
| Rule 50(b)/59 motions due | 28 days following entry of judgment of the Court on permanent injunction and Rule 52 motions, pursuant to Rule 50(b) |

Synopsys' proposal to schedule concurrent briefing of (1) Synopsys' permanent injunction motion, (2) Real Intent's Rule 52 motion, and (3) Synopsys' motion for attorney's fees would ensure that the trial record is complete for purposes of appeal and that the parties will have exhausted all avenues for relief by the time they submit their Rule 50(b)/59 motions. Real Intent's proposal, on the other hand, seeks to suspend the briefing of Synopsys' motion for permanent injunction indefinitely, preventing Synopsys from pursuing injunctive relief until after judgment is entered on Real Intent's equitable estoppel defense.

Such a prolonged delay would unfairly prejudice Synopsys by permitting Real Intent to continue its pattern of harm against Synopsys unfettered. Given the jury's recent finding that Real Intent's conduct has caused harm to Synopsys, as well as Dr. Prakash Narain's admission under oath that Real Intent's products continue to support the Synopsys commands, options, and attributes at issue, Synopsys is entitled to seek immediate relief enjoining Real Intent from its ongoing use of

Synopsys' commands, options, and attributes to the competitive detriment of Synopsys. The reason behind Real Intent's dilatory strategy is clear: by dragging out the resolution of Synopsys' permanent injunction motion, Real Intent can continue selling its products while unlawfully exploiting Synopsys' intellectual property, notwithstanding the Court's finding of breach of contract and the jury's finding of harm. Any efficiencies that Real Intent contemplates from the adoption of its proposal would require presupposing that the Court will somehow displace these findings of breach by Real Intent and harm to Synopsys.

The Court should not adopt Real Intent's schedule because it contemplates the ***simultaneous*** filing of the parties' briefing on Real Intent's equitable estoppel defense, effectively denying all opportunity for Synopsys to file a responsive opposition to Real Intent's arguments on a case-dispositive issue. Meanwhile, Real Intent insists that it "needs" as much as ***six weeks*** to file an opposition to Synopsys' permanent injunction motion. Real Intent's claim that Synopsys' schedule "prejudices Real Intent's ability to respond to Synopsys' motions" thus rings hollow. Real Intent cannot complain, on one hand, that three weeks' time is "short notice" for it to respond to "important motions" like Synopsys's motion for permanent injunction, while, on the other hand, offering no opportunity for Synopsys to file a responsive opposition to Real Intent's equitable estoppel defense. Moreover, from an efficiency standpoint, Synopsys' proposal to brief the parties' motions in parallel would expedite the proceedings and prevent the wasting of judicial resources. It is Real Intent's schedule that would introduce needless inefficiency by prolonging deadlines and delaying Synopsys its right to timely move for injunctive relief and attorney's fees as provided for by the parties' contracts.

At bottom, Real Intent's schedule becomes unworkable in the event that the Court denies Real Intent's equitable estoppel defense. As Real Intent contemplates, after the parties simultaneously submit briefing on the equitable estoppel defense by November 22, the Court would need to rule on the defense ***within two weeks*** of receiving the papers, at which point the parties must then brief the Rule 50(b)/59 motions by December 6—weeks before they are due under the Federal Rules. Such a schedule would exert unnecessary pressure on the Court and the parties alike. Tellingly, Real Intent has offered no basis for objecting to Synopsys' more efficient proposal to

have the parties concurrently brief the permanent injunction and equitable estoppel issues. Nor does Real Intent articulate any reason for Synopsys to delay filing its permanent injunction motion. Unlike the parties' Rule 50(b)/59 motions, whose deadlines are triggered following entry of judgment, the Federal Rules place no such restriction on Synopsys' permanent injunction motion.

Synopsys' proposal to have the parties' opening, opposition, and reply briefs due simultaneously therefore ensures that the disputed issues are resolved prior to entry of judgment without unfair prejudice to either party. By insisting that Synopsys' schedule "forces the parties to file reply briefs the day before Christmas Eve," Real Intent admits not only that both parties would be similarly positioned under the schedule but also that Synopsys would need to file two reply briefs (in support of the permanent injunction motion and attorney's fees motion) to Real Intent's one (in support of the equitable estoppel motion).

Real Intent's proposal is also inconsistent with the common practice of district courts in the Ninth Circuit. *See, e.g.*, *EcoServices, LLC v. Certified Aviation Servs., LLC*, No. CV 16-01824-RSWL-SPx, 2019 WL 11583148, at *2 (C.D. Cal. May 7, 2019) (showing that Plaintiff filed its motion for permanent injunction and motion for attorney's fees and Defendant filed its Rule 52 motions **on the same day**, and that the Rule 50(b) motion at issue was filed **after** judgment was issued on the permanent injunction and the Rule 52 motions); *DMF, Inc. v. AMP Plus, Inc.*, No. 2:18-cv-07090-CAS-GJSx, 2024 WL 4003513, at *2–3 (C.D. Cal. Aug. 29, 2024) ("The parties agree that the Court must decide the [permanent] injunction motion **before** entering final judgment…. Accordingly, the Court defers entering final judgment pending resolution of the injunction motion."). In order for the Court to enter judgment in this litigation, it must first rule on Synopsys' motion for permanent injunction, the outcome of which would affect the substance of the parties' Rule 50(b)/59 motions. Synopsys' proposal provides that all avenues for relief will have been pursued and ruled on by the time the Rule 50(b)/59 motions are briefed.

Finally, Real Intent's proposal is ill-considered because it heightens the risk that Synopsys' motion for attorney's fees would not be timely accounted for in the trial record by the time Synopsys files its notice of appeal. Synopsys has 30 days after entry of judgment to file its notice of appeal pursuant to Rule 4(a)(1)(A). To avoid such risk and ensure that Synopsys may fully preserve its

right to appeal, Synopsys seeks submission and completion of the parties' briefing on all contractually-provided-attorney fees prior to entry of judgment. Real Intent's proposal, to its sole benefit, forecasts that the Court would enter judgment following the briefing and resolution of Real Intent's Rule 52 motion for equitable estoppel, *after which* the parties would commence briefing their Rule 50(b)/59 motions and Synopsys' permanent injunction motion, and then wait for the Court to resolve these motions and enter judgment. As Real Intent contemplates it, only *after* these steps are completed would Synopsys have the opportunity to submit its motion for attorney's fees, all but ensuring that the question of attorney's fees would remain unresolved before Synopsys files its notice of appeal.

**Real Intent's Position**

There are several significant issues left to be resolved in this case, and Real Intent should receive adequate time to address those issues. Synopsys' proposed schedule would significantly prejudice Real Intent by forcing it to respond to Synopsys' request for attorney's fees and an injunction on three-weeks' notice, one of which is the Thanksgiving holiday week.

There is no reason for such a compressed briefing schedule on these important issues. The jury reached its verdict eight days ago. This case has been pending since 2020, and at no point did Synopsys seek preliminary injunctive relief. Synopsys' assertion of significant ongoing harm is belied both by the jury verdict, which awarded Synopsys a tiny fraction of what it sought at trial, and by the procedural history of this case. Given the importance of the post-trial issues left to be resolved, Real Intent respectfully requests that the Court order the briefing schedule proposed below, which provides *both* parties adequate time to draft and respond to the post-trial motions that will be filed, accounts for limited availability during the upcoming holidays, and allows the Court time to carefully consider and rule on these motions. Real Intent's schedule also avoids the needless inefficiencies and waste that is built into Synopsys' schedule. Real Intent proposes:

/ / /

/ / /

/ / /

/ / /

| Event | Deadline |
|---|---|
| Real Intent's proposed findings of fact and conclusions of law for Real Intent's equitable estoppel defense pursuant to Rule 52 | November 22, 2024 |
| Synopsys' proposed findings of fact and conclusions of law for Real Intent's equitable estoppel defense pursuant to Rule 52 | November 22, 2024[1] |
| Synopsys' motion for injunctive relief | December 6, 2024 |
| Any Rule 50(b)/Rule 59 motions | December 6, 2024 |
| Real Intent's opposition to Synopsys' motion for injunctive relief | January 20, 2025 |
| Oppositions to any Rule 50(b)/Rule 59 motions | January 20, 2025 |
| Reply briefs in support of any Rule 50(b)/Rule 59 motions | February 3, 2025 |
| Reply brief in support of Synopsys' motion for injunctive relief | February 3, 2025 |
| Hearing | At the Court's convenience to the extent that it wishes to hold a hearing on any post-trial briefs |
| Bills of costs due | 14 days following entry of judgment (pursuant to Civil L.R. 54-1(a)) |

---

[1] As discussed below, Real Intent does not object if Synopsys prefers to file a response to Real Intent's proposed findings of fact and conclusions of law rather than submit its own findings and conclusions under Rule 52.

| Briefing on attorneys' fees | To be determined after resolution of post-trial briefing |
|---|---|

Under Real Intent's proposal, the parties will complete briefing on Real Intent's equitable estoppel defense by November 22, just over three weeks after the jury verdict. To the extent Synopsys would prefer to respond to Real Intent's findings and conclusions rather than submit its own findings and conclusions under Rule 52, Real Intent does not object to that procedure. The parties would then proceed to other post-trial motions, including any renewed motions for judgment as a matter of law, as well as Synopsys' request for injunctive relief. Contrary to Synopsys' assertion above, Real Intent's proposed schedule does not require the Court to rule on the equitable estoppel defense prior to Synopsys filing its injunction briefing (or any other briefing). Whether that occurs is a matter for the Court. The parties agree that resolution of Real Intent's equitable estoppel defense is necessary before any judgment is entered.

Under Real Intent's proposal, briefing on all these issues would be completed by early 2025. There is nothing "dilatory" about this approach, as Synopsys argues above. It is an ordered and efficient way to resolve all remaining issues within a few months of the end of the jury trial phase of the case. There is no need to jam all post-trial briefing into the compressed schedule Synopsys proposes, and substantial reasons not to do so, as explained further below.

Moreover, both parties intend to move for attorneys' fees. That briefing should happen simultaneously and should happen *after* the Court resolves the other post-trial briefs because the Court's resolution of Real Intent's Rule 50(b) motion will impact the question of whether Synopsys is the "prevailing party" on the contract claim for purposes of its fee motion. As one example: the only contract claim that Synopsys presented at trial was that Real Intent copied commands from Design Vision after 2013. That claim—*i.e.*, the claim Synopsys elected to try—is preempted by the Copyright Act, as Real Intent's Rule 50(b) briefing will demonstrate. As Synopsys' counsel stated at trial, "It's all the same conduct. The conduct that is alleged for copyright is the same conduct that is alleged for breach of contract. It's the copying of the commands." Trial Tr. (Oct. 24, 2024) at 1627:12-15. A ruling for Real Intent on that issue would defeat the contract claim.

1  Synopsys' proposed schedule should be rejected because it prejudices Real Intent's ability
2  to respond to Synopsys' motions and introduces needless inefficiency. ***First***, it forces Real Intent to
3  respond to a motion for an injunction and an attorneys' fees motion in three weeks' time—one week
4  of which is the Thanksgiving holiday—and it forces the parties to file reply briefs the day before
5  Christmas Eve. There is no justification for giving Real Intent such short notice to respond to these
6  important motions. Whether and to what extent Synopsys is entitled to injunctive relief of any kind
7  is a significant issue in this case, and Real Intent needs adequate time to respond and oppose.
8  Synopsys provides no reasons for its refusal to agree to Real Intent's request for 45 days to oppose
9  Synopsys' request for injunction. There is none.

10  ***Second***, Synopsys' assertion that, under Real Intent's proposal, "attorney's fees would not
11 be timely accounted for in the trial record by the time Synopsys files its notice of appeal," is wrong.
12 Under Rule 58(e), a "timely motion for attorney's fees" allows the Court to extend the time to file
13 a notice of appeal. Fed. R. Civ. P. 58(e) ("[I]f a timely motion for attorney's fees is made under
14 Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to
15 order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a
16 timely motion under Rule 59."); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l*
17 *Union of Operating Engineers & Participating Emps.*, 571 U.S. 177, 187 (2014) (a timely attorney's
18 fees motion can "delay[] the running of the time to file an appeal until the entry of the order
19 disposing of the fee motion"). Thus, there is no need to brief attorneys' fees before resolution of
20 other motions, particularly where, as here, resolution of those motions may impact Synopsys' claim
21 for fees. *See K.J.P. v. Cty. of San Diego*, 2022 WL 2164699, at *1 (S.D. Cal. May 2, 2022) ("In
22 light of the pending post-trial motions, any motions for attorney's fees and costs will be due
23 following the resolution of the post-trial motions, absent further order from the Court.").

24  ***Third***, Synopsys' two cited cases do not require the briefing schedule that it proposes.
25 *EcoServices, LLC v. Certified Aviation Services, LLC* recited the procedural background of a patent
26 case and described the timeline in which a plaintiff moved for attorneys' fees and injunctive relief
27 after trial. 2019 WL 11583148, at *2. *EcoServices* in no way held that motions for preliminary
28 injunctions and attorneys' fees must be or should be filed on the same date, let alone ordered the

- 8 -

defendant to respond to them on a truncated schedule over the holidays. *DMF, Inc. v. AMP Plus, Inc.* also does not support Synopsys' proposal because the Court there "defer[red] entering final judgment pending resolution of the injunction motion." 2024 WL 4003513, at *3. Real Intent agrees that the issue of injunctive relief should be resolved before any final judgment is entered and has proposed a schedule that allows the issue of injunctive relief—and any Rule 50(b) issues that might affect a final judgment—to be fully briefed by early 2025.

## II. SEALING PROCEDURES

### Parties' Joint Position

In lieu of filing all admitted trial exhibits on the public docket within ten days of the jury verdict, the Court ordered the parties to "submit a list of those exhibits they contend should remain sealed" at the end of trial. Dkt. No. 687 ("For this case, the parties are not required to comply with Local Rule 5-1(g)."). Synopsys and Real Intent propose that the parties each submit administrative motions to file under seal pursuant to Civil Local Rules 79-5(c) and 7-11 within 75 days from the October 29, 2024 jury verdict date. With respect to the sealing of third-party-designated confidential information, within 75 days from the October 29, 2024 jury verdict date, the party who produced the exhibit containing the third-party-designated confidential information shall be responsible for filing an administrative motion to consider whether another party's material should be sealed, pursuant to Civil Local Rule 79-5(f). The parties propose that responses to any sealing motions and/or declarations should be filed within 45 days after the motion and/or declaration is filed.

Dated: November 6, 2024                    Respectfully Submitted,

                                                                WILLKIE FARR & GALLAGHER LLP

By: */s/ Krista Schwartz*
      Krista Schwartz
      Barrington Dyer
      Joshua D. Anderson
      Stephen Henrick
      Alex Rhim
      Jacob Karim
      Christopher J. Lee
      Shaimaa M. Hussein *(Pro Hac Vice)*
      Devon W. Edwards *(Pro Hac Vice)*

|   |   |
|---|---|
| | Dane Sowers *(Pro Hac Vice)* |
| | Attorneys for Plaintiff<br>SYNOPSYS, INC. |

Dated: November 6, 2024

                      KEKER, VAN NEST & PETERS LLP

By:   */s/ Reid P. Mullen*
       ROBERT A. VAN NEST
       REID P. MULLEN
       RYAN K. WONG
       CODY GRAY
       KRISTIN HUCEK
       THERESA M. DAWSON
       VICTOR CHIU
       BILAL MALIK
       CATHERINE C. PORTO
       ELIZABETH A. HECKMANN

Attorneys for Defendant
REAL INTENT, INC.

JOINT POST-TRIAL CONFERENCE STATEMENT
Case No. 5:20-cv-02819-EJD (SvK)

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: November 6, 2024          /s/ *Krista Schwartz*
                                 Krista Schwartz