1  James McDonell (Bar No. 115084)
   jmcdonell@jonesday.com
2  JONES DAY
   555 California St., 26th Floor
3  San Francisco, California 94104
   Telephone: +1.415.626.3939
4  Facsimile: +1.415.875.5700

5  Attorney for Non-party
   ANSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>REAL INTENT, INC.,<br><br>            Defendant. | Case No. 5:20-CV-02819 EJD (SvK)<br><br>**STATEMENT OF NON-PARTY ANSYS, INC. IN RESPONSE TO REAL INTENT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:       Hon. Edward J. Davila<br>Date Filed:  April 23, 2020<br>Trial Date:  October 8, 2024 |

Pursuant to Civil Local Rule 79-5(f), Non-Party Ansys, Inc. ("Ansys") respectfully submits this Statement in Response to Defendant Real Intent, Inc.'s ("Real Intent") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 861) ("Administrative Motion"). The Ansys information identified in the Administrative Motion is confidential and should remain under seal. The Court sealed the same confidential Ansys information during the summary judgment stage (ECF Nos. 270, 294, 346), and should do so again here for the reasons set forth below and as supported by the previously filed Declaration of Lee LaFrance ("LaFrance Decl.") (ECF No. 294-1).

The documents containing confidential Ansys information that should remain under seal include:

| Document | Portions of Document to Be Sealed | Non-Party Claiming Confidentiality |
|---|---|---|
| Declaration of Marc Levitt, Ph.D. in Support of Defendant Real Intent, Inc.'s Opposition to Plaintiff Synopsys, Inc.'s Motion for Permanent Injunction ("Levitt Declaration")<br><br>ECF No. 861-2 | All Ansys (CLK) information contained in "Command" and "Option" columns on pp. 17-18<br><br>All Ansys (CLK) information contained in "Object," "Attribute," and "Type" columns on p. 18 | Ansys, Inc. |
| Exhibit B to Levitt Declaration<br><br>ECF No. 861-3 | All Ansys (CLK) information contained in "Command" and "Option" columns on pp. 1-10<br><br>All Ansys (CLK) information contained in "Object," "Attribute," and "Type" columns on pp. 10-11 | Ansys, Inc. |

Sealing is appropriate when the party seeking to seal documents attached to a dispositive motion demonstrates "compelling reasons" that "outweigh the general history of access" to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). In other words, courts seal "confidential and commercially sensitive information" "to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598). This standard, notably, is "more lenient" in the context of non-parties to the litigation that "did not voluntarily put at issue [their confidential business] information." *DeMartini v. Microsoft Corp.*, 2023 WL

4205770, at *4, *6 (N.D. Cal. June 26, 2023); *see also, e.g.*, *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to "seal information that, if published, may harm . . . third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets").

District courts often grant motions to seal documents like those at issue here that contain confidential technical information about a company's product. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, 2019 WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing documents that "reveal[] the identification, organization, and/or operation of Cisco's proprietary products"); *Reyna v. Arris Int'l PLC*, 2018 WL 1400513, at *2-3 (N.D. Cal. Mar. 20, 2018) (sealing "technical information" about non-party Intel's "product development processes or systems"); *Space Data Corp. v. X*, 2017 WL 11503423, at *2 (N.D. Cal. May 1, 2017) (sealing documents containing "technical proprietary confidential information, including Space Data's trade secrets"); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (sealing "details regarding the technical operation of Proofpoint's products," such as "source code"); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (sealing "HP's confidential product development information").

Here, there are compelling reasons to seal the portions of documents identified in the chart above. Ansys is not a party to this litigation. Rather, in response to Real Intent's third-party subpoena, Ansys produced documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to, and in reliance on, the Court's Protective Order (ECF No. 37). LaFrance Decl. ¶ 3. These Ansys documents include two copyrighted reference manuals created by CLK Design Automation, Inc. ("CLK") that contain highly confidential, sensitive, and proprietary information regarding the technical details and functioning of Ansys's software products, research and development, and technical solutions. *Id.* ¶¶ 3, 8. Ansys acquired CLK in or about March 2017. *Id.* ¶ 2. The information in the manuals is not publicly available, and Ansys follows practices to protect the information and limit disclosure. *Id.* ¶ 9. Both manuals clearly reflect these protections, as they include prominent notices that they contain "confidential and

1  proprietary information" that cannot be used or transmitted without Ansys's prior written
2  permission or as "expressly provided" by a license agreement. *Id.* Ansys has used information in
3  the manuals, moreover, as a foundation for the development of later products and technologies. *Id.*
4  ¶ 10. The information contained in the reference manuals therefore remains the valuable
5  proprietary property of Ansys. *Id.* Disclosure would create a substantial risk of serious harm to
6  Ansys's ability to compete in the markets in which it operates, as it would allow competitors to
7  copy, misuse, or otherwise take advantage of Ansys's years of work in developing, marketing, and
8  selling its products. *Id.*

9  Accordingly, Non-Party Ansys requests that the Court maintain under seal the portions of
10  documents identified in the chart above, which refer to and quote from Ansys's confidential
11  manuals. This request is "narrowly tailored" to only the materials that quote Ansys's confidential
12  and proprietary technical information, and there is no "less restrictive alternative to sealing." *See*
13  LaFrance Decl. ¶ 11; Civ. L.R. 79-5(c). The disclosure of this technical information would harm
14  Ansys's "competitive standing"—a specific compelling reason for sealing that outweighs any
15  general public interest in access to judicial records. *See, e.g.*, *Elec. Arts, Inc.*, 298 F. App'x at 569.

16  For the foregoing reasons, Ansys respectfully requests that the Court grant Real Intent's
17  Administrative Motion.

19  Dated: January 17, 2025                    Respectfully submitted,

20                                             */s/ James McDonell*
                                               James McDonell (Bar No. 115084)
21                                             jmcdonell@jonesday.com
                                               JONES DAY
22                                             555 California St., 26th Floor
23                                             San Francisco, California 94104
                                               Telephone: +1.415.626.3939
24                                             Facsimile: +1.415.875.5700

25                                             Attorney for Non-party
26                                             ANSYS, INC.

STATEMENT OF ANSYS, INC. IN
RESPONSE TO REAL INTENT'S
ADMINISTRATIVE MOTION
CASE NO. 5:20-CV-02819 EJD