Kristin L. Cleveland (CA Bar No. 184639)
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
(503) 595-5300

Counsel for Respondents
SIEMENS INDUSTRY SOFTWARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REAL INTENT, INC., <br><br> Defendant. | Case No. 5:20-cv-02819-EJD (SvK) <br><br> **DECLARATION OF THOMAS L. EVANS IN SUPPORT OF SEALING THIRD PARTY SIEMENS INDUSTRY SOFTWARE INC.'S MATERIALS** |

I, Thomas L. Evans, declare and state as follows:

1. I am over the age of eighteen years, and I am not a party to this action.

2. I am Corporate Counsel for Siemens Industry Software Inc. ("Siemens"), and my business address is 8005 SW Boeckman Road, Wilsonville, Oregon 97070. I provide this declaration in support of Defendant, Real Intent, Inc's ("Real Intent") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 863). I have personal knowledge of the matters set forth below, and if called as a witness, I could and would testify competently to these matters.

3. I have been continuously employed by Siemens since it acquired Mentor Graphics in 2016. Prior to the acquisition, I was continuously employed by Mentor Graphics from 2007 up to the acquisition.

4. Pursuant to Local Rule 79-5(f)(3), I submit this declaration in connection with defendant Real Intent, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Siemens) (referred to as "Administrative Motion") (ECF No. 863). Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of documents produced in this litigation, and I could and would testify competently to them under oath if called as a witness. If called to testify as a witness, I could and would testify under oath to the facts I present in this declaration.

5. I understand that Real Intent filed its Administrative Motion because portions of its Opposition to Synopsys' Motion for Permanent Injunction (ECF No. 868) and supporting pleadings and exhibits contain information that Siemens has designated as "CONFIDENTIAL" under the Protective Order in this action. I am providing this declaration regarding Siemens's documents, which it produced in this case pursuant to a third party subpoena.

6. I understand that this statement must comply with Civil Local Rule 79-5(c)(l), which requires that this declaration provide:

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> (i) the legitimate private or public interest that warrant sealing;

- 1 -
DECLARATION OF THOMAS L. EVANS IN SUPPORT OF SEALING THIRD PARTY SIEMENS
INDUSTRY SOFTWARE INC.'S MATERIALS
Case No. 5:20-cv-02819-EJD (SvK)

Case 5:20-cv-02819-EJD   Document 886   Filed 01/17/25   Page 3 of 6

          (ii) the injury that will result if sealing is denied; and

          (iii) why a less restrictive alternative to sealing is not sufficient.

7. As here, "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex. rel. Estates of Byrd. v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

8. I have reviewed the Siemens information in the below identified documents, and they each contain Siemens's non-public information about its products that Siemens has continuously maintained as confidential and/or trade secret information. These Siemens products include Pinnacle, Pinnacle/Olympus-SoC, and Precision Synthesis. Sierra Design Automation, the company that created Pinnacle, was acquired by Mentor Graphics in 2007.

9. I understand that to determine whether to allow documents to be filed under seal under Ninth Circuit law when filed with a dispositive motion, as here, the "compelling reason" test applies. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Documents that meet the "compelling reasons" test include those that would "release trade secrets." *Id*. at 1179.

10. The sealing Siemens requests is narrowly tailored because these sealed exhibits contain Siemens's confidential business information and/or trade secrets. Because the relevant portions contain such information, the proposed sealing is narrowly tailored to preventing harm and/or disclosure of Siemens's confidential business information. There is no less-restrictive alternative to prevent competitive harm to Siemens.

11. The Subject Exhibits that Real Intent seeks to seal contain specific references to Siemens's proprietary products and materials detailing portions of Pinnacle, Pinnacle/Olympus-SoC, and Precision Synthesis software products, taken from software user manuals. User manuals are provided to customers subject to a confidentiality agreement. Disclosure of this confidential information would be harmful to Siemens because it could expose the operation of the software products to Siemens's competitors and make it easier for competitors to reverse engineer or otherwise use the confidential functionality. A failure to protect this information would impede

- 2 -
DECLARATION OF THOMAS L. EVANS IN SUPPORT OF SEALING THIRD PARTY SIEMENS
INDUSTRY SOFTWARE INC.'S MATERIALS
Case No. 5:20-cv-02819-EJD (SvK)

Siemens's ability to protect its intellectual property—something Siemens has a legitimate private interest in protecting. Thus, Siemens has a compelling interest in keeping such information under seal. *See, e.g., Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6092852, at *11 (N.D. Cal. Nov. 19, 2013) (granting a motion to seal as to a user guide containing technical information, finding the movant met the compelling reasons standard).

12. The documents or portions thereof sought to be sealed are listed in the chart below:

| | Document | Portion of the Document to be Sealed |
|---|---|---|
| 1 | Declaration Of Marc Levitt, Ph.D In Support Of Defendant Real Intent, Inc.'s Opposition To Plaintiff Synopsys, Inc.'s Motion For Permanent Injunction | The purple-highlighted materials at pages 24–25 and 28–29 (i.e., all text set forth in the "Command" and "Options" columns of the charts on pages 24–25 (para. xi) and 28–29 (para. xiv).) |
| 2 | Ex. B to Declaration of Marc Levitt ISO Opposition | All text highlighted in purple on pages 1–10, the text highlighted in yellow on pages 2, 3, and 9, as well as any text set forth in the "Command" and "Option" columns that correspond to a table row having this purple highlighted text, insofar as all third parties listed in the "Vendor Support" column designate such commands and option confidential (in other words, if all text in "Vendor Support" is ultimately sealed, so should be the corresponding text in the "Command" and "Option" columns). |

13. Each of Items 1 and 2 above recite a number of Siemens's confidential command sets and associated syntax that are found in various confidential user manuals. In particular, each of the commands and options listed are described in confidential Siemens documents provided only to Siemens licensed customers, including manuals and reference guides for the Pinnacle, Pinnacle/Olympus-SoC, and Precision Synthesis software products. Siemens produced these user manuals to Real Intent in response to a subpoena. When Siemens produced these documents, it designated them as CONFIDENTIAL pursuant to the terms of the Protective Order in this case. Siemens seeks to seal material excerpted from these documents, which are the selected redactions noted in Items 1 and 2.

14.     The Siemens manuals listed above are not made available to the general public and are only provided to Siemens's currently licensed customers. In the past, when Siemens's software was distributed on CD-ROM or DVD-ROM disks, the manuals were placed on those disks. With the advent of the Internet, Siemens makes these manuals available on a password protected support area of its website. Siemens only provides access to this portion of its support site to its customers. The general public cannot get access to the password protected portion of Siemens's support website.  In my experience, Mentor Graphics followed similar procedures when providing its manuals and software.

15.     The manuals Mentor Graphics supplied to its customers recite restrictions on their customers' ability to duplicate and distribute the manual, particularly limiting the customers' ability to distribute the manual externally. I provide two examples in this declaration.

The 2002-2003 Precision Synthesis Reference Manual states:

> Copyright © Mentor Graphics Corporation 2002-2003.
> All rights reserved.
>
> This document contains information that is proprietary to Mentor Graphics Corporation. The original recipient of this document may duplicate this document in whole or in part for internal business purposes only, provided that this entire notice appears in all copies. In duplicating any part of this document, the recipient agrees to make every reasonable effort to prevent the unauthorized use and distribution of the proprietary information.
>
> End-User License Agreement
> Trademark Information

SIEM-RI00004529.

Mentor's 2007 Pinnacle/Olympus-SoC User Manual states:

> © 2007 Mentor Graphics Corporation
> All rights reserved.
>
> This document contains information that is proprietary to Mentor Graphics Corporation. The original recipient of this document may duplicate this document in whole or in part for internal business purposes only, provided that this entire notice appears in all copies. In duplicating any part of this document, the recipient agrees to make every reasonable effort to prevent the unauthorized use and distribution of the proprietary information.

SIEM-RI00001494.

16. Based on my experience at Mentor Graphics and Siemens, user manuals and reference guides provided to customers contain similar statements and restrictions.

17. Siemens specifically identifies the contents of these manuals as its confidential information and trade secrets, and Siemens considers the commands and syntax listed in Items 1 and 2 to be its confidential trade secret information. As discussed, documents that meet the "compelling reasons" test include those that would "release trade secrets." *Kamakana*, 447 F.3d. at 1179. *See also* Fed. R. Civ. P. 26(c)(l)(G), which specifically notes that "trade secret or other confidential research, development, or commercial information" may remain subject to protection.

18. I understand that courts routinely grant motions to seal this type of information under the "compelling reasons" standard for sealing motions. *See*, *e.g.*, *In re Koninklijke Philips Pat. Litig.*, No. 18-cv-0 1885-HSG, 2020 WL 1865294, at *2 (N.D. Cal. Apr. 13, 2020) (holding that "information related to the technical product operation" is to be sealed).

19. In addition, information regarding the year in which such products containing these features were available is also contained in Items 1 and 2. Making such information publicly available could provide third parties contemplating intellectual property litigation against Siemens with legal advantages regarding dates of invention and the prior art status of Siemens tools, which would place Siemens at an unfair disadvantage in such litigation. Therefore, there is "good cause" and "compelling reason" to seal this information and grant Real Intent's narrowly tailored request, as supported by this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on January 17, 2025, in Wilsonville, Oregon.

Evans Thomas
Digitally signed by Evans Thomas
DN: cn=Evans Thomas, o=Siemens,
Date: 2025.01.17 17:22:14 -08'00'

Thomas L. Evans